THOMAS P. QUINN, JR. (SBN: 132268)
NOKES & QUINN
450 Ocean Avenue
Laguna Beach, CA 92651
Tel: (949) 376-3055
Fax: (949) 376-3070

Attorneys for Defendant EQUIFAX
INFORMATION SERVICES LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| MOHAMED ABOUELHASSAN, PRO SE,<br><br>  Plaintiff,<br><br>v.<br><br>CHASE BANK, EXPERIAN, EQUIFAX CREDIT INFORMATION SERVICES, INC., TRANSUNION, DOE 1, aka "B-Line," inclusive,<br><br>  Defendants. | Case No. 5:07-cv-03951 PVT<br><br>**EQUIFAX INFORMATION SERVICES LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT** |

COMES NOW Defendant EQUIFAX INFORMATION SERVICES LLC [sued and served herein as EQUIFAX CREDIT INFORMATION SERVICES, INC.] ("Equifax"), through its undersigned counsel, and for its answer and affirmative defenses to Plaintiff's Complaint, states as follows.

## ANSWER

1. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of Plaintiff's Complaint and therefore denies the same.

- 1 –

EQUIFAX'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT
Case No: 5:07-cv-03951 PVT

2. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of Plaintiff's Complaint.

3. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of Plaintiff's Complaint.

4. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of Plaintiff's Complaint.

5. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of Plaintiff's Complaint.

## **GENERAL ALLEGATIONS**

6. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of Plaintiff's Complaint.

7. Equifax denies the allegations contained in Paragraph 7 as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 7 of Plaintiff's Complaint.

8. Equifax denies the allegations contained in Paragraph 8 as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 8 of Plaintiff's Complaint.

## **FIRST CAUSE OF ACTION**
**(Libel Defamation and Professional Negligence-Against all Defendants)**

9. In response to Paragraph 9 of Plaintiff's Complaint, Equifax reasserts and realleges its responses and defenses as set forth above.

10. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of Plaintiff's Complaint.

11. Equifax denies the allegations contained in Paragraph 11 as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 11 of Plaintiff's Complaint.

NOKES & QUINN
450 Ocean Avenue
Laguna Beach, CA 92651
(949) 376-3055

12. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of Plaintiff's Complaint.

13. Equifax denies the allegations contained in Paragraph 13 as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 13 of Plaintiff's Complaint.

14. Equifax denies the allegations contained in Paragraph 14 as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 14 of Plaintiff's Complaint.

15. Equifax denies the allegations contained in Paragraph 15 as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 15 of Plaintiff's Complaint.

16. Equifax denies the allegations contained in Paragraph 16 as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 16 of Plaintiff's Complaint.

17. Equifax denies the allegations contained in Paragraph 17 as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 17 of Plaintiff's Complaint.

18. Equifax denies the allegations contained in Paragraph 18 as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 18 of Plaintiff's Complaint.

19. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of Plaintiff's Complaint.

20. Equifax denies the allegations contained in Paragraph 20 as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 20 of Plaintiff's Complaint.

21. Equifax denies the allegations contained in Paragraph 21 as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 21 of Plaintiff's Complaint.

NOKES & QUINN
450 Ocean Avenue
Laguna Beach, CA 92651
(949) 376-3055

EQUIFAX'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT
Case No: 5:07-cv-03951 PVT

22. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of Plaintiff's Complaint.

## REQUEST FOR RELIEF

23. Equifax denies that Plaintiff is entitled to any of the relief set for in his prayer for relief, including each and every subpart.

## AFFIRMATIVE DEFENSES

24. Without assuming the burden of proof where it otherwise rests with the Plaintiff, Equifax pleads the following defenses to Plaintiff's Complaint:

## FIRST AFFIRMATIVE DEFENSE

25. Plaintiff's Complaint fails to state a claim against Equifax upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

26. Plaintiff's damages, if any, were not caused by Equifax, but by another person or entity for whom or for which Equifax is not responsible.

## THIRD AFFIRMATIVE DEFENSE

27. Equifax maintained reasonable procedures to assure maximum possible accuracy in its credit reports.

## FOURTH AFFIRMATIVE DEFENSE

28. Equifax has complied with the provisions of the Fair Credit Reporting Act in its handling of Plaintiff's credit file, and is entitled to each and every defense afforded to it by that statute.

## FIFTH AFFIRMATIVE DEFENSE

29. Equifax asserts that some or all of Plaintiff's claims may be pre-empted by section 1681h(e) of the Fair Credit Reporting Act.

## SIXTH AFFIRMATIVE DEFENSE

30. Equifax has acted in good faith and without malice or intent to injure Plaintiff.

## SEVENTH AFFIRMATIVE DEFENSE

31. Plaintiff has not alleged any injury in fact.

NOKES & QUINN
450 Ocean Avenue
Laguna Beach, CA 92651
(949) 376-3055

EQUIFAX'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT
Case No: 5:07-cv-03951 PVT

**EIGHTH AFFIRMATIVE DEFENSE**

32. Plaintiff has not suffered any damages.

**NINTH AFFIRMATIVE DEFENSE**

33. Plaintiff's damages, if any, are caused by his own acts or omissions, or the acts or omissions of third parties other than Equifax.

**TENTH AFFIRMATIVE DEFENSE**

34. Plaintiff's claim for punitive damages is barred by the provisions of 15 U.S.C. §1681n.

**ELEVENTH AFFIRMATIVE DEFENSE**

35. Plaintiff's Complaint seeks the imposition of punitive damages. Equifax adopts by reference the defenses, criteria, limitations, standards and constitutional protections mandated or provided by the United States Supreme Court in the following cases: BMW v. Gore, 517 U.S. 559 (1996); Cooper Indus., Inc. v. Leatherman Tool Group, Inc., 532 U.S. 923 (2001) and State Farm v. Campbell, 538 U.S. 408 (2003).

**TWELFTH AFFIRMATIVE DEFENSE**

36. Plaintiff has failed to mitigate his damages.

**THIRTEENTH AFFIRMATIVE DEFENSE**

37. Equifax reserves the right to plead additional defenses that it learns of through the course of discovery.

**FOURTEENTH AFFIRMATIVE DEFENSE**

38. Equifax asserts that some or all of Plaintiff's claims are barred by qualified immunity.

**WHEREFORE,** having fully answered Plaintiff's Complaint, defendant Equifax Information Services LLC prays for judgment as follows:

(1) Plaintiff's Complaint be dismissed in its entirety and with prejudice, with costs taxed against plaintiff;

(2) That Equifax be dismissed as a party to this action;

- 5 –

NOKES & QUINN
450 Ocean Avenue
Laguna Beach, CA 92651
(949) 376-3055

EQUIFAX'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT
Case No: 5:07-cv-03951 PVT

1  (3) That Equifax recover from Plaintiff its expenses of litigation, including attorneys'
2  fees; and
3  (4) That Equifax recover such other and additional relief as the Court deems proper.

4                                                    NOKES & QUINN

6  Dated: August 3, 2007                               /s/
7                                                    THOMAS P. QUINN, JR.
                                                     Attorney for Defendant EQUIFAX
8                                                    INFORMATION SERVICES LLC

9  Of Counsel:

10 Stephanie Cope, Esq.
   Georgia Bar No: 214378
11 King & Spalding LLP
12 1180 Peachtree Street, N.E.
   Atlanta, GA 30309
13 Tel: (404) 572-4600
14 Fax: (404) 572-5100

NOKES & QUINN
450 Ocean Avenue
Laguna Beach, CA 92651
(949) 376-3055

- 6 –

EQUIFAX'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT
Case No: 5:07-cv-03951 PVT

# CERTIFICATE OF SERVICE

MOHAMED ABOUELHASSAN v CHASE BANK, et al, CASE NO: C07 03951 PVT

I, the undersigned, certify and declare that I am over the age of 18 years, employed in the County of Orange, State of California, and not a party to the above-entitled cause.

On August 3, 2007. I served a true copy of the

**EQUIFAX INFORMATION SERVICES LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT**

[ X ]   By depositing it in the United States Mail in a sealed envelope with the postage thereon fully prepaid to the following:

> Mohamed Abouelhassan, Pro Se
> 805 Borden Rae Court
> San Jose, CA 95117
> Tel: (510) 501-1800
> Fax: (408) 615-1818
> Email: alslanguage@gmail.com

**[ X ]   VIA EMAIL:**   George G. Weickhardt, Esq.
Ropers Majeski Kohn & Bentley
201 Spear Street, Suite 1000
San Francisco, CA 94105
Tel: 415-543-4800 — Fax: Fax: 415-972-6301
Email: gweickhardt@ropers.com
Attorneys for Defendant Chase Bank

**[ X ]   [COURTESY COPY] VIA EMAIL:**

Donald E. Bradley, Esq.       D.Bradley@MPGLAW.com
Tracy Strong, Esq.            tstrong@jonesday.com

I hereby certify that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

I hereby certify under the penalty of perjury that the foregoing is true and correct.

                                  /s/
                         YVONNE M. HOMAN

Place of Mailing:  Laguna Beach, California

Executed on August 3, 2007, at Laguna Beach, California.