1  GEORGE G. WEICKHARDT (SBN 58586)
   PAMELA J. ZANGER (SBN 168356)
2  **ROPERS, MAJESKI, KOHN & BENTLEY PC**
   201 Spear Street, Suite 1000
3  San Francisco, CA 94105
   Telephone:   (415) 543-4800
4  Facsimile:   (415) 972-6301
   Email:       gweickhardt@ropers.com

6  Attorneys for Defendant CHASE BANK USA, N.A.,
   formerly known as CHASE MANHATTAN BANK USA,
7  N.A. and erroneously sued herein as CHASE BANK

8                  UNITED STATES DISTRICT COURT

9                 NORTHERN DISTRICT OF CALIFORNIA

10                        SAN JOSE DIVISION

12  MOHAMED ABOUELHASSAN,              CASE NO. C 07-03951 JF

13            Plaintiff,

14       v.                            **MEMORANDUM OF POINTS AND
                                       AUTHORITIES IN SUPPORT OF
15  CHASE BANK, EXPERIAN, EQUIFAX      MOTION TO DISMISS COMPLAINT
    CREDIT INFORMATION SERVICES,       [F.R.C.P. 12(b)(6)]**
16  INC., TRANSUNION, DOE 1, aka "B-Line,"
    inclusive,                         Date:     September 28, 2007
17                                     Time:     9:00 a.m.
              Defendants.              Courtroom: 3, 5th Floor
18                                     Hon. Jeremy Fogel

RC1/5002232.1/RL3

MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF MOTION TO DISMISS COMPLAINT;
CASE NO. C 07-03951 JF.

## I.  INTRODUCTION

Plaintiff has brought an action containing a single cause of action – "Libel Defamation" – for alleged erroneous reporting of a Chase credit card account following discharge of such account in a bankruptcy proceeding. This cause of action against Chase must be dismissed with prejudice as it is preempted by the federal Fair Credit Reporting Act and such Act contains no direct private right of action by a consumer against a furnisher of credit information (Chase) for alleged inaccurate credit reporting.

## II.  ALLEGATIONS OF THE COMPLAINT

The Complaint contains a single cause of action for "Libel Defamation and Professional Negligence – Against all Defendants".

Paragraph 10 states:

> On or about December 2004 Plaintiff filed for Chapter 7 Bankruptcy in the United States Bankruptcy Court, Northern Alabama District, Eastern Division. Plaintiff included the Chase credit card account number 5435-0515-0160-4307, and received a discharge dating 11/05/2004.

Paragraph 17 states:

> On or about December 2004, Defendant Chase Bank reported 24 late payments; from December 2004 to November 2006, for credit card account that was discharged in Bankruptcy. An action which violates section 727 of title 11, United States Code "the Bankruptcy Code", such an action represents a contempt of Court, and a libel action against Plaintiff …

## III.  ARGUMENT

**A.  Plaintiff's Defamation Claim Involving The Reporting Of Allegedly Inaccurate Credit Information Is Preempted By The Fair Credit Reporting Act ("FCRA")**

Plaintiff attempts to allege a claim for libel/defamation arising from the reporting of his Chase credit card account that was allegedly discharged in a bankruptcy proceeding in Alabama. Because Plaintiff is seeking any damages for erroneous credit reporting, such claim is preempted and barred by the FCRA.

**1.  The Preemptive Scope Of The FCRA**

The FCRA, 15 U.S.C. § 1681t(b), provides:

> No requirement or prohibition may be imposed under the laws of

any state

    (1)    With respect to any matter regulated under ...

    (F)    Section 623 [15 U.S.C. § 1681s-2], relating to the responsibilities of persons who furnish information to consumer reporting agencies ....

In other words, the preemptive scope of § 1681t(b)(1)(F) is as to any matters regulated by § 1681s-2(a), which broadly states the various duties of furnishers of credit information to provide accurate information to credit reporting agencies.

    2.    **The FCRA Preempts The "Field" That It Regulates**

The FCRA is a scheme of federal regulation of credit reporting so pervasive as to make reasonable the inference that Congress left no room for the states to supplement it. The legislative history of section 1681t makes it clear that Congress intended to create a uniform national scheme for regulating credit reporting. The court in *Kodrick v. Ferguson*, 54 F. Supp. 2d 788 (N.D. Ill. 1999), discussed the legislative history of section 1681t and found that the section gives the industry:

> ... preemption from state laws regulating the acquisition and disclosure of consumer credit information even where the state laws provide greater protection for consumers ... Acknowledging that the preemption debated had been 'contentious,' Rep. Kennedy explained that 'this compromise provision is the product of a careful effort to balance the industry's desire for nationwide uniformity with the state's vital interest in protecting their citizens ...' [Quoting Rep. Thomas] 'we have compromised on the preemption issue so companies will not have to comply with a patchwork of state laws.' [Quoting remarks of Rep. Castle] 'this federal preemption will allow business to comply with one law on credit reports rather than a myriad of state laws.'

*Id.* at 794.

Similarly, the court observed in *National Home Equity Mortgage Association v. Face*, 64 F. Supp. 2d 584 (E.D. Va. 1999), that section 1681t is one of a group of statutes that "provide crucial substantive and legal protections for consumers nationwide in large part because Congress clearly expressed its intent ... that federal safeguards preempt state law regulating the same subject area." *Id.* at 592.

Federal courts in California have consistently held that the FCRA preempts both statutory

and common law claims under state law against furnishers of information for failing properly to investigate and report allegedly erroneous information.

In *Davis v. Maryland Bank, N.A.*, 2002 U.S. Dist. LEXIS 26468 (N.D. Cal. 2002), the court held that the plaintiff's claims for erroneous credit reporting based on the theories of negligence, defamation, and intentional interference with economic advantage were preempted. The court found that, since the plaintiff's negligence claim was based on an alleged failure to properly investigate inaccurate information disclosed to a credit reporting agency, and since the defamation and intentional interference claims were based upon the alleged improper disclosure of inaccurate credit information, plaintiff's complaint alleged "the precise conduct which is proscribed under section 1681s-2(a)-(b) and thus is preempted under section 1681t(b)(1)(F)." *Id.*, at 14.

For other cases where courts have held that the FCRA preempts <u>all</u> state law regarding duties of furnishers of credit information and the remedies available against them, see *Riley v. General Motors Acceptance Corp.*, 226 F. Supp. 2d 1316, 1322 (S.D. Ala. 2002); *Hasvold v. First USA Bank*, 194 F. Supp. 2d 1228, 1239 (D. Wyo. 2002).[1]

In sum, the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq., ("FCRA") carefully delineates the duties and liabilities of the entities that furnish information to credit reporting agencies, and Congress expressly provided that a state may impose "no requirement or prohibition" in the such areas.

**B.      The FCRA bars Plaintiff's Defamation Cause Of Action**

The private right of action allowed under the FCRA is extremely limited in scope and is not alleged in this action. The FCRA, at 15 U.S.C. § 1681s-2(a), imposes on furnishers of credit information broad duties to maintain and provide accurate information. Subdivision (c), however, specifies that the private rights of action for violating the FCRA, provided for in 15 U.S.C. §§ 1681n and 1681o, do not apply to a violation of subsection (a) of 1681s-2. Subdivision (d) of

---

[1]   *Gorman v. Wolpoff & Abramson, LLP*, 370 F. Supp. 2d 1004 (N.D. Cal. 2005) holds that defamation committed with malice is saved from preemption by § 1681h(e). No malice is alleged here.

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Francisco

1681s-2 provides that subdivision (a) "shall be enforced exclusively ... by the federal agencies and the state officials identified in section 621 [15 U.S.C. § 1681s]." Accordingly, a consumer has no private right of action directly against a furnisher of information under § 1681s-2(a) and the complaint alleges inaccurate credit reporting, which is solely within the purview of 1681s-2(a).

Section 1681s-2(b), however, provides that furnishers of information have certain duties upon receiving notice of a dispute <u>from a credit reporting agency</u> that has in turn received a notice of dispute from a consumer about the accuracy of the reporting of an account. Upon receiving such a notice of dispute from a credit reporting agency, the furnisher is required to conduct an investigation and report the results of the investigation to the consumer reporting agency within thirty days, and if the information is found to be inaccurately reported, to modify or delete the item of information.

In *Nelson v. Chase Manhattan Mortgage Corp.*, 282 F.3d 1057 (9th Cir. 2002), the Ninth Circuit found that a consumer's sole remedy under section 1681s-2 was under subdivision (b). The court held that private enforcement of subdivision (a) under the normal provisions giving a consumer a private right of action under the FCRA (and §§ 1681n & o) "is excluded." The court held, however, that there was a private right of action against a furnisher by a consumer under subsection (b) for failing to properly and timely respond to a notice of dispute received from a credit reporting agency.

There are no facts alleged in the instant case, however, that would give rise to a private right of action under 1681s-2(b). Plaintiff does not allege that he disputed the debt with a consumer reporting agency. Nor does Plaintiff allege that a consumer reporting agency notified Chase of his alleged dispute.

Accordingly, there can be no private right of action against Chase for furnishing inaccurate information.

## IV.  CONCLUSION

As explained above, Plaintiff's sole claim against Chase for defamation is preempted by the Fair Credit Reporting Act, and such Act provides for no private right of action against a

furnisher of credit information. Therefore, the entire complaint against Chase must be dismissed with prejudice.

Dated: August 8, 2007

ROPERS, MAJESKI, KOHN & BENTLEY

By: _____
GEORGE G. WEICKHARDT
PAMELA J. ZANGER
Attorneys for Defendant
CHASE BANK USA, N.A

RC1/5002232.1/RL3

- 5 -

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS COMPLAINT; CASE NO. C 07-03951 JF.