1  Brian J. Recor (State Bar No. 229091)
   JONES DAY
2  3 Park Plaza, Suite 1100
   Irvine, CA  92614
3  Telephone:     (949) 851-3939
   Facsimile:     (949) 553-7539
4  Email: brecor@jonesday.com

5  Attorneys for Defendant
   Experian Information Solutions, Inc.
6  (erroneously sued as "Experian")

7

8                    UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10                           SAN JOSE DIVISION

11

12  | MOHAMED ABOUELHASSAN, | CASE NO.  5:07-cv-03951-JF |
    |---|---|
13  | Plaintiff, | |
14  | v. | **DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S MOTION TO SET ASIDE ENTRY OF DEFAULT** |
15  | CHASE BANK, EXPERIAN, EQUIFAX CREDIT INFORMATION SERVICES, INC. and DOE 1 aka "B-Line," inclusive, | **[FED. R. CIV. P. 55(c); [PROPOSED] ORDER, DECLARATION OF MARINA VELARDI, AND DECLARATION OF BRIAN J. RECOR FILED CONCURRENTLY]** |
16  | | |
17  | Defendants. | |
18  | | Hearing: |
    | | Date:   October 5, 2007 |
19  | | Time:   9:00 a.m. |
    | | Judge:  Hon. Jeremy Fogel |
20  | | Ctrm:   3, Fifth Floor |

21

22  **TO: THE CLERK OF THE ABOVE-ENTITLED COURT AND ALL PARTIES**

23  **THROUGH THEIR COUNSEL OF RECORD:**

24         **PLEASE TAKE NOTICE** that on October 5, 2007, at 9 a.m., or as soon thereafter as

25  counsel may be heard, in the courtroom of U.S. District Judge Jeremy Fogel, located at

26  Courtroom 3, Fifth Floor in San Jose, California, defendant Experian Information Solutions

27  ("Experian"), by and through its counsel, will and hereby does move the Court to set aside its

28  August 28, 2007 entry of default.

1   "Good cause" exists under Federal Rule of Civil Procuedure 55(c) to set aside the entry of
2   default in that: (1) ***Experian was never properly served with the complaint***, (2) Experian acted
3   diligently upon learning of default, (3) Plaintiff will not suffer prejudice from setting aside the
4   default and (4) Experian has valid defenses to Plaintiff's claims.

5   This motion is based on Rule 55(c) of the Federal Rules of Civil Procedure, the points and
6   authorities herein, the Declaration of Brian J. Recor, the Declaration of Marina Velardi, and upon
7   any other oral and/or documentary evidence which may be adduced at the hearing on this motion.

8   **POINTS AND AUTHORITIES**

9   **I.  FACTUAL BACKGROUND**

10  Plaintiff filed this action in Santa Clara Superior Court on or about June 27, 2007 and
11  served defendant Chase Bank USA, N.A. ("Chase"), who timely removed the action to this Court
12  on August 1, 2007. (*See* Notice of Removal, ¶¶ 1, 3 [Docket No. 1].)  Plaintiff claims Experian
13  and other credit reporting agencies reported inaccurate information on his credit reports, resulting
14  in his single claim for "libel, defamation and professional negligence." (*See* Compl. ¶¶ 7-22.)

15  However, ***Plaintiff never properly served Experian with either the summons or the***
16  ***complaint.***  Apparently, on July 7, 2007, ConsumerInfo.com, Inc. ("CIC"), a sister company to
17  Experian, received Plaintiff's complaint at a CIC post office box via certified mail, return receipt
18  requested, addressed to "Experian, P.O. Box 19729, Irvine, CA 92623." (*See* Ex. to Pl's Request
19  for Entry of Default; Velardi Decl. ¶¶ 6-7.)  A person whose name appears to be William Rose –
20  who is not an Experian employee and certainly not Experian's agent for service of process or
21  authorized to receive process on behalf of Experian – signed the delivery receipt.  (*Id.*; Velardi
22  Decl. ¶¶ 7-8.)  To this date, Experian has not seen or located these documents apparently sent to
23  CIC's post office box. (Velardi Decl. ¶¶ 3, 6.)

24  Experian does not accept service of process through a sister company's post office box,
25  and its legal department never received a copy of the complaint and summons through any
26  channel.  (*Id.* ¶ 6.)  Experian has a registered agent for service of process in California – CT
27  Corporation System, 818 West Seventh Street, Los Angeles, CA 90017 – and its principal place
28  of business in California – 475 Anton Boulevard, Costa Mesa, CA 92626.  (*Id.* ¶¶ 4-5.)  Both of

these addresses are publicly available on the California Secretary of State's website, but Plaintiff's request to entry for default does not show any effort to properly serve Experian.

In response to defendant Chase's request, regular outside counsel for Experian consented to the removal to federal court on July 31 but specifically stated "To the best of Experian's knowledge it has not yet been served with the complaint but consents to removal." (Consent to Removal [Docket No. 1] Ex. B.) To the best of Experian's knowledge, Plaintiff also made no attempt to contact Experian regarding his motion for an entry of default or to serve the amended complaint.[1] (*See* Velardi Decl. ¶ 6.) Despite Experian's counsel's prompt efforts to resolve this issue without the Court's intervention, Plaintiff was unwilling to stipulate to set aside the default. (Recor Decl. ¶¶ 4-6.)

## II.  ARGUMENT

Experian respectfully moves this Court to set aside default under Federal Rule of Civil Procedure 55(c), which states in part: "For good cause shown the court may set aside an entry of default…" Good cause exists here because (1) Experian was never properly served with the complaint, (2) Experian acted diligently upon learning of default, (3) Plaintiff will not suffer prejudice from setting aside the default and (4) Experian has valid defenses to Plaintiff's claims.

### A.  Experian Was Not Properly Served With The Summons And Complaint.

Default is improper were a defendant demonstrates defects in the service of process. *See Mason v. Genisco Tech. Corp.*, 960 F.2d 849, 851-52 (9th Cir. 1992) (where plaintiff "failed to serve [defendant] properly . . . the default judgments [wa]s void"); *Carimi v. Royal Caribbean Cruise Line, Inc.*, 959 F.2d 1344, 1345 (5th Cir. 1992) ("If a court lacks jurisdiction … because of insufficient service of process, the judgment is void and the district court must set it aside").

Rule 4 of the Federal Rules of Civil Procedure permits service of process pursuant to state law or "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or law to receive service of processs." Fed. R. Civ. P. 4(h). California's long arm statute also permits service of process on

---

[1] On August 27, 2007, Plaintiff sought to file an amended complaint, which Experian has not received. (*See* Docket No. 27; Velardi Decl. ¶ 3.)

LAI-2899473v1                                3                 MOT. TO SET ASIDE ENTRY OF DEFAULT

an *out-of-state person* by "sending a copy of the summons and of the complaint to the person to be served by first-class mail, postage pre-paid, requiring a return receipt." Cal. Code Civ. Proc. § 415.40.[2] However, this does not apply to service within California. Under the more stringent federal standards, "[i]t is not effective [service] if the mail is sent undirected to the mail room of the organization." Adv. Comm. Notes to 1993 Amendments to Rule 4, 146 F.R.D. 401, 569. "*Strict compliance* is required with the rules governing manner of service." Schwarzer, et al., Cal. Practice Guide, Fed. Civ. Proc. Before Trial (The Rutter Group 2007) § 5:165 at p. 5-36 (emphasis in original). There are no "equitable exceptions" to the rules regarding the manner of service. *See id.*; *see also Mid-Continent Wood Products, Inc. v. Harris*, 936 F.2d 297, 301 (7th Cir. 1991) ("actual knowledge of the existence of a lawsuit is insufficient to confer personal jurisdiction over the defendant in the absence of valid service of process."); s*ee also Martinez v. White*, 2006 U.S. Dist. LEXIS 39650 at *4-5 (N.D. Cal. June 2, 2006) (granting motion to quash service of summons, rejecting argument that actual notice constituted valid service under Rule 4).

Consequently, Plaintiff's certified mailing to "Experian," without any designation of an officer or agent, to *CIC*'s post office box is plainly invalid service. The non-Experian employee who signed for the certified mail receipt – is neither the person designated as agent for service of process nor in any of the positions listed in California Civil Procedure Code § 416.10, and Plaintiff sent his summons and complaint by certified mail addressed only to "Experian," without designating an individual or even a title on the correspondence. There is no evidence that Plaintiff attempted to serve Experian's California registered agent, CT Corporation, in Los Angeles or Experian's principal place of business in Costa Mesa. Other than a certified mail receipt to a post office box maintained by CIC – an Experian sister corporation – Plaintiff has no proof that he sent anything to Experian.

---

[2] When such *out-of-state* service is on a corporation, the summons and complaint must be delivered: "(a) To the person designated as agent for service of process [or] (b) To the president or other head of the corporation, a vice president, a secretary or assistant secretary, a treasurer or assistant treasurer, a general manager, or a person authorized by the corporation to receive service of process;. . . . " Cal. Code Civ. Proc. § 416.10.

**B.    Experian's Default Was Neither Willful Nor Culpable Because Experian Is Taking Quick Action To Rectify The Default.**

Even ignoring the lack of proper service of the complaint and summons, the default should be set aside under the standards of Rule 55(c). The standards for setting aside a default under Rule 55(c) are "less rigorous" than those for setting aside a default judgment under Federal Rule of Civil Procedure 60(b). *Hawaii Carpenters' Trust Funds v. Stone*, 794 F.2d 508, 513 (9th Cir. 1986). As a practical matter, however, courts find guidance in the list of Rule 60(b) grounds, liberally interpreted, when determining whether an entry of default should be set aside. *See id.* Criteria that the court may consider include (1) whether "culpable conduct" of the defendant led to the default, (2) whether the plaintiff would be prejudiced by setting aside the default, and (3) whether the defendant has a meritorious defense. *See, e.g., Franchise Holding II, LLC. v. Huntington Rest.'s Group, Inc.*, 375 F.3d 922, 925-26 (9th Cir. 2004), *Standard Enterprises v. Bag-It, Inc.*, 115 F.R.D. 38, 39 (S.D.N.Y. 1987). In any event, default judgments are ordinarily disfavored in the Ninth Circuit. "**Cases should be decided on their merits whenever reasonably possible**." *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986) (emphasis added).

Experian's conduct is not willful because the summons and complaint addressed to "Experian" were never received by Experian, but merely sent to a post office box of a sister corporation in another city. Nor was Experian culpable in the default; Experian acted quickly to rectify the default without this Court's intervention and promptly filed this motion when those attempts failed. Experian's counsel received the Entry of Default from a codefendant's counsel on August 28, 2007, and promptly requested a copy of Plaintiff's Request for Entry of Default from the court the same day. (Recor Decl. ¶ 3.) The very next morning, August 29, 2007, Experian's counsel contacted Plaintiff to resolve the matter without the need for court intervention. (*Id.* ¶¶ 4-6.) Experian's counsel explained that Experian had only just received the Request for Entry of Default and that Experian was never properly served with the summons and complaint. (*Id.*) Because Plaintiff refused Experian's request, Experian commenced these proceedings to set aside the default. (*Id.*)

**C.  Setting Aside The Entry Of Default Will Not Prejudice Plaintiff.**

At this early stage in the case, and given Plaintiff's recent amendment to his complaint, Plaintiff will not suffer any prejudice in setting aside the entry of default. To be prejudicial, "delay must cause the loss of evidence, create discovery difficulties or increase opportunities of fraud and collusion." *Id.* Similarly, the costs associated with setting aside of default are insufficient to constitute prejudice. *See McVicker v. Donnelly*, 95 F.R.D. 353, 355 (E.D. Pa. 1982) (slight delay and imposition of some costs are not sufficient to prevent setting aside default judgment under FRCP 60(b) because such factors are always present whenever default judgments are opened).

Here, there should be no delay in the proceedings because <u>all defendants</u> will need to respond to Plaintiff's *amended* complaint if Plaintiff's August 27, 2007 motion to amend is granted. Even if Experian had been served with the original complaint, its answer would have been due August 21 (20 days after the August 1, 2007 removal). *See* Fed. R. Civ. P. 81(c). Yet, Plaintiff filed an amended complaint on August 27, 2007 – less than one week later. (Docket No. 27.) Therefore, Experian would have to file a responsive pleading in September 2007, regardless of any earlier pleadings. Moreover, there is no basis to allege that setting aside the default will cause the loss of evidence or create opportunities for fraud or collusion.

**D.  Experian Has Meritorious Defenses To Plaintiff's Claims.**

To satisfy the meritorious defense prong in a motion to set aside default under FRCP 55(c), a defendant is *not* required to conclusively establish the validity of its defenses. A "[d]efendant's allegations need only contain 'even a hint of suggestion' which, if proven at trial, would constitute a complete defense." *Standard Enterprises*, 115 F.R.D. at 40, *quoting Keegel v. Key West & Carribean Trading Co.*, 627 F.2d 372, 374 (D.C. Cir. 1980). As far as the merits of this case are concerned, Plaintiff has brought a single cause of action against Experian: "libel, defamation and professional negligence" because Experian allegedly reported inaccurate information on his credit report. Experian has meritorious defenses to this attempted cause of action, as well as to the requested compensatory, punitive and injunctive relief requested.

1     First, Plaintiff has shown no evidence that Experian reported inaccurate information regarding Plaintiff to anyone. Truth of statements made is a complete defense against liability for *defamation* and *libel*, regardless of bad faith or malicious purpose. *See Francis v. Dun & Bradstreet*, 3 Cal. App. 4th 535, 540 (1992) (no defamation action for *truthful* credit report); Cal. Civ. Code § 45 (defining "libel" as "*false* and unprivileged statement…"). He has merely attached a tri-merge credit report that shows Credit Communications Inc. – not Experian – merged information gathered from three (3) different credit reporting agencies and displayed "Bankruptcy" as the status (which Plaintiff admits is accurate) and "late dates" (which Plaintiff disputes). (*See* Ex. to Compl., Compl. ¶ 10 (admitting Chapter 7 Bankruptcy).)

    Second, there are significant preemption issues to Plaintiff's claim for "libel, defamation and professional negligence," as Experian is a nationwide credit reporting agency regulated by the Federal Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*. ("FCRA"). The FCRA has express preemption provisions:

> "Except as provided in section 1681n and 1681o of this title, no consumer may bring any action or proceeding in the nature of **defamation**, invasion of privacy, or **negligence** with respect to the reporting of information against any consumer agency… except as to false information furnished with malice or willful intent to injure such customer."

15 U.S.C. § 1681h(e). Under the FCRA, credit reporting agencies are not strictly liable for reporting inaccurate information. "Section 1681e(b) does not impose strict liability for any inaccurate credit report, but only a duty of reasonable care in preparation of the report." *Thompson v. San Antonio Retail Merchant's Ass'n*, 682 F.2d 509, 513 (5th Cir. 1982). Section 1681e(b) of the FCRA provides:

> Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure the maximum possible accuracy of the information concerning the individual about whom the report relates.

15 U.S.C. § 1681e(b). To establish liability under the FCRA, therefore, Plaintiff must show that Experian reported inaccurate information as a result of a failure to use reasonable procedures. *See Henson v. CSC Credit Services*, 29 F.3d 280, 284 (7th Cir. 1994).

Mere allegations that inaccurate information appeared on a credit report cannot, standing alone, support an unreasonable procedures claim under the FCRA. Rather, Plaintiffs must prove that Experian failed to follow reasonable procedures as required by the FCRA in preparing their allegedly inaccurate report. *See Henson*, 29 F.3d at 284; *Whelan v. Trans Union*, 862 F. Supp. 824, 829 (E.D.N.Y.) ("the consumer must show that the agency failed to follow reasonable procedures in generating the inaccurate report"). To establish his state law claims, Plaintiff would have to go much further and show Experian *willfully* intended to injure him or furnished information with malice. While Experian has not completed its investigation of Plaintiff's claims, it has no reason to believe that it acted in this manner in regards to Plaintiff. (Velardi Decl. ¶ 9.)

## III. CONCLUSION

For all of the foregoing reasons, Experian requests that this Court grant its motion to set aside the default of Experian Information Solutions, Inc. for good cause shown.

Dated: August 29, 2007

Respectfully submitted,

JONES DAY

By: /s/ Brian J. Recor
    Brian J. Recor

Counsel for Defendant
EXPERIAN INFORMATION SOLUTIONS, INC.

# CERTIFICATE OF SERVICE

I, Brian J. Recor, declare:

I am a citizen of the United States and employed in Orange County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 3 Park Plaza, Suite 1100, Irvine, California 92614. On August 29, 2007, I served a copy of the within document(s) on all counsel of record using the Court's ECF system pursuant to General Order No. 45:

**DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S MOTION TO SET ASIDE ENTRY OF DEFAULT**

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on August 29, 2007, at Irvine, California.

/s/ Brian J. Recor