Linh K. Tran, CA Bar No. 224662
2101 Fourth Avenue, Suite 900
Seattle, WA 98121
Telephone: 206-239-1952
Facsimile: 206-239-1958

Attorney for Defendant, B-LINE, LLC

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| MOHAMED ABOUELHASSAN,<br><br>　　　　Plaintiff,<br><br>v.<br><br>CHASE BANK, EXPERIAN, EQUIFAX CREDIT INFORMATION SERVICES, INC., TRANSUNION, DOE 1, aka "B-Line," inclusive,<br><br>　　　　B-Lines. | Case No. 5:07-cv-03951<br><br>B-LINE, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT |

　　COMES NOW, Defendant, B-Line, LLC ("B-Line), through its associate general counsel, hereby answers and provides affirmative defenses to Plaintiff's Complaint as follows:

B-LINE, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT  – Page 1

Linh ef030204

**ANSWER:**

1. B-Line neither admits nor denies the allegations set forth in paragraph 1 of Plaintiff's Complaint and leaves Plaintiff to his proofs.

2. B-Line neither admits nor denies the allegations set forth in paragraph 2 of Plaintiff's Complaint and leaves Plaintiff to his proofs.

3. B-Line denies the allegations set forth in paragraph 3.

4. B-Line denies the allegations set forth in paragraph 4.

5. B-Line denies the allegations set forth in paragraph 5.

6. B-Line neither admits nor denies the allegations set forth in paragraph 6 of Plaintiff's Complaint and leaves Plaintiff to his proofs.

7. B-Line denies all allegations pertaining to B-Line, as set forth in paragraph 7.

8. B-Line denies all allegations pertaining to B-Line, as set forth in paragraph 8.

9. B-Line realleges and incorporates answers to paragraphs 1 through 8 above.

10. B-Line admits to the extent that allegations set forth in paragraph 10 are a matter of public record. All other allegations set forth in paragraph 10 are denied.

11. B-Line denies all allegations pertaining to B-Line, as set forth in paragraph 11.

12. B-Line lacks sufficient information or knowledge to form a belief regarding the truth or falsity of the allegations set forth in paragraph 12 and leaves Plaintiff to her proofs.

13. B-Line denies all allegations pertaining to B-Line, as set forth in paragraph 13.

14. B-Line denies all allegations pertaining to B-Line, as set forth in paragraph 14.

**ANSWER:**

1. B-Line neither admits nor denies the allegations set forth in paragraph 1 of Plaintiff's Complaint and leaves Plaintiff to his proofs.

2. B-Line neither admits nor denies the allegations set forth in paragraph 2 of Plaintiff's Complaint and leaves Plaintiff to his proofs.

3. B-Line denies the allegations set forth in paragraph 3.

4. B-Line denies the allegations set forth in paragraph 4.

5. B-Line denies the allegations set forth in paragraph 5.

6. B-Line neither admits nor denies the allegations set forth in paragraph 6 of Plaintiff's Complaint and leaves Plaintiff to his proofs.

7. B-Line denies all allegations pertaining to B-Line, as set forth in paragraph 7.

8. B-Line denies all allegations pertaining to B-Line, as set forth in paragraph 8.

9. B-Line realleges and incorporates answers to paragraphs 1 through 8 above.

10. B-Line admits to the extent that allegations set forth in paragraph 10 are a matter of public record. All other allegations set forth in paragraph 10 are denied.

11. B-Line denies all allegations pertaining to B-Line, as set forth in paragraph 11.

12. B-Line lacks sufficient information or knowledge to form a belief regarding the truth or falsity of the allegations set forth in paragraph 12 and leaves Plaintiff to her proofs.

13. B-Line denies all allegations pertaining to B-Line, as set forth in paragraph 13.

14. B-Line denies all allegations pertaining to B-Line, as set forth in paragraph 14.

Linh ef030204

15. B-Line denies all allegations pertaining to B-Line, as set forth in paragraph 15.

16. B-Line denies all allegations pertaining to B-Line, as set forth in paragraph 16.

17. B-Line denies all allegations pertaining to B-Line, as set forth in paragraph 17.

18. B-Line denies all allegations pertaining to B-Line, as set forth in paragraph 18.

19. B-Line neither admits nor denies the allegations set forth in paragraph 19 of Plaintiff's Complaint and leaves Plaintiff to his proofs. B-Line denies all allegations pertaining to B-Line, as set forth in paragraph 19.

20. B-Line denies all allegations pertaining to B-Line, as set forth in paragraph 20.

21. B-Line neither admits nor denies the allegations set forth in paragraph 21 of Plaintiff's Complaint and leaves Plaintiff to his proofs.

22. B-Line neither admits nor denies the allegations set forth in paragraph 22 of Plaintiff's Complaint and leaves Plaintiff to his proofs. B-Line denies all allegations pertaining to B-Line, as set forth in paragraph 22.

## AFFIRMATIVE DEFENSES

A. B-Line does not own the account in question and did not purchase the account from Chase Bank USA, N.A..

B. Assuming all allegations pled in the Complaint as true, Plaintiff has failed to state a claim upon which relief may be granted according to FRCP 12(b)(6) because merely purchasing the account from Chase is not subject to any state tort laws.

C. Plaintiff's damages, if any, were not caused by B-Line, but by another person or entity for whom or for which B-Line is not responsible.

D. Neither state tort laws nor Fair Credit Reporting Act apply to B-Line, since B-Line does not report any information to credit reporting agencies. More specifically, B-Line did not contact either the Plaintiff or any of the credit reporting agencies concerning the Plaintiff.

E. Some of Plaintiff's claims are pre-empted by section 1681(h) of the Fair Credit Reporting Act.

F. Plaintiff has not alleged any injury in fact. Plaintiff has not suffered any damages. The Plaintiff's own bankruptcy filing was the direct cause for his failure to obtain financing to the Plaintiff's satisfaction.

G. Plaintiff's claim for punitive damages is barred by the 1681(n) of the Fair Credit Reporting Act.

H. Plaintiff is barred by the doctrine of unclean hands.

I. Any damages sustained by the Plaintiff herein were the direct and proximate result of Plaintiff's own actions and B-Line should not be held liable for any portion of said damages.

J. B-Line has not had any indirect or direct contacts with Plaintiff or any of the other Defendants relating to Plaintiff's account.

//

//

//

Linh ef030204

**RELIEF REQUESTED**

1. Dismissal of the Complaint in its entirety with prejudice and with costs taxed against Plaintiff;

2. B-Line be dismissed as a party in this case;

3. For such other and further relief as this Court deems appropriate.

DATED this 12TH day of September, 2007.

                                            B-LINE, LLC

                                            By  */S/ LINH K. TRAN*
                                                 LINH K. TRAN
                                                 Attorney for Defendant

B-LINE, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT  – Page 5