GEORGE G. WEICKHARDT (SBN 58586)
PAMELA J. ZANGER (SBN 168356)
**ROPERS, MAJESKI, KOHN & BENTLEY PC**
201 Spear Street, Suite 1000
San Francisco, CA 94105
Telephone:  (415) 543-4800
Facsimile:  (415) 972-6301
Email:  gweickhardt@ropers.com

Attorneys for Defendant CHASE BANK USA, N.A.,
formerly known as CHASE MANHATTAN BANK USA,
N.A. and erroneously sued herein as CHASE BANK

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MOHAMED ABOUELHASSAN,<br><br>  Plaintiff,<br><br>v.<br><br>CHASE BANK, EXPERIAN, EQUIFAX CREDIT INFORMATION SERVICES, INC., TRANSUNION, DOE 1, aka "B-Line," inclusive,<br><br>  Defendants. | CASE NO. C 07-03951 JF<br><br>**REPLY IN SUPPORT OF MOTION TO DISMISS COMPLAINT**<br>[F.R.C.P. 12(b)(6)]<br><br>Date:  September 28, 2007<br>Time:  9:00 a.m.<br>Courtroom: 3, 5th Floor<br>Hon. Jeremy Fogel |

RC1/5008357.1/PJZ

REPLY IN SUPPORT OF MOTION TO DISMISS COMPLAINT;
CASE NO. C 07-03951 JF.

## I. INTRODUCTION

Plaintiff Mohamed Abouelhassan's complaint alleges one purported cause of action for "libel, defamation of character and professional negligence" against Chase Bank USA, N.A. ("Chase") in relation to allegedly inaccurate credit reporting of a credit card account. While plaintiff has filed a motion for leave to amend his complaint to add claims under the Federal Fair Credit Reporting Act (FCRA) and California Civil Code §1785.25, no such claims are alleged in the pleading at issue here.

Plaintiff's opposition to Chase's motion to dismiss appears to argue that Plaintiff has a direct private right of action against Chase under 15 U.S.C. Section 1681s-2(a). No such claim is pleaded in the complaint, and the law is clear that the only private right of action under the FCRA is under 15 U.S.C. Section 1681s-2(b), which is also not alleged in the complaint. Plaintiff also attempts to argue that his common law defamation claim is not preempted, yet case law is clear that his common law claims relating to credit reporting are completely preempted by the FCRA. Lastly, Plaintiff attempts to argue that California Civil Code Section 1785.25 is excepted from preemption. Again, however, no such claim is pleaded and the law is clear that any claim under that statute is preempted by the FCRA.

In short, Plaintiff's sole cause of action for "Libel Defamation" is preempted by the federal Fair Credit Reporting Act. While plaintiff's discussion of his potential claims under the FCRA and §1785.25 is irrelevant to the present motion, those potential claims will be briefly addressed here in view of plaintiff's pending motion to add them by amendment.

## II. ARGUMENT

### A. As stated in Chase's moving papers, there is no private right of action under 15 U.S.C. Section 1681s-2(a)

Plaintiff attempts to argue that there is a private right of action under 15 U.S.C. Section 1681s-2(a). In support of this argument, Plaintiff appears to rely on *Dorhnecker v. Ameritech Corp.*, 99 F.Supp.2d 918 (N.D. Ill., 2000) and similar cases. *Dornhecker*, however confirms that there is no private right of action under 15 U.S.C.Section 1681s-2(a). It also confirms that the only private right of action under the FCRA is 1681s-2(b), a proposition which Chase does not

dispute and in fact previously addressed in its moving papers.

As Chase demonstrated in its moving papers, *Nelson v. Chase Manhattan Mortgage Corp.*, 282 F.3d 1057 (9th Cir. 2002) held that a consumer's sole remedy under section 1681s-2 was under subdivision (b). The court held that private enforcement of subdivision (a) under the normal provisions giving a consumer a private right of action under the FCRA (and §§ 1681n & o) "is excluded." The court held, however, that there was a private right of action against a furnisher by a consumer under subsection (b) for failing to properly and timely respond to a notice of dispute received from a credit reporting agency. No such claim is pleaded in the complaint, nor does Plaintiff allege that he disputed the debt with a consumer reporting agency or that a consumer reporting agency notified Chase of his alleged dispute.

B.  **Plaintiff's common law claims relating to credit reporting are completely preempted by the FCRA**

Plaintiff also appears to rely upon *Dornhecker* in support of his argument that his common law defamation claim is not preempted by the FCRA. As stated in Chase's moving papers, Federal courts in California have consistently held that the FCRA preempts both statutory and common law claims under state law against furnishers of information for failing properly to investigate and report allegedly erroneous information.

In *Davis v. Maryland Bank, N.A.*, 2002 U.S. Dist. LEXIS 26468 (N.D. Cal. 2002), the court held that the plaintiff's claims for erroneous credit reporting based on the theories of negligence, defamation, and intentional interference with economic advantage were preempted. The court found that, since the plaintiff's negligence claim was based on an alleged failure to properly investigate inaccurate information disclosed to a credit reporting agency, and since the defamation and intentional interference claims were based upon the alleged improper disclosure of inaccurate credit information, plaintiff's complaint alleged "the precise conduct which is proscribed under section 1681s-2(a)-(b) and thus is preempted under section 1681t(b)(1)(F)." *Id.*, at 14.

For other cases where courts have held that the FCRA preempts <u>all</u> state law regarding duties of furnishers of credit information and the remedies available against them, see *Riley v.*

*General Motors Acceptance Corp.*, 226 F. Supp. 2d 1316, 1322 (S.D. Ala. 2002); *Hasvold v. First USA Bank*, 194 F. Supp. 2d 1228, 1239 (D. Wyo. 2002).[1]

As noted in Chase's moving papers, *Gorman v. Wolpoff & Abramson, LLP*, 370 F.Supp. 2d 1005 (N.D.Cal. 2005) holds that defamation committed with malice is saved from preemption by §1681h(e), but no malice is alleged in the complaint.

C. **California Civil Code Section 1785.25 is preempted by the FCRA and thus there is no private right of action under such Section.**

Plaintiff also contends that the FCRA does not preempt California Civil Code Section 1785.25, and thus he has a private right of action under that Section. Plaintiff's complaint, however, contains no such cause of action. Even if it did, however, such a cause of action would also be preempted by the Federal Fair Credit Reporting Act. In *Lin v. Universal Card Services Corp.*, 238 F. Supp. 2d 1147, 1152 (N.D. Cal. 2002), it was held that the FCRA preempts Cal. Civil Code §1785.31, which provides the remedies for violation of §1785.25. See also, *Quigley v. Pennsylvania Higher Education Assistance Agency*, 2000 U.S. Dist. LEXIS 19847 (N.D. Cal. 2000).

III. **CONCLUSION**

Plaintiff's sole claim against Chase for defamation is preempted by the Fair Credit Reporting Act. Thus the Court should grant Chase's motion to dismiss with respect to the entire complaint.

Dated: September 13, 2007                                ROPERS, MAJESKI, KOHN & BENTLEY

By: /s/ George G. Weickhardt
    GEORGE G. WEICKHARDT
    PAMELA J. ZANGER
    Attorneys for Defendant
    CHASE BANK USA, N.A

CASE NAME: *Mohamed Abouelhassan v. Chase Bank, et al.*

CASE NO.: C 07-03951 JF

## PROOF OF SERVICE

I am a citizen of the United States. My business address is 201 Spear Street, Suite 1000, San Francisco, CA 94105. I am employed in the County of San Francisco where this service occurs. I am over the age of 18 years, and not a party to the within cause. I am readily familiar with my employer's normal business practice for collection and processing of correspondence for mailing with the U.S. Postal Service, and that practice is that correspondence is deposited with the U.S. Postal Service the same day as the day of collection in the ordinary course of business.

On the date set forth below, following ordinary business practice, I served a true copy of the foregoing document(s) described as: **REPLY IN SUPPORT OF MOTION TO DISMISS COMPLAINT [F.R.C.P. 12(b)(6)]**

- ☐ (BY FAX) by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below, or as stated on the attached service list, on this date before 5:00 p.m.
- ☒ (BY MAIL) I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States mail at San Francisco, California.
- ☐ (BY PERSONAL SERVICE) I caused such envelope(s) to be delivered by hand this date to the offices of the addressee(s).
- ☐ (BY OVERNIGHT DELIVERY) I caused such envelope(s) to be delivered to an overnight delivery carrier with delivery fees provided for, addressed to the person(s) on whom it is to be served.

**Plaintiff *In Pro Per***
Mohamed Abouelhassan
805 Borden Rae Ct.
San Jose, CA 95117
Tel: 510 501 1800
Fax: 408 615 1818

Donald E. Bradley, Esq.
Musick, Peeler, & Garrett LLP
650 Town Center Drive, Suite 1200
Costa Mesa, CA 92626

☒ *(Federal)* I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on September 13, 2007, at San Francisco, California.

/s/ Wendy Krog
Wendy Krog