GEORGE G. WEICKHARDT (SBN 58586)
PAMELA J. ZANGER (SBN 168356)
**ROPERS, MAJESKI, KOHN & BENTLEY PC**
201 Spear Street, Suite 1000
San Francisco, CA 94105
Telephone:   (415) 543-4800
Facsimile:    (415) 972-6301
Email:          gweickhardt@ropers.com

Attorneys for Defendant CHASE BANK USA, N.A., formerly known as CHASE MANHATTAN BANK USA, N.A. and erroneously sued herein as CHASE BANK

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MOHAMED ABOUELHASSAN,<br><br>Plaintiff,<br><br>v.<br><br>CHASE BANK, EXPERIAN, EQUIFAX CREDIT INFORMATION SERVICES, INC., TRANSUNION, DOE 1, aka "B-Line," inclusive,<br><br>Defendants. | CASE NO. C07-03951 JF<br><br>**DEFENDANT CHASE BANK USA, N.A.'S OPPOSITION TO PLAINTIFF'S MOTION TO AMEND THE COMPLAINT**<br><br>Date: October 26, 2007<br>Time: 9:00 a.m.<br>Courtroom: 3<br>Judge: Hon. Jeremy Fogel |

I.   **INTRODUCTION**

Chase opposes Plaintiff's motion to amend the complaint on the grounds that the proposed amendments against Chase would be futile and would be subject to a motion to dismiss.

Plaintiff's proposed First Amended Complaint ("FAC") contains virtually the same allegations as the cause of action for libel defamation in the original complaint. While the title and the footer of the proposed First Amended Complaint now include "California Civil Code Sections 1785.25, 43, 44 and 45" and the "Fair Credit Reporting Act", the elements of these statutory claims are not alleged in the body of the FAC. Even if such claims were individually

alleged in the body of the FAC, each would fail for the following reasons.

Section 1785 et seq of the California Civil Code, which relates to credit reporting, is completely preempted by the federal Fair Credit Reporting Act, except for Section 1785.25(a). Section 1785.25(a), however, does not provide for a private right of action by a consumer against a furnisher of credit information (Chase).

As for liability under the "Fair Credit Reporting Act", there is no reference to violation of a specific section of the Fair Credit Reporting Act, which is a voluminous Act. Even a pro se plaintiff must meet a minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong.

Thus, plaintiff's motion to amend should be denied because it fails to state a claim under California Civil Code Sections 1785.25, 43, 44 and 45 and the Fair Credit Reporting Act.

## II.  ARGUMENT

### A.  Grounds For Denial Of A Motion To Amend

Leave to amend may be denied if the proposed amendment is futile or would be subject to dismissal. *Saul v. United States*, 928 F2d 829, 843 (9th Cir. 1991). For the below reasons, the proposed amend is futile and would be subject to dismissal.

### B.  Even if the Proposed First Amended Complaint Contained a Cause of Action Under 1785.25, 43, 44 and 45, all such sections except for 1785.25(a) are preempted by federal law and there is no private right of action under 1785.25(a).

This issue was briefed and argued pursuant to Chase's motion to dismiss the original complaint, which was heard by this Court on September 28, 2007. As briefed more extensively in that motion, except for 1785.25(a), all sections of California Civil Code Section 1785 relating to credit reporting are preempted by the federal Fair Credit Reporting Act ("FCRA"), which provides at 15 U.S.C. § 1681t(b)(1)(F):

> No requirement or prohibition may be imposed under the laws of any state
>
> (1) With respect to any matter regulated under ...
>
> (F) Section 623 [15 U.S.C. § 1681s-2], relating to the responsibilities of persons who furnish information to consumer reporting agencies, except this paragraph shall not apply....

  (ii) With respect to section 1785.25(a) of the California Civil Code (as in effect on the date of enactment of the Consumer Credit Reporting Act of 1996 [enacted September 30, 1996]).

In *Lin v. Universal Card Services Corp.*, 238 F. Supp. 2d 1147, 1152 (N.D. Cal. 2002), the Court held that the FCRA preempts all sections of 1785, except for 1785.25(a). The *Lin* court further held that 1785.25(a) does not provide for a private right of action for a consumer. See also, *Quigley v. Pennsylvania Higher Education Assistance Agency*, 2000 U.S. Dist. LEXIS 19847 (N.D. Cal. 2000).

Thus plaintiff can state no claim whatsoever under any section of California Civil Code Section 1785 as it pertains to credit reporting.

### C. No Claim Is Alleged Under Any Particular Section Of The "Fair Credit Reporting Act"

The FAC alleges no specific section under the Fair Credit Reporting Act. Though there is liberality in federal court pleadings, even pro se pleadings "must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong." *Brazil v. United States Dept. of Navy*, 66 F.3d 193, 199 (9th Cir. 1995). The FCRA is a voluminous act containing numerous sections. Clearly Chase is entitled to know what section it is alleged to have violated.

Though no section whatsoever is alleged, this issue was also addressed in Chase's motion to dismiss. As briefed in the papers, in *Nelson v. Chase Manhattan Mortgage Corp.*, 282 F.3d 1057 (9th Cir. 2002), the Ninth Circuit found that a consumer's sole remedy under section 1681s-2 was under subdivision (b). The court held that private enforcement of subdivision (a) under the normal provisions giving a consumer a private right of action under the FCRA (and §§ 1681n & o) "is excluded." The court held, however, that there was a private right of action against a furnisher by a consumer under subsection (b) for failing to properly and timely respond to a notice of dispute received from a credit reporting agency.

There are no facts alleged in the instant case, however, that would give rise to a private right of action under 1681s-2(b). Plaintiff does not allege that he disputed the debt with a consumer reporting agency. Nor does Plaintiff allege that a consumer reporting agency notified Chase of his alleged dispute. In fact, Chase is not aware of any dispute it received from the credit

1  reporting agencies, the sole event that would trigger a duty under 1681s-2(b).

## III. CONCLUSION

For the above stated reasons, plaintiff's motion to amend should be denied.

Dated: October 5, 2007

ROPERS, MAJESKI, KOHN & BENTLEY

By: _____
GEORGE G. WEICKHARDT
PAMELA J. ZANGER
Attorneys for Defendant
CHASE BANK USA, N.A

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Francisco