GEORGE G. WEICKHARDT (SBN 58586)
PAMELA J. ZANGER (SBN 168356)
**ROPERS, MAJESKI, KOHN & BENTLEY PC**
201 Spear Street, Suite 1000
San Francisco, CA 94105
Telephone:   (415) 543-4800
Facsimile:    (415) 972-6301
Email:         gweickhardt@ropers.com

Attorneys for Defendant CHASE BANK USA, N.A.,
formerly known as CHASE MANHATTAN BANK USA,
N.A. and erroneously sued herein as CHASE BANK

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MOHAMED ABOUELHASSAN,<br><br>Plaintiff,<br><br>v.<br><br>CHASE BANK, EXPERIAN, EQUIFAX CREDIT INFORMATION SERVICES, INC., TRANSUNION, DOE 1, aka "B-Line," inclusive,<br><br>Defendants. | CASE NO. C07-03951 JF<br><br>**DEFENDANT CHASE BANK USA, N.A.'S OPPOSITION TO PLAINTIFF'S MOTION FOR SANCTIONS**<br><br>Date: October 26, 2007<br>Time: 9:00 a.m.<br>Courtroom: 3<br>Judge: Hon. Jeremy Fogel |

Plaintiff has brought a motion for sanctions against defendant Chase Bank USA, N.A. ("Chase") and its attorneys of record, George G. Weickhardt and Pamela J. Zanger under Civil Local Rule 1-4 for allegedly violating Civil Local Rule 16-2(b) and Civil Local Rule 4-2. It appears that this motion is based on an alleged failure of Chase to serve plaintiff with various documents. This motion contains no merit whatsoever.

Local Rule 16-2(b) requires that, in cases which are removed from state court, "[t]he removing party must serve the other parties in the case with a copy of the Order and the

1  supplementary materials specified in Civil L.R. 4-2."

2  Civil L.R. 4-2 states that a party subject to Civil L.R. 16-2(a), (b), or (c), must serve (a) a
3  copy of the Order Setting Initial Case Management Conference and ADR; (b) any pertinent
4  Standing Orders of the assigned Judge; (c) a copy of the assigned judge's order and instructions
5  for preparation of a Case Management Statement or, in none, the Court's form found at Appendix
6  A, pursuant to Civil L.R. 16-10; and (d) except in cases assigned at the time of filing to a
7  Magistrate Judge, a copy of the form allowing a party to consent to assignment of the case to a
8  Magistrate Judge.

9  As seen in Exhibit A to the attached Declaration of Charles Brown, each of the above
10 documents was served on Plaintiff on August 7, 2007, and a proof of service was filed with the
11 court.

12 Accordingly, Plaintiff's motion contains no merit whatsoever and should be denied in its
13 entirety.

14 Dated: October 2, 2007                    ROPERS, MAJESKI, KOHN & BENTLEY

16                                           By: _____
17                                               GEORGE G. WEICKHARDT
                                                 PAMELA J. ZANGER
18                                               Attorneys for Defendant
                                                 CHASE BANK USA, N.A