GEORGE G. WEICKHARDT (SBN 58586)
PAMELA J. ZANGER (SBN 168356)
**ROPERS, MAJESKI, KOHN & BENTLEY PC**
201 Spear Street, Suite 1000
San Francisco, CA 94105
Telephone:     (415) 543-4800
Facsimile:     (415) 972-6301
Email:         gweickhardt@ropers.com

Attorneys for Defendant CHASE BANK USA, N.A.,
formerly known as CHASE MANHATTAN BANK USA,
N.A. and erroneously sued herein as CHASE BANK

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MOHAMED ABOUELHASSAN, | CASE NO. C 07 03951 PVT |
| Plaintiff, | **PROOF OF SERVICE** |
| v. | |
| CHASE BANK, EXPERIAN, EQUIFAX CREDIT INFORMATION SERVICES, INC., TRANSUNION, DOE 1, aka "B-Line," inclusive, | |
| Defendants. | |

**PROOF OF SERVICE**

I am a citizen of the United States. My business address is 201 Spear Street, Suite 1000, San Francisco, CA 94105. I am employed in the County of San Francisco where this service occurs. I am over the age of 18 years, and not a party to the within cause. I am readily familiar with my employer's normal business practice for collection and processing of correspondence for mailing with the U.S. Postal Service, and that practice is that correspondence is deposited with the U.S. Postal Service the same day as the day of collection in the ordinary course of business.

On the date set forth below, following ordinary business practice, I served a true copy of the foregoing document(s) described as:

Conformed proof of service re: Notice of Filing of Removal (Superior Court)

Conformed proof of service re: Notice of Removal (District Court)

[and Court-issued documents]:

- Order Setting Initial CMConf and ADR Deadlines
- Standing Order for Civil Practice in Cases Assigned for All purposes to Judge Trumbull
- Standing Order re: Case Management in Civil Cases

RC1/5001814.1/CB12                            - 1 -                    NOTICE OF FILING OF REMOVAL OF
                                                                       CIVIL ACTION TO UNITED STATES
                                                                       DISTRICT COURT


EXHIBIT A

- Standing Order for All Judges of the NDCA – Contents of Joint CMStmt
- "Welcome to the US District Court fort he NDCA, Clerk's Office, S Jose Division"
- Notice of Assignment to a US Magistrate Judge
- Form: Consent to Proceed Before a US Magistrate Judge
- Form: Declination to Proceed Before a US Magistrate Judge and Request for Reassignment to a US District Judge
- ECF Registration Info Handout
- Notice of Electronic Availability of Case File Info
- General Order No. 53
- General Order No. 40
- General Order No. 45
- Form: Notice of Lawsuit and Request for Waiver of Service of Summons
- Form: Waiver of Service of Summons
- Instructions for Completion of ADR Forms RE: Selection of ADR Process
- Form: ADR Certification by Parties and Counsel
- Form: Stip and Prop Ord Selecting ADR Process
- Form: Notice of Need for ADR Phone Conference
- Order of the Chief Judge:  In re: Electronic Filing in Cases with Unrepresented Parties

☐  (BY FAX) by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below, or as stated on the attached service list, on this date before 5:00 p.m.

☒  (BY MAIL) I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States mail at San Francisco, California.

☐  (BY OVERNIGHT DELIVERY) I caused such envelope(s) to be delivered to an overnight delivery carrier with delivery fees provided for, addressed to the person(s) on whom it is to be served.

**Plaintiff *In Pro Per***
Mohamed Abouelhassan
805 Borden Rae Ct.
San Jose, CA 95117
Tel: 510 501 1800
Fax: 408 615 1818

☒  *(Federal)*  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on August 7, 2007, at San Francisco, California.

Charles D. Brown

RC1/5001814.1/CB12                                     - 2 -

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Francisco

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

ORIGINAL
FILED

MOHAMED ABOUELHASSAN, 07 AUG -  PM 12: 21

    No. C 07-03951 PVT

Plaintiff (s),    RICHARD W. WIEKING
    CLERK
v.    U.S. DISTRICT C**ORDER SETTING INITIAL CASE**
    NO. DIS.  **MANAGEMENT CONFERENCE**

CHASE BANK, ET AL,    **AND ADR DEADLINES**
    Defendant(s).

IT IS HEREBY ORDERED that this action is assigned to the Honorable Patricial V. Trumbull. When serving the complaint or notice of removal, the plaintiff or removing defendant must serve on all other parties a copy of this order, the handbook entitled "Dispute Resolution Procedures in the Northern District of California" , the Notice of Assignment of Case to a United States Magistrate Judge for Trial, and all other documents specified in Civil Local Rule 4-2. Counsel must comply with the case schedule listed below unless the Court otherwise orders.

IT IS FURTHER ORDERED that this action is assigned to the Alternative Dispute Resolution (ADR) Multi-Option Program governed by ADR Local Rule 3. Counsel and clients shall familiarize themselves with that rule and with the handbook entitled "Dispute Resolution Procedures in the Northern District of California."

## CASE SCHEDULE -ADR MULTI-OPTION PROGRAM

| Date | Event | Governing Rule |
|---|---|---|
| 8/1/2007 | Complaint filed | |
| 10/16/2007 | Last day to:<br>• meet and confer re: initial disclosures, early settlement, ADR process selection, and discovery plan | FRCivP_26(f) & ADR L.R.3-5 |
| | • file Joint ADR Certification with Stipulation to ADR Process or Notice of Need for ADR Phone Conference | Civil_L.R._16-8 |
| 10/30/2007 | Last day to file Rule 26(f) Report, complete initial disclosures or state objection in Rule 26(f) Report and file Case Management Statement per attached Standing Order re Contents of Joint Case Management Statement (also available at http://www.cand.uscourts.gov) | FRCivP 26(a) (1)<br>Civil_L.R . 16-9 |
| 11/6/2007 | INITIAL CASE MANAGEMENT CONFERENCE (CMC) in Courtroom 5, 4th Floor, SJ at 2:00 PM | Civil_L.R._16-10 |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

**STANDING ORDER FOR CIVIL PRACTICE IN
CASES ASSIGNED FOR ALL PURPOSES TO
MAGISTRATE JUDGE PATRICIA V. TRUMBULL**
(rev. 1/5/06)

The parties shall follow the General Orders of the Court for the Northern District of California, the Local Rules, and the Federal Rules of Civil Procedure, except as expressly modified herein. Failure to comply with any of the rules and orders may be deemed sufficient grounds for monetary sanctions, dismissal, entry of default judgment, or other appropriate sanctions. The rules and orders are supplemented and modified as follows:

**I.    CASE MANAGEMENT CONFERENCE**

A Case Management Conference will be held 2:00 p.m. on the date set forth in the Order Setting Initial Case Management Conference that is issued when the case is filed. The Case Management Conference will be held in Courtroom 5, United States Courthouse, 280 South First Street, San Jose, CA 95113. This conference may be continued only on order of the Court; parties may not stipulate to continue a case management conference without leave from the Court.

**II.    MOTION PRACTICE**

**A.    Discovery Motions.** All parties who want their discovery motions before Magistrate Judge Trumbull to be heard on shortened time may serve and file along with their discovery motion, either: 1) a stipulation of the parties pursuant to Local Rule 6-2; or 2) a motion to shorten time under Civil Local Rule 6-3. Otherwise, all discovery matters shall be noticed in accordance with Civil Local Rule 7-2. Upon receipt of the moving papers, this court may in its discretion modify the briefing and hearing schedule.

**B.    Law and Motion Calendar.** Magistrate Judge Trumbull's Civil Law and Motion calendar is heard every Tuesday at 10:00 a.m.

**C.    Dispositive Motions.** Within five (5) court days after any party files a dispositive motion, if written consents to Magistrate Judge jurisdiction have not yet been filed by all parties, all parties who have not yet filed such a consent must notify the court whether they consent to the jurisdiction of the Magistrate Judge. If a party chooses to consent, the attorney of record for the party, or the party if he or she is unrepresented, must sign a document stating that the party consents to the jurisdiction of the Magistrate Judge for any and all proceedings, including trial. Consent forms may be obtained from the clerks office, from the courtroom deputy, or from the court's website at http://www.cand.uscourts.gov. If any party chooses not to consent, the attorney of record or unrepresented party must promptly file a request for reassignment to a District Court Judge. **Magistrate Judge Trumbull will not hear argument on dispositive motions without affirmative, written consents.**

**III.    EFFECT OF REASSIGNMENT TO A DISTRICT COURT JUDGE**                   .

In the event a case that is originally assigned to Judge Trumbull is later reassigned to a District Court Judge in the San Jose Division, and unless otherwise ordered by the court, the case will remain assigned to Judge Trumbull for all discovery matters.

**IV.    TRIAL PRACTICE (FOR COURT OR JURY TRIAL AS APPLICABLE)**

**A.    Ten (10) Court Days Prior to the Pretrial Conference.**

Unless otherwise ordered, if the trial will be a jury trial, the parties shall exchange (but not file) their respective proposed jury instructions in order to begin preparing the joint set of jury instructions required by section IV.B.5., below.

Unless otherwise ordered, the parties shall file the following not less than ten (10) court days prior to the pretrial conference:

1.    **Trial Briefs.**

2.    **Motions *In Limine.***

3.    **Depositions and Discovery Responses.**  One copy of any deposition transcripts and any other discovery responses either party intends to offer as evidence, other than solely for impeachment or rebuttal, shall be lodged (not filed) with the court.  The parties shall highlight the pertinent portions of the deposition transcripts and discovery responses.

4.    **Proposed Voir Dire Questions (Jury Trials Only).**  Proposed voir dire questions shall be submitted to the court.  The examination of trial jurors shall be conducted by the Judge.  The court will also allow limited follow up voir dire by attorneys.  Juror questionnaires are permitted in limited situations.  If the parties wish to submit juror questionnaires, the parties must contact the court well in advance of the pretrial conference to discuss procedures.

6.    **Form of Verdict (Jury Trials Only).**  Each party shall serve and submit to the court its proposed form of verdict on the day of the pretrial conference.  In addition to the paper copy, each party shall also submit a copy of its proposed form of verdict on a computer disk in either ASCii text or WordPerfect format.

7.    **Proposed Findings of Fact and Conclusions of Law (for Non-Jury Trials Only).**  In actions tried to the court without a jury, each party shall file Proposed Findings of Fact and Conclusions of Law no later than the day of the pretrial conference.  In addition to the paper copy, each party shall also submit a copy of its file Proposed Findings of Fact and

Conclusions of Law on a computer disk in either ASCii text or WordPerfect format.

     **8.**    **Joint Pretrial Statement.** The Joint Pretrial Statement shall include the following:

     **a.**    **Substance of the Action.** A brief description of the general nature of the action.

     **b.**    **Stipulations, Agreed Statement and Undisputed Facts.** A statement of: (I) any stipulations requested or proposed for pretrial or trial purposes; (ii) whether all or part of the action may be presented upon an agreed statement of facts; and (iii) all relevant facts not reasonably in dispute, as well as any facts to which the parties will stipulate for the trial record without the necessity of supporting testimony or exhibits.

     **c.**    **Disputed Factual Issues.** A plain and concise statement of all disputed factual issues which remain to be decided.

     **d.**    **Disputed Legal Issues.** Without extended legal argument, a plain and concise statement of each disputed point of law concerning liability, relief, procedure and/or evidence. (When appropriate, full legal argument with citations to statutes and case law should be submitted by way of a Trial Brief.)

     **e.**    **Deposition Excerpts and Discovery Responses.** Pursuant to Fed.R.Civ.P. 26(a)(3), a list of any deposition testimony (by page and lines) or other discovery responses that each party may offer as evidence at trial, other than solely for impeachment or rebuttal.

     **f.**    **Witnesses to be Called.** Pursuant to Fed.R.Civ.P. 26(a)(3), a list of the name of each witness each party expects to call at trial, other than solely for impeachment or rebuttal, together with a brief statement following each name describing the substance of the testimony to be given. Each party shall separately identify those witnesses whom the party expects to call and those witnesses whom the party may call if the need arises.

     **g.**    **Exhibits, Schedules and Summaries.** Pursuant to Fed.R.Civ.P. 26(a)(3), a list of all documents and other items to be offered as exhibits at the trial, other than solely for impeachment or rebuttal. Each item on the list shall be identified by an exhibit number, followed by a brief statement describing its substance or purpose, and the identity of the sponsoring witness. The parties must meet and confer on a division of exhibit numbers which will avoid duplication of numbering. If possible, parties should stipulate to the authenticity and admissibility of exhibits prior to trial. **Any disputes regarding the authenticity and/or**

**admissibility of any exhibits must be brought to the court's attention no later than the Pretrial Conference, or the objections will be deemed waived.**

**h.    Relief Prayed.** A detailed statement of all the relief claimed, particularly itemizing all elements of damages claimed as well as witnesses, documents or other evidentiary material to be presented concerning the amount of those damages.

**I.    Estimate of Trial Time.** An estimate of the number of court days needed for the presentation of each party's case, indicating any possible reductions in time through proposed stipulations, agreed statements of facts, or expedited means of presenting testimony and exhibits.

**j.    Amendments, Dismissals.** A statement of any requested or proposed amendments to pleadings or dismissals of parties, claims or defenses.

**k.    Settlement Discussion.** A statement indicating whether further settlement negotiations would likely be productive.

**l.    Miscellaneous.** A statement describing any other subjects relevant to the trial of the action or material to its just, speedy, and inexpensive determination.

**B.    Five (5) Court Days Prior to the Pretrial Conference.**

Unless otherwise ordered, the parties shall file and serve the following not less than five (5) court days prior to the pretrial conference.

**1.    Oppositions to Motions *In Limine*.**

**2.    Objections to the use of Deposition Excerpts or other Discovery Responses.** Unless otherwise ordered, any objections to excerpts from depositions, or other discovery responses, designated in the Joint Pretrial Statement shall be filed in writing, along with a certification that counsel conferred with opposing counsel regarding any such objections.

**3.    Counter-Designations.** In the event a party contends that a deposition excerpt or other discovery response is incomplete without inclusion of addition deposition excerpts or other discovery responses, the party shall file a counter-designation listing any additional deposition testimony (by page and lines) or other discovery responses it contends are necessary for a complete and fair record. Any objections to the counter-designations shall be served (by fax and mail) and filed the day before the Pretrial Conference (the after-hours drop box may *not* be used for this filing).

4.    **Objections to Voir Dire and Verdict Forms.** Unless otherwise ordered, any objections to use of proposed voir dire or verdict forms shall be filed in writing, along with a certification that counsel conferred with opposing counsel regarding such objections.

5.    **Jury Instructions (Jury Trials Only).** The court has a standard set of preliminary instructions which will be given at the beginning of trial and standard closing instructions which will be given prior to closing argument based upon the MODEL JURY INSTRUCTIONS OF THE NINTH CIRCUIT. The parties should not submit preliminary or closing instructions.

The parties shall file a **joint** set of all proposed substantive instructions, unless specific leave to the contrary is granted by the Court. The Court prefers parties to use the MODEL JURY INSTRUCTIONS OF THE NINTH CIRCUIT or CALIFORNIA JURY INSTRUCTIONS, modified and supplemented as necessary. The parties shall also submit to the court: 1) a copy of all proposed instructions on a computer disk in either WordPerfect, Word or ASCii text format; and 2) an additional copy of the proposed jury instructions in a three-ring binder for the court's use.

In the event parties are unable to agree on the language of a particular instruction, the objecting party shall submit an alternative instruction, placed immediately following the instruction to which an objection is being made, and a brief statement of the ground for the objection. **Challenged instructions must be clearly marked and identified.**

Each proposed instruction shall be written in plain language, comprehensible to jurors, concise and free from argument, cover only one subject which shall be indicated in the caption, and be written out in full on a separate page. On a separate page following each instruction, the parties must provide citation to the authority upon which each instruction is based.

Patricia V. Trumbull
Patricia V. Trumbull
United States Magistrate Judge

-5-

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

Case No. _____

STANDING ORDER REGARDING

CASE MANAGEMENT IN CIVIL CASES

This order sets forth requirements for initial case management in all civil matters assigned to District Judges James Ware, Ronald M. Whyte and Jeremy Fogel, and Magistrate Judges Patricia V. Trumbull, Richard Seeborg, and Howard R. Lloyd. All papers filed must include the case number of the action followed by the initials of the assigned district judge or magistrate judge and, if applicable, the initials of the magistrate judge to whom the action is referred for discovery or other pretrial activity.

Plaintiff shall serve a copy of this Standing Order on all parties to this action and on all parties subsequently joined, in accordance with Fed.R.Civ.P. 4 and 5. Following service, plaintiff shall file a certificate of service in accordance with Civil L.R. 5-6(a).

All disclosure or discovery disputes in cases assigned to district judges are referred to the assigned magistrate judge for determination pursuant to Fed.R.Civ.P. 72(a). Magistrate judges themselves handle disclosure and discovery disputes in the cases assigned to them.

Before selecting a hearing date for a motion before any of the judges of the San Jose Division, counsel must confer with opposing counsel to determine that the proposed hearing date will not cause undue prejudice.

Civil motions under Civil L.R. 7-2 in cases assigned to Judge Ware may be noticed for hearing on any Monday at 9:00 a.m.

Civil motions under Civil L.R. 7-2 in cases assigned to Judge Whyte may be noticed for hearing on any Friday at 9:00 a.m.

1     Civil motions under Civil L.R. 7-2 in cases assigned to Judge Fogel may be noticed for hearing only

2  after contacting Judge Fogel's judicial secretary, Teresa Fleishman, at 408-535-5426 and obtaining an available

3  date.

4     Civil motions under Civil L.R. 7-2 in cases assigned to Magistrate Judge Trumbull may be noticed for

5  hearing on any Tuesday at 10:00 a.m.

6     Civil motions under Civil L.R. 7-2 in cases assigned to Magistrate Judge Seeborg may be noticed for

7  hearing on any Wednesday at 9:30 a.m.

8     Civil motions under Civil L.R. 7-2 in cases assigned to Magistrate Judge Lloyd may be noticed for

9  hearing on any Tuesday at 10:00 a.m.

10     Pursuant to Fed.R.Civ.P. 16 and 26 and Civil L.R. 16-10(a), a Case Management Conference will be

11  held on _____ at _____, at the United States Courthouse, 280

12  South First Street, San Jose, California. This conference may be continued only by court order pursuant to Civil

13  L.R. 16-2(e). Parties may not stipulate to continue a Case Management Conference without court approval.

14     Pursuant to Civil L.R. 16-3, in advance of the Case Management Conference, counsel shall confer with

15  their respective clients and opposing counsel for the purposes specified in Fed.R.Civ.P. 26(f), Civil L.R. 16-8

16  and 16-9, and in patent cases, Patent L.R. 3.1 through 3.6. A meaningful meet and confer process prior to the

17  Case Management Conference and good faith compliance with the requirements of this Order are essential

18  elements of effective case management. Failure to meet and confer, to be prepared for the Case Management

19  Conference or to file a Joint Case Management Conference Statement may result in sanctions. Parties may, but

20  are not required, to attend the Case Management Conference.

21     In all "E-filing" cases when filing papers in connection with any motion for determination by a judge,

22  the parties shall, in addition to filing papers electronically, lodge with chambers a printed copy of the papers by

23  the close of the next court day following the day the papers are filed electronically. These printed copies shall be

24  marked "Chambers Copy" and shall be submitted to the Clerk's Office, in an envelope clearly marked with the

25  judge's name, case number and "E-filing Chambers Copy." Parties shall not file a paper copy of any document

26  with the Clerk's Office that has already been filed electronically.

27  IT IS SO ORDERED.

28  Dated: Effective on the date this order is filed, until further court order.

1

2

3

4      James Ware
       United States District Judge

5

6

7

8      Ronald M. Whyte
       United States District Judge

9

10

11

12     Jeremy Fogel
       United States District Judge

13

14

15     Patricia V. Trumbull
       United States Chief Magistrate Judge

16

17

18     Richard Seeborg
       United States Magistrate Judge

19

20

21

22     Howard R. Lloyd
       United States Magistrate Judge

23

24

25

26

27

28

3

**STANDING ORDER FOR ALL JUDGES OF THE NORTHERN DISTRICT OF CALIFORNIA**

**CONTENTS OF JOINT CASE MANAGEMENT STATEMENT**

Commencing March 1, 2007, all judges of the Northern District of California will require the identical information in Joint Case Management Statements filed pursuant to Civil Local Rule 16-9. The parties must include the following information in their statement which, except in unusually complex cases, should not exceed ten pages:

1.    Jurisdiction and Service:  The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding personal jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.

2.    Facts: A brief chronology of the facts and a statement of the principal factual issues in dispute.

3.    Legal Issues: A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.

4.    Motions: All prior and pending motions, their current status, and any anticipated motions.

5.    Amendment of Pleadings: The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.

6.    Evidence Preservation: Steps taken to preserve evidence relevant to the issues reasonably evident in this action, including interdiction of any document-destruction program and any ongoing erasures of e-mails, voice mails, and other electronically-recorded material.

7.    Disclosures: Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made.

8.    Discovery: Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, and a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f).

9.    Class Actions: If a class action, a proposal for how and when the class will be certified.

10.    Related Cases: Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.

11.    Relief: All relief sought through complaint or counterclaim, including the amount of any

-1-

damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.

12.    Settlement and ADR: Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.

13.    Consent to Magistrate Judge For All Purposes: Whether all parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

14.    Other References: Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15.    Narrowing of Issues: Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.

16.    Expedited Schedule: Whether this is the type of case that can be handled on an expedited basis with streamlined procedures.

17.    Scheduling: Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.

18.    Trial: Whether the case will be tried to a jury or to the court and the expected length of the trial.

19.    Disclosure of Non-party Interested Entities or Persons: Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16. **In addition**, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

20.    Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.

OFFICE OF THE CLERK
# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

RICHARD W. WIEKING
CLERK

280 SOUTH FIRST STREET
SAN JOSE, CA. 95113
408-535-5364

## WELCOME TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, CLERK'S OFFICE, SAN JOSE DIVISION

In addition to the Local Rules, the following guidelines have been provided to ensure that the filing process is accomplished with ease and accuracy. Please help us to assist in making your visit to the U.S. District Court Clerk's Office productive and worthwhile.

1. When submitting a Proof of Service that is not attached to the back of a document, you must attach a cover sheet showing case caption and number in accordance with the Local Rules.

2. Appropriate sized self-addressed envelopes are to be included with proposed orders or when filing documents by mail.

3. In order to facilitate the file stamping process, original documents should be submitted on top of their copies. In other words, group like or corresponding documents together.

4. This office will retain the ORIGINAL plus ONE COPY of most documents submitted. We will conform as many copies as you bring (*within reason*) for your use.

5. The copies retained go directly to the assigned judge or magistrate judge. *Courtesy copies, or instructions for couriers to delivery a copy directly to chambers are inappropriate unless you have been instructed to do so by court order.*

6. The document caption should include the appropriate judge or magistrate judge who is involved in that particular matter or before whom an appearance is being made.

7. The case number must include the initials of the judge and magistrate judge as well as the initials designating the case to Early Neutral Evaluation (ENE) or Arbitration (ARB).

8. The case number must include whether it is a civil or criminal matter by the inclusion of a "C" or "CR" at the beginning of the number.

9. Documents must be stapled and/or ACCO fastened at the top. NO BINDER CLIPS OR RUBBER BANDS PLEASE.

10. Two holes-punched at the top of bulky or thick documents at the top of pages will facilitate processing.

## NORTHERN DISTRICT OF CALIFORNIA SAN JOSE DIVISION
### CRIMINAL AND CIVIL LAW AND MOTION/TRIAL/SETTLEMENT/CASE MANAGEMENT/DISMISSAL HEARING SCHEDULES

### FOGEL (JF) – COURTROOM #3, 5ᵀᴴ FLOOR

| | | |
|---|---|---|
| Civil: | Friday | @ 9:00 A.M. |
| Criminal: | Wednesday | @ 9:00 A.M. |
| CMC: | Friday | @ 10:30 A.M. |
| Pretrial: | Friday | @ 11:00 A.M. & (10) days before Trial |
| Trial:  Jury Selection: | Friday | @ 1:30 P.M. |

### LLOYD (HRL) – COURTROOM #2, 5ᵀᴴ FLOOR

| | | |
|---|---|---|
| Civil: | Tuesdays | @ 10:00 A.M. |
| Criminal: | Thursdays | @ 9:30 A.M. |
| CMC: | Tuesdays | @ 1:30 P.M. |
| Pretrial: | Tuesday | @ 1:30 P.M. |

### TRUMBULL (PVT) – COURTROOM #5, 4ᵀᴴ FLOOR

| | | |
|---|---|---|
| Civil: | Tuesday | @ 10:00 A.M. |
| Criminal: | Thursday | @ 9:30 A.M. & 2:00 P.M. |
| Stat/CMC: | Tuesday | @ 2:00 P.M. |
| Pretrial: | Tuesday | @ 2:00 P.M. |
| Trial: | Monday | @ 9:30 A.M. |

### WARE (JW) – COURTROOM #8, 4ᵀᴴ FLOOR

| | | |
|---|---|---|
| Civil: | Monday | @ 9:00 A.M. |
| Criminal: | Monday | @ 1:30 P.M. |
| CMC: | Monday | @ 10:00 A.M. |
| Criminal Pretrial: | Monday | @ 1:30 P.M. |
| Civil Pretrial: | Monday | @ 3:00pm & two weeks before Trial |
| Trial:  Jury Selection: | Tuesday | @ 9:00 A.M. |
| Testimony: | Tuesday/ Wednesday/Thursday/Friday | |

### SEEBORG (RS) – COURTROOM #4, 5ᵀᴴ FLOOR

| | | |
|---|---|---|
| Civil: | Wednesday | @ 9:30 A.M. |
| Criminal: | Thursday | @ 9:30 A.M. |
| CMC: | Wednesday | @ 2:30 P.M. |
| Pretrial: | Wednesday | @ 1:30 P.M. |
| Trial: | Monday | @ 9:00 A.M. |

### WHYTE (RMW) – COURTROOM #6, 4ᵀᴴ FLOOR

| | | |
|---|---|---|
| Civil: | Friday | @ 9:00 A.M. |
| Criminal: | Monday | @ 9:00 A.M. |
| CMC: | Friday | @ 10:30 A.M. |
| Pretrial: | Thursday | @ 2:00 P.M. and 20 days before Trial |
| Trial: | Monday | @ 1:30 P.M. |

Rev: 3/13/01:lg
Updated: 08/08/02
Updated:4/22/04:bjw
Updated 11/29/05bjw

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

NOTICE OF ASSIGNMENT OF CASE
TO A UNITED STATES MAGISTRATE JUDGE

Pursuant to General Order 44, the Assignment Plan of the United States District Court for the Northern District of California, this case has been assigned for all purposes to the Magistrate Judge whose initials appear following your case number.

In accordance with Title 28 U.S.C. 636( c ), with written consent of all parties, this magistrate judge shall conduct any and all proceedings in this case, including a jury or non-jury trial and entry of final judgment. An appeal from a judgment entered by magistrate judge may be taken directly to the United States Court of Appeals in the same manner as an appeal from any other judgment of the district court. You may, however, without adverse consequences, decline to consent to the assignment of the magistrate judge for all purposes. Both a consent form and a declination form have been provided to you. Please complete the form that corresponds to your choice and promptly return to the Court.

In the event that you decline the assignment of the magistrate judge for all purposes, in accordance with Title 28 U.S.C. 636 (b)(1)(a) and General Order 44, that magistrate judge nevertheless has been designated to and will hear and determine pretrial matters not dispositive of a claim or defense.

The plaintiff or removing party shall serve a copy of this notice upon all other parties to this action pursuant to Federal Rule of Civil Procedure 4 and 5.

FOR THE COURT;
RICHARD W. WIEKING, CLERK

By _____
Deputy Clerk

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

No.  C

Plaintiff(s),

**CONSENT TO PROCEED BEFORE A
UNITED STATES MAGISTRATE JUDGE**

v.

Defendant(s).

_____/

CONSENT TO PROCEED BEFORE A UNITED STATES MAGISTRATE JUDGE

In accordance with the provisions of Title 28, U.S.C. Section 636(c), the undersigned party hereby voluntarily consents to have a United States Magistrate Judge conduct any and all further proceedings in the case, including trial, and order the entry of a final judgment. Appeal from the judgment shall be taken directly to the United States Court of Appeals for the Ninth Circuit.

Dated: _____

_____
Signature

Counsel for _____
(Plaintiff, Defendant or indicate "pro se")

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

No. C

|  |  |
|--|--|
| Plaintiff(s), | **DECLINATION TO PROCEED BEFORE A MAGISTRATE JUDGE**<br>**AND**<br>**REQUEST FOR REASSIGNMENT TO A UNITED STATES DISTRICT JUDGE** |

v.

Defendant(s).

_____/

REQUEST FOR REASSIGNMENT TO A UNITED STATES DISTRICT JUDGE

The undersigned party hereby declines to consent to the assignment of this case to a United States Magistrate Judge for trial and disposition and hereby requests the reassignment of this case to a United States District Judge.

Dated: _____          Signature_____

                                      Counsel for _____
                                      (Plaintiff, Defendant, or indicate "pro se")

# U.S. District Court Northern California

## ECF Registration Information Handout

The case you are participating in has been designated for this court's Electronic Case Filing (ECF) Program, pursuant to Civil Local Rule 5-4 and General Order 45. This means that you **must** (check off the boxes ☑ when done):

☐  **1) Serve** this ECF Registration Information Handout on **all** parties in the case along with the complaint, or for removals, the removal notice. DO NOT serve the efiler application form, just this handout.

Each attorney representing a party must also:

☐  **2) Register** to become an efiler by filling out the efiler application form. Follow ALL the instructions on the form carefully. If you are already registered in this district, do not register again, your registration is valid for life on all ECF cases in this district.

☐  **3) Email** (do not efile) the complaint and, for removals, the removal notice and all attachments, in PDF format within ten business days, following the instructions below. You do not need to wait for your registration to be completed to email the court.

☐  **4)** Access dockets and documents using **PACER** (Public Access to Court Electronic Records). If your firm already has a PACER account, please use that – it is not necessary to have an individual account. PACER registration is free. If you need to establish or check on an account, visit: **http://pacer.psc.uscourts.gov** or call **(800) 676-6856**.

BY SIGNING AND SUBMITTING TO THE COURT A REQUEST FOR AN ECF USER ID AND PASSWORD, YOU CONSENT TO ENTRY OF YOUR E-MAIL ADDRESS INTO THE COURT'S ELECTRONIC SERVICE REGISTRY FOR ELECTRONIC SERVICE ON YOU OF ALL E-FILED PAPERS, PURSUANT TO RULES 77 and 5(b)(2)(D) (eff. 12.1.01) OF THE FEDERAL RULES OF CIVIL PROCEDURE.

**All subsequent papers submitted by attorneys in this case shall be filed electronically. Unrepresented litigants must file and serve in paper form, unless prior leave to file electronically is obtained from the assigned judge.**

ECF registration forms, interactive tutorials and complete instructions for efiling may be found on the ECF website: **http://ecf.cand.uscourts.gov**

Version 5/14/2007

**<u>Submitting Initiating Documents</u>**
PDF versions of all the initiating documents originally submitted to the court (Complaint or Notice of Removal, exhibits, etc.) must be **emailed (not efiled)** to the **PDF email box for the presiding judge** (not the referring judge, if there is one) **within 10 (ten) business days** of the opening of your case. For a complete list of the email addresses, please go to: **http://ecf.cand.uscourts.gov** and click on **[Judges]**.

You must include the case number and judge's initials in the <u>subject line</u> of all relevant emails to the court. You do not need to wait for your registration to email these documents.

These documents must be emailed instead of e-filed to prevent duplicate entries in the ECF system. All other documents must be e-filed from then on. You do not need to efile or email the Civil Cover Sheet, Summons, or any documents issued by the court at case opening; note that you do need to efile the Summons Returned.

**<u>Converting Documents to PDF</u>**
Conversion of a word processing document to a PDF file is required before any documents may be submitted to the Court's electronic filing system. Instructions for creating PDF files can be found at the ECF web site: **http://ecf.cand.uscourts.gov**, and click on **[FAQ]**.

**Email Guidelines:** When sending an email to the court, the subject line of the email **must** contain the **case number, judge's initials** and the **type of document(s)** you are sending, and/or the topic of the email.

**Examples:** The examples below assume your case number is 03-09999 before the Honorable Charles R. Breyer:

| Type of Document | Email Subject Line Text |
|---|---|
| Complaint Only | 03-09999 CRB Complaint |
| Complaint and Notice of Related Case | 03-09999 CRB Complaint, Related Case |
| Complaint and Motion for Temporary Restraining Order | 03-09999 CRB Complaint, TRO |

**Questions**
Almost all questions can be answered in our **FAQ**s at
**http://ecf.cand.uscourts.gov**, please check them first.

You may also email the ECF Help Desk at ECFhelpdesk@cand.uscourts.gov or
call the toll-free ECF Help Desk number at: (866) 638-7829.

The ECF Help Desk is staffed Mondays through Fridays from
9:00am to 4:00pm Pacific time, excluding court holidays.

OFFICE OF THE CLERK
# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

RICHARD W. WIEKING
CLERK

280 SOUTH FIRST STREET
SAN JOSE, CA. 95113
408-535-5364

# NOTICE OF ELECTRONIC AVAILABILITY
## OF CASE FILE INFORMATION

The Office of the Clerk is now accepting many electronically filed documents and making the content of these documents available on the court's Internet website via <u>PACER</u>. Any subscriber to PACER will be able to read, download, store and print the full content of electronically filed documents. The Clerk's Office will not make electronically available documents that have been sealed or otherwise restricted by court order.

In response to the increased online accessibility of court documents, the judges of the Northern District recently adopted <u>General Order No. 53</u>, a copy of which is attached.

Counsel are strongly urged to share a copy of General Order No. 53 with all clients so that an informed decision about the inclusion, redaction and/or exclusion of certain materials may be made. It is the sole responsibility of counsel and the parties to be sure that all documents comply with General Order No. 53. The clerk will not review documents for redaction.

## GENERAL ORDER NO. 53

### PRIVACY

**A. Personal Identifiers.**

In compliance with the policy of the Judicial Conference of the United States and the E-Government Act of 2002 (PL 107-347), and in order to promote electronic access to case files while also protecting personal privacy and other legitimate interests, parties must refrain from including, or must redact where inclusion is necessary, the following personal data identifiers from all pleadings and other papers filed with the Court in civil actions, including exhibits thereto, whether filed electronically or in paper , unless otherwise ordered by the Court, pursuant to B., below.

> **1. Social Security numbers.** If an individual's social security number must be included in a pleading or other paper, only the last four digits of that number should be used.

> **2. Names of minor children.** If the involvement of a minor child must be mentioned, only the initials of that child should be used.

> **3. Dates of birth.** If an individual's date of birth must be included in a pleading or other paper, only the year should be used.

> **4. Financial account numbers.** If financial account numbers are relevant, only the last four digits of these numbers should be used.

**B. Filing.**

In compliance with the E-Government Act of 2002, a party wishing to file a document containing the personal data identifiers listed above may file an unredacted document under seal by following the procedures prescribed in Civil L.R. 79-5. This document shall be retained by the Court as part of the record. The party must file a redacted copy for the public file.

**C. Responsibility.**

The responsibility for redacting these personal identifiers rests solely with counsel and the parties. The Clerk will not review each pleading or other paper for compliance with this general order.

ADOPTED BY THE COURT: May 21, 2002          FOR THE COURT:
AMENDED: April 15, 2003


                                        _/S/_ Marilyn Hall Patel_____
                                        Marilyn Hall Patel
                                        Chief Judge

GENERAL ORDER NO. 40

PROHIBITION OF BIAS

Prologue

The Court is committed to ensuring that all forms of bias and prejudice are eliminated from the practice of law in our district. Accordingly, the Court enacts the following General Order and shall amend its local rules to implement the policy set forth herein. It should be noted that the General Order is intended to govern the conduct of attorneys and litigants since existing law already places a duty of fair treatment on judges and court employees. While the enforcement procedures set forth in paragraphs (2) through (6) apply only to attorneys, paragraph (1) calls upon all participants involved in court business to treat all individuals with respect and courtesy.

Duties and Procedures

(1) The practice of law before the United States District Court for the Northern District of California must be free from prejudice and bias in any form. Treatment free of bias must be accorded all other attorneys, litigants, judicial officers, court-room jurors or support personnel. The duty to exercise nonbiased behavior includes the responsibility to avoid comment or behavior manifesting prejudice or bias toward another. This duty is owed by all attorneys, judges, judicial officers and court personnel in connection with cases pending before the district court.

(2)   The purpose of the facilitation process set forth herein
shall be principally to promote understanding and education through
voluntary peer review of biased behavior.  To implement the policy
set forth in paragraph (1), the Court shall appoint a committee of
attorneys practicing in the Northern District to constitute the
Advisory Committee on Professional Conduct ("the Committee").  The
roster of the Committee shall remain on file with the Clerk of the
Court.  It shall be the responsibility of the Committee, serving at
the discretion of the Court as an advisory adjunct, to hear com-
plaints of biased behavior and to provide a forum for the voluntary
resolution of conflicts of this nature.

(3)   Upon being directly notified of an alleged violation of
paragraph (1) or upon referral from the Court, the chair of the
Committee shall, after consultation with the complaining party, ap-
point a member of the Committee or other appropriate, neutral fa-
cilitator who shall provide the parties a copy of this rule, and
then attempt to facilitate a resolution of the matter.  When deemed
necessary in a particular case by the Committee, the chair of the
Committee may appoint a facilitator who is not on the roster.  Par-
ticipation by the parties shall be voluntary, but the Court, by
this rule, encourages participation.  All matters that are the
subject of facilitation, including the names of the parties, shall
remain absolutely confidential.

(4)   Attorneys are encouraged to resolve alleged violations of
paragraph (1) informally, without resort to the processes set forth

herein. If attempts at informal resolution fail or would be inap-
propriate, an alleged violation of paragraph (1) may be raised
through:  a) referral to the Committee; or b) formal presentation
to the Court. When the matter has been presented to the Court, the
Court has discretion to send the matter to the Committee for facil-
itation. However, nothing in this rule shall affect the Court's
inherent power to use its processes to ensure that the practice of
law before the Court is free from bias. Where a Judge or Magis-
trate Judge is alleged to have engaged in biased behavior, enforce-
ment of paragraph (1) shall be made with reference to Title 28
U.S.C. §372(c) and to the Rules of the Judicial Council of the
Ninth Circuit Governing Complaints of Judicial Misconduct or
Disability.

(5)  All communications by the parties and witnesses pursuant
to an investigation under this rule shall be deemed confidential.
Unless required by law, the Committee shall not retain written
records of the facilitation processes. However, the Committee may
collect data on types of alleged violations or underlying anecdotes
that might be useful in educational programs, provided that the
identities of participants shall not be disclosed.

(6)  Notwithstanding the foregoing, any violation of paragraph
(1) committed in the presence of the Court should be addressed
promptly by the Court. Any violation, whether or not committed in
the presence of the Court (such as misconduct in the presence of
witnesses or jurors), that affects the integrity of the judicial

3

process should be promptly raised with the Court.

ADOPTED:    January 10, 1995

4

**GENERAL ORDER NO. 45**

**ELECTRONIC CASE FILING**

I.      **Rules and Orders.**

A. Authorization. Local Rule 5-4 authorizes electronic filing in conjunction with Federal Rule of Civil Procedure 5(e) and Federal Rule of Criminal Procedure 49(b) and (d). The following policies shall govern electronic filing in this district.

B. Modification by the court. In extraordinary circumstances in a particular case, a judge may modify these policies in the interest of justice.

C. Applicability of Other Rules and Orders. Unless modified by approved stipulation or order of the court or a judge, all Federal Rules of Civil and Criminal Procedure, Local Rules, and orders of the court shall continue to apply to cases which are subject to electronic filing.

II.      **Definitions and Instructions.**

The following definitions and instructions shall apply to these policies regarding electronic filing:

A. The term "ECF" refers to the court's Electronic Case File program.

B. The term "ECF web site" refers to the official Electronic Case File Internet site of the Northern District of California at http://ecf.cand.uscourts.gov.

C. "Electronic Filing" refers to the process of logging in to the court web site and completing a transaction which includes the uploading of the document(s) comprising the filing to the court's system. Sending a document by email does not constitute an electronic filing.

D. The term "party" shall include counsel of record.

E. An "ECF User", as set forth in Section 4 below, is a person who is registered to use the ECF site. An ECF login is an attorney's individual electronic signature equivalent.

F. The "E-Mail Address of Record" is the e-mail address of each party to the case as maintained by the Clerk.

G. A "Notice of Electronic Filing" is generated automatically by the ECF system upon completion of an electronic filing. The Notice of Electronic Filing when e-mailed to the e-mail addresses of record in the case acts as the proof of service.

H. All hours stated shall be Pacific time.

I. All days are calculated according to the provisions of Federal Rule of Civil Procedure 6(a).

J. "PACER" is the Federal Judiciary's system for Public Access to Court Electronic Records. A PACER account is required for retrieving documents from the ECF system as it is for most Judiciary online systems. A firm may register for a PACER account by visiting the PACER Service Center's web site at http://pacer.psc.uscourts.gov.

K. Procedures and instructions for using the Court's ECF system consistent with these policies may be found on the ECF web site. The ECF web site, as well as providing access to filing and retrieval of documents, also contains instructions, a user manual, tutorials, an extensive posting concerned with Frequently Asked Questions ("FAQs"), bulletins of changes in the program, including its software, etc.

L. The term "PDF" refers to Portable Document Format, a specific computer file format which is the only format in which a document may be electronically filed. Information about PDF can be found on the ECF web site. (See also Sec. VI.B.)

**III.    Selection of Cases.**

Except for certain types of cases, all cases shall be presumptively designated for participation in the court's ECF program. A list of the types of cases exempt from e-filing may be found on the ECF web site. In the event that a pro se party obtains counsel in a case which had been excluded from e-filing because of pro se party status, the case will be automatically designated for the e-filing program.

**IV.    Registration, Appearance and Access.**

A. Obligation to Register. Each attorney of record is obligated to become an ECF User and be assigned a user ID and password for access to the system upon notification that the action is subject to ECF. Registration shall be on a form prescribed by the Clerk. Attorneys of record who fail to register timely shall be subject to such sanctions as may be imposed by the Court.

B. Obligation to Keep Account Information Current. An e-filer login account is a permanent, individual electronic signature equivalent for a particular attorney. Registered attorneys are required to keep their account information current. Account information may be updated online at the ECF web site.

C. Notification of Appearance. Because the ECF system's e-mailed Notices of Electronic Filing (see Sec. II.G) will only be delivered to the original addressee, it is important to keep the list of counsel current. Counsel shall follow these instructions:
    1.) A Notice of Appearance should be filed whenever counsel joins a case.

2

2.) In the event that counsel from the same firm replace one another as representatives of a client, a Notice of Substitution of Counsel shall be filed.
3.) In the event that a particular counsel ceases to be involved with a case when the party is still represented by other counsel, a Notice of Change in Counsel shall be filed.
4.) The withdrawal of a party's sole remaining counsel is governed by Civil Local Rule 11-5 and requires an order of the court.
5.) The replacement of one firm by another as counsel for a party also requires an order of the court.

Upon receipt of the preceding notifications, the Clerk of Court will update the record of appearances of counsel.

D.  Authorizing Use of User ID and Password by Others.  An ECF User may authorize another person to file a document using the User ID and Password of the ECF User, and the ECF User shall retain full responsibility for any document so filed.

E. Access.
1.) Filing: Only an ECF user as defined in Section IV.A may file documents.
2.) Retrieval: Any person may review at the clerk's office all filings, electronic or paper, that have not been sealed by the court.  Any person also may access the Electronic Filing System at the court's ECF web site by obtaining a PACER log-in and password.  Any person who has PACER access may retrieve online docket sheets in civil and criminal cases which are not sealed, and may retrieve online documents which are not sealed with the following exceptions:

a.) Exceptions in Civil Cases: Any person who has PACER access may retrieve online electronically filed documents in civil cases other than Social Security appeals. Only counsel for a party to the case may retrieve online documents in a Social Security appeal.

b.) Exceptions in Criminal Cases (Limited Access filings): Any person who has PACER access may retrieve online electronically filed documents in criminal cases, except that counsel in criminal cases may designate particular filings as "Limited Access" if they contain sensitive personal information. Any document, filed in response to a Limited Access filing, that also refers to the personal information shall also be designated as Limited Access.  The words LIMITED ACCESS shall be prominently displayed on any such documents so designated. Such documents can be retrieved at the clerk's office but may not be retrieved online.

V.    Filing and Service of Documents.

A. Initiating Documents.  Complaints, indictments and informations, including superseding indictments and informations,  and other case-initiating documents shall be filed, any fees paid, and summons issued and served in the traditional manner on paper rather than electronically.  For cases subject to ECF pursuant to Section III. above, all

previously filed documents shall be submitted in electronic form (PDF format only) within ten days. Submission of initiating documents must be made by email rather than by e-filing. A list of email addresses for the submission of PDF documents may be found at the ECF web site. In Bankruptcy appeal and Social Security appeal cases, the record from the court or agency below shall not be submitted electronically, but shall be submitted on paper only. Failure to email PDF copies of initiating documents timely shall be subject to such sanctions as may be imposed by the Court.

B. Documents Filed on Paper in Cases Designated for ECF. Whenever a paper filing is made of any document in a case designated for e-filing, the document shall be submitted in electronic form (PDF format only) within ten days via email to the appropriate email address. A list of email addresses for the submission of PDF documents may be found at the ECF web site.

C. Documents E-Filed in Cases Not Designated for ECF. Filings in cases not designated for electronic filing should be made on paper only. In the event a document is e-filed in a case not designated for electronic filing, the document must be submitted to the court for the purpose of completing the paper file; the document should not be filed again. The filer of the document should mark the paper copy clearly with "E-filed on [date]. Copy for paper file".

D. Service and Answer. Upon the filing of a complaint in an action which is subject to ECF, the plaintiff(s) shall serve notice upon the defendant(s) that the action is subject to ECF, and shall serve the ECF handout, received by the filer at the time of opening the case which contains information necessary for registration, together with the complaint. The defendant shall register to become an ECF User following the procedures outlined at the ECF web site if not already registered. If the defendant is a registered ECF User pursuant to Section II.D above, the answer shall be filed electronically. If the defendant is unable to electronically file the answer or other responsive document, it may be filed non-electronically, and the defendant shall within ten days submit the answer or other responsive documents in electronic form (PDF format only), to an e-mail address for that purpose which may be found on the ECF web site, for attachment to docket entries previously made by the Clerk's Office.

## VI.  Electronic Filing.

A. Generally. In any case subject to electronic filing, all documents required to be filed with the Clerk shall be filed electronically on the ECF web site, except as provided otherwise in Section VII or authorized otherwise by the court.

B. Format. Documents filed electronically must be submitted in the PDF format. Documents which the filer has in an electronic format must be converted to PDF from the word processing original, not scanned, to permit text searches and to facilitate transmission

and retrieval. Only documents of which the filer possesses only a paper copy may be scanned to convert them to PDF format. (See Section X. for rules governing the filing of documents with signatures not those of the e-filer.)

C. Completion of Filing. Electronic transmission of a document consistent with the procedures adopted by the court shall, upon the complete receipt of the same by the Clerk and together with the receipt of a Notice of Electronic Filing from the court, constitute filing of the document for all purposes of the Federal Rules of Civil and Criminal Procedure and the Local Rules of this Court, and shall constitute entry of that document onto the docket maintained by the Clerk pursuant to Federal Rules of Civil Procedure 58 and 79, and to Federal Rules of Criminal Procedure 49 and 55.

D. Deadlines. Filing documents electronically does not alter any filing deadlines. All electronic transmissions of documents must be completed (i.e., received completely by the Clerk's Office) prior to midnight in order to be considered timely filed that day. Where a specific time of day deadline is set by Court order or stipulation, the electronic filing shall be completed by that time. Although parties can file documents electronically 24 hours a day, attorneys and parties are strongly encouraged to file all documents during normal working hours of the Clerk's Office when assistance is available.

E. Technical Failures. The Clerk shall deem the ECF web site to be subject to a technical failure on a given day if the site is unable to accept filings continuously or intermittently over the course of any period of time greater than one hour after 12:00 noon that day, in which case filings due that day which were not filed due solely to such technical failures shall become due the next business day. Such delayed filings shall be accompanied by a declaration or affidavit attesting to the filing person's failed attempts to file electronically at least two times after 12:00 noon separated by at least one hour on each day of delay due to such technical failure. The initial point of contact for any practitioner experiencing difficulty filing a document into the ECF system shall be the toll-free number posted on the ECF web site.

F. Docket. The record of filings and entries created by the ECF system for each case shall constitute the docket.

G. Courtesy Copies. In all cases subject to ECF, in addition to filing papers electronically, the parties are required to lodge for chambers no later than noon on the business day following the day that the papers are filed electronically, one paper copy of each document that is filed electronically. These printed copies shall be marked "Chambers Copy" and shall be clearly marked with the judge's name, case number, and "Chambers Copy-Do Not File." The printed copies shall be delivered to the Clerk's Office. Parties shall not file a paper copy of any document with the Clerk's Office that has already been filed electronically.

VII.  **Manual Filing.**

A. Generally. Parties otherwise participating in ECF may be excused from filing a particular component electronically if it is not available in electronic format and it is not feasible for the filer to convert it to electronic format by scanning it. Such component shall not be filed electronically, but instead shall be manually filed with the Clerk of Court and served upon the parties in accordance with the applicable Federal Rules of Civil and Criminal Procedure and the Local Rules for filing and service of non-electronic documents. Parties manually filing a component shall file electronically a Manual Filing notification setting forth the reason(s) why the component cannot be filed electronically. Further information regarding the notification of the manual filing of a document can be found on the ECF web site.

1. Exhibits. Exhibits whose electronic original is not available to the filer and must therefore be scanned to PDF should be filed electronically only when the size of the document does not exceed the limit specified on the ECF web site. Scanning documents often produces files which are too large to be readily usable. Exhibits which are filed on paper because they are too large to scan should be represented in the electronic filing by a Notice of Manual Filing attached in place of the actual document.

B. Exclusions. Some types of documents shall only be filed conventionally and not electronically unless specifically authorized by the court. A list of documents to be filed manually may be found on the ECF web site.

## VIII. Proposed Orders.

A. Generally. In addition to being filed, proposed orders in cases designated for e-filing shall be lodged with the court by being transmitted by electronic mail to the specific addresses for that purpose which may be found on the ECF web site.

B. Format. Documents transmitted pursuant to this section shall be submitted in an approved format, a list of which can be found on the ECF web site. When a proposed order accompanies a filing, a copy of the proposed order in PDF format should also be attached to its electronically filed document (e.g., stipulations and motions.)

## IX. Service of Electronically Filed Documents.

A. Generally. Parties in cases subject to ECF shall make available electronic mail addresses for service. Upon the filing of a document by a party, an e-mail message will be automatically generated by the electronic filing system and sent to all parties in the case. Receipt of this message shall constitute service on the receiving party. In addition to receiving e-mail notifications of filing activity, the parties are strongly encouraged to check the docket in their case on the electronic filing system at regular intervals. A PACER account will be necessary to check the electronic docket.

B. Parties in Cases Subject to ECF. The automatic e-mail message generated by the ECF system and sent to all parties whose e-mail addresses have been registered in the case, as described in Section A. above, shall constitute service on the attorney or other persons in a case subject to ECF.

C. Parties Who Have Not Registered as ECF Users.

1. Third Party Defendants. Upon the filing of a third-party complaint in an action which is subject to ECF, the third-party plaintiff(s) shall serve notice upon the third-party defendant that the action is subject to ECF, and shall serve the ECF handout, received by the filer at the time of opening the case which contains information necessary for registration, together with the third-party complaint. The third-party defendant shall register to become an ECF User following the procedures outlined at the ECF web site if not already registered. If the third-party defendant is a registered ECF User pursuant to Section II.D above, the third-party answer shall be filed electronically. If the third-party defendant is unable to electronically file the answer or other responsive document, it may be filed non-electronically, and the defendant shall within ten days submit the answer or other responsive documents in electronic form (PDF format only), to an e-mail address for that purpose which may be found on the ECF web site, for attachment to docket entries previously made by the Clerk's Office.

2. Others. In an action subject to ECF, when service of a document other than a third-party complaint is required to be made upon a person who is not a registered ECF User, a paper copy of the document shall be served on the person (as otherwise required by the Federal Rules of Civil and Criminal Procedure or the Local Rules), along with a copy of the ECF handout received by the filer at the time of opening the case which contains information necessary for registration. If the person so served is permitted or required to respond to the document, such time to respond shall be computed without regard to ECF. The person shall register to become an ECF User following the procedures outlined at the ECF web site if not already registered. If the person is a registered ECF User pursuant to Section II.D above, the responsive document shall be filed electronically. If the defendant is unable to electronically file the responsive document, it may be filed non-electronically, and the defendant shall within ten days submit the responsive document in electronic form (PDF format only), to an e-mail address for that purpose which may be found on the ECF web site, for attachment to docket entries previously made by the Clerk's Office.

D. Service of the Court's Orders. Orders filed by the court in cases designated for electronic filing will be served only via the email Notice of Electronic Filing. No paper service will be made by the court.

7

## X.    Signatures.

A document filed with the court electronically shall be deemed to be signed by a person (the "Signatory") when the document identifies the person as a Signatory and the filing complies with either subparagraph A or B. Any filing in accordance with any of these methods shall bind the Signatory as if the document were physically signed and filed, and shall function as the Signatory's signature, whether for purposes of Rule 11 of the Federal Rules of Civil Procedure, to attest to the truthfulness of an affidavit or declaration, or for any other purpose.

All orders, decrees, judgments, and proceedings of the court will be filed in accordance with these rules which will constitute entry on the docket kept by the clerk under Federal Rules of Civil Procedure 58 and 79 and Federal Rules of Criminal Procedure 49 and 55. All signed orders will be filed electronically by the court or court personnel. Any order filed electronically without the original signature of a judge has the same force and effect as if the judge had affixed the judge's signature to a paper copy of the order and it had been entered on the docket in a conventional manner.

A. ECF Users. In the case of a Signatory who is an ECF User, such document shall be deemed signed, regardless of the existence of a physical signature on the document, provided that such document is filed using the User ID and Password of the Signatory.

B. Others. In the case of a Signatory who is not an ECF User, or who is an ECF User but whose User ID and Password will not be utilized in the electronic filing of the document, as in the case of documents requiring multiple signatures, the filer of the document shall list thereon all the names of any other signatory or signatories. The filer shall attest that concurrence in the filing of the document has been obtained from each of the other signatories, or from the single signatory (in the case, e.g., of a declaration) which shall serve in lieu of their signature(s) on the document. The filer's attestation may be incorporated in the document itself, or take the form of a declaration to be attached to the document. The filer shall maintain records to support this concurrence for subsequent production for the court if so ordered or for inspection upon request by a party until one year after final resolution of the action (including appeal, if any). The filer may attach a scanned image of the signature page(s) of the document being electronically filed in lieu of maintaining the paper record for subsequent production if required.

C. Criminal Cases. Any document signed by a criminal defendant shall be scanned in its entirety to insure that an image of the defendant's signature is visible in the filing, notwithstanding the provisions of Section VI.B. Any document with multiple signatories in a criminal case shall be scanned in its entirety. Certain documents which may be used by other agencies shall be scanned in their entirety to include images of the signatures; a list of such documents will be found on the ECF web site.

## XI.    Record on Appeal.

8

Until such time as the United States Courts of Appeals for the Ninth Circuit and the Federal Circuit institute rules and procedures to accommodate Electronic Case Filing, notices of appeal to those courts shall be filed, and fees paid, in the traditional manner on paper rather than electronically. All further documents relating to the appeal shall be filed and served in the traditional manner as well. Appellant's counsel shall provide paper copies of the documents that constitute the record on appeal to the District Court Clerk's Office.

## XII.    Access to Rules.

These policies, as well as operational guidelines and instructions, shall be posted on the ECF web site and may be published in official legal newspapers in this district. Any amendments to ECF procedures shall be similarly published.

ADOPTED:  12/15/98                    FOR THE COURT:
AMENDED: 1/16/01
AMENDED: 2/12/02
AMENDED: 4/8/03
AMENDED: 11/18/04                    /s/ Vaughn R Walker
                                     _____
                                     United States District Chief Judge

9

AO 398 (12/93)

# NOTICE OF LAWSUIT AND REQUEST FOR
# WAIVER OF SERVICE OF SUMMONS

TO:  (A) _____

as  (B) _____ of (C) _____

A lawsuit has been commenced against you (or the entity on whose behalf you are addressed.)
A copy of the complaint is attached to this notice. It has been filed in the United States District Court
for the (D) _____ Northern _____ District of _____ California _____

and has been assigned docket number (E) _____.

This is not a formal summons or notification from the court, but rather my request that you sign and return the
enclosed waiver of service in order to save the cost of serving you with a judicial summons and an additional copy of the
complaint. The cost of service will be avoided if I receive a signed copy of the waiver within (F) _____ days after the
date designated below as the date on which this Notice and Request is sent. I enclose a stamped and addressed envelope
(or other means of cost-free return) for your use. An extra copy of the waiver is also attached for your records.

If you comply with this request and return the signed waiver, it will be filed with the court and no summons will be
served on you. The action will then proceed as if you had been served on the date the waiver is filed, except that you will
not be obligated to answer the complaint before 60 days from the date designated below as the date on which this notice
is sent (or before 90 days f rom that date if your address is not in any judicial district of the United States.)

If you do not return the signed waiver within the time indicated, I will take appropriate steps to effect formal service
in a manner authorized by the Federal Rules of Civil Procedure and will then, to the extent authorized by those Rules, ask
the court to require you (or the party on whose behalf you are addressed) to pay the full costs of such service. In that
connection, please read the statement concerning the duty of parties to waive the service of the summons, which is set
forth at the foot of the waiver form.

I affirm that this request is being sent to you on behalf of the plaintiff, this _____ day of _____, _____.

_____
Signature of Plaintiff's Attorney
or Unrepresented Plaintiff

A - Name of individual defendant (or name of officer or agent of corporate defendant)
B - Title, or other relationship of individual to corporate defendant
C - Name of corporate defendant, if any
D - District
E - Docket number of action
F - Addressee must be given at least 30 days (60 days if located in foreign country) in which to return waiver

AO 399 (Rev. 10/95)

```
Clear Form
```

# WAIVER OF SERVICE OF SUMMONS

(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I, _____ , acknowledge receipt of your request

(DEFENDANT NAME)

that I waive service of summons in the action of _____ ,

(CAPTION OF ACTION)

which is case number _____ in the United States District Court

(DOCKET NUMBER)

for the Northern District of California.

    I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

    I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

    I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

    I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an

answer or motion under Rule 12 is not served upon you within 60 days

after _____ ,

(DATE REQUEST WAS SENT)

or within 90 days after that date if the request was sent outside the United States.


_____    _____

(DATE)    (SIGNATURE)

Printed/Typed Name: _____

As _____ of _____

(TITLE)    (CORPORATE DEFENDANT)

### Duty to Avoid Unnecessary Costs of Service of Summons

    Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

    It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

    A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

## INSTRUCTIONS FOR COMPLETION OF ADR FORMS
## REGARDING SELECTION OF AN ADR PROCESS
## (ADR LOCAL RULE 3-5)

Under ADR Local Rule 3-5, by the date set forth in the Initial Case Management Scheduling Order, counsel (and any self-represented party) shall meet and confer to attempt to agree on an ADR process. By that date, counsel must file the attached form entitled "ADR CERTIFICATION BY PARTIES AND COUNSEL." Please note that this form need not be filed jointly by all parties. Instead, each party may file a separate ADR CERTIFICATION along with their counsel.

Additionally, counsel (and any self-represented party) must jointly file one of the following forms (attached) by the date set forth in the Initial Case Management Scheduling Order:

- If the parties have agreed to participate in non-binding arbitration, Early Neutral Evaluation ("ENE"), mediation or private ADR, they shall file the form captioned "STIPULATION AND [PROPOSED] ORDER SELECTING ADR PROCESS."

- If the parties either have not yet reached an agreement as to an ADR process or they would prefer to participate in an early settlement conference before a Magistrate Judge, they shall file the form captioned "NOTICE OF NEED FOR ADR PHONE CONFERENCE ."

Please note that parties selecting an early settlement conference with a Magistrate Judge are required to participate in an ADR Phone Conference

Rev. 12/05

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

_____,
            Plaintiff(s),

            v.

_____,
            Defendant(s).
_____ /

CASE NO. _____

ADR CERTIFICATION BY PARTIES
AND COUNSEL

Pursuant to Civil L.R. 16-8(b) and ADR L.R. 3-5 (b), each of the undersigned certifies that he or she has:

**(1)** Read the handbook entitled *"Dispute Resolution Procedures in the Northern District of California"* on the Court's ADR Internet site www.adr.cand.uscourts.gov *(Limited printed copies are available from the clerk's office for parties in cases not subject to the court's Electronic Case Filing program (ECF) under General Order 45);*

**(2)** Discussed the available dispute resolution options provided by the Court and private entities; and

**(3)** Considered whether this case might benefit from any of the available dispute resolution options.

Dated:_____

_____
[Party]

Dated: _____

_____
[Counsel]

When filing this document in ECF, please be sure to use the ADR Docket Event entitled "ADR Certification (ADR L.R. 3-5b) of Discussion of ADR Options."

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

_____,
                    Plaintiff(s),

v.

_____,
                    Defendant(s).
_____/

CASE NO. _____

STIPULATION AND [PROPOSED]
ORDER SELECTING ADR PROCESS

     Counsel report that they have met and conferred regarding ADR and have reached the following stipulation pursuant to Civil L.R. 16-8 and ADR L.R. 3-5:

The parties agree to participate in the following ADR process:

**Court Processes:**
□    Non-binding Arbitration (ADR L.R. 4)
□    Early Neutral Evaluation (ENE)  (ADR L.R. 5)
□    Mediation (ADR L.R. 6)

_(Note: Parties who believe that an early settlement conference with a Magistrate Judge is appreciably more likely to meet their needs than any other form of ADR must participate in an ADR phone conference and may not file this form. They must instead file a Notice of Need for ADR Phone Conference. See Civil Local Rule 16-8 and ADR L.R. 3-5)_

**Private Process:**
□    Private ADR _(please identify process and provider)_ _____

_____

The parties agree to hold the ADR session by:
□    the presumptive deadline _(The deadline is 90 days from the date of the order referring the case to an ADR process unless otherwise ordered.)_

□    other requested deadline _____

Dated:_____

_____
Attorney for Plaintiff

Dated:_____

_____
Attorney for Defendant

---

When filing this document in ECF, please be sure to use the appropriate ADR Docket Event, e.g., "Stipulation and Proposed Order Selecting Early Neutral Evaluation."

**[PROPOSED] ORDER**

Pursuant to the Stipulation above, the captioned matter is hereby referred to:
- ☐      Non-binding Arbitration
- ☐      Early Neutral Evaluation (ENE)
- ☐      Mediation
- ☐      Private ADR

Deadline for ADR session
- ☐      90 days from the date of this order.
- ☐      other    _____

IT IS SO ORDERED.

Dated:_____

_____

UNITED STATES DISTRICT JUDGE

Rev. 12/05

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

_____,
       Plaintiff(s),

v.

_____,
       Defendant(s).
_____/

CASE NO. _____

NOTICE OF NEED FOR ADR PHONE
CONFERENCE

Counsel report that they have met and conferred regarding ADR and that they:

☐     have not yet reached an agreement to an ADR process
☐     request an Early Settlement Conference with a Magistrate Judge

Date of Case Management Conference _____

The following counsel will participate in the ADR phone conference:

| Name | Party Representing | Phone No. | E-Mail Address |
|------|--------------------|-----------|----------------|
|      |                    |           |                |
|      |                    |           |                |
|      |                    |           |                |

_Civil Local Rule 16-8 and ADR Local Rule 3-5 require that lead trial counsel participate in a
telephone conference with a member of the ADR Legal Staff before the Case Management
Conference. The ADR Unit (adr@cand.uscourts.gov) will notify you of the date and time of your
phone conference._

Dated:_____

_____
Attorney for Plaintiff

Dated:_____

_____
Attorney for Defendant

---

When filing this document in ECF, please be sure to use the ADR Docket Event entitled
"Notice of Need for ADR Phone Conference (ADR L.R. 3-5 d)."

Rev. 12/05

United States District Court
For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ORDER OF THE CHIEF JUDGE

IN RE: ELECTRONIC FILING IN CASES WITH UNREPRESENTED PARTIES

When the Electronic Case Filing (ECF/e-filing) program was established for civil cases in January 2003 (see generally General Order 45), the court's practice was to exclude from the e-filing program cases in which any party was not represented by an attorney. Pursuant to Part III of General Order 45, the court's ECF webpage provided: "All cases involving pro se parties are excluded from the e-filing program and must be filed entirely in paper, unless otherwise ordered by the court."

Effective immediately, cases with unrepresented party litigants in which at least one party is represented by an attorney will no longer be excluded from the e-filing program. All *represented* parties will e-file their submissions to the court on the same basis as in cases not involving pro se litigants and in compliance with all parts of General Order 45. *Represented* parties will be required to serve paper copies by mail on *unrepresented* parties only. As before, unrepresented litigants will continue to file and serve all submissions to the court in paper form unless prior leave is obtained from the assigned judge in a particular case.

IT IS SO ORDERED.

Date: May 11, 2007

Vaughn R Walker
United States District Chief Judge