\*\*E-Filed 10/12/2007\*\*

NOT FOR CITATION

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| MOHAMED ABOUELHASSAN,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>CHASE BANK ET AL.,<br><br>　　　　　　Defendants. | Case Number C 07-03951 JF (PVT)<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH LEAVE TO AMEND<br><br>[doc. nos. 12, 20, 35, 43] |

**I. BACKGROUND**

Plaintiff brought this action in the Santa Clara Superior Court against Defendants Chase Bank USA, N.A., ("Chase") Experian Information Solutions, Inc. ("Experian"), Equifax Information Services, LLC ("Equifax"), Trans Union, LLC ("Trans Union") and B-Line, LLC ("B-Line") stating a simple claim for libel, defamation of character and professional negligence under California's Consumer Credit Reporting Agencies Act ("CCRA") §§ 1785.25, 1785.43, 1785.44 and 1785.45 and under the Fair Credit Reporting Act ("FCRA").  On August 1, 2007 Defendants removed this case to this Court pursuant to 28 U.S.C. §1441(a).

Plaintiff alleges that, on or about July 2004, he filed for Chapter 7 Bankruptcy in the U.S.

Bankruptcy Court, Northern Alabama District, Eastern Division. Plaintiff claims that he included his Chase credit card, account number 5435-0515-0160-4307, and that he received a discharge dated November 5, 2004. First Amended Complaint ("FAC") at ¶ 9.[1]

According to the FAC, on or about December 2004,[2] Defendants posted or caused to be posted on the internet and/or in consumer credit reports false, misleading and damaging information concerning twenty-four months of late payments for the discharged credit card. This information reached a large audience, including interested parties, financial institutions, insurance institutions, employers and potential employers. *Id*. at ¶ 10. Plaintiff claimsthat upon contacting Chase he was informed that his account had been sold to Defendant B-Line, and that in bad faith and in derogation of Plaintiff's rights, Chase refused to provide Plaintiff with any information about B-Line. Plaintiff alleges that Chase's willful communication of false and misleading statements to the effect that he had late payments affected Plaintiff's credit score and in turn impacted Plaintiff's ability to obtain fair credit, fair interest rates and fair employment opportunities. *Id*. at ¶ 16. Specifically, Plaintiff states that, on or about July 16, 2006, Plaintiff purchased a used 2003 Ford financed by Chase at an interest rate of 25.74%–a rate Plaintiff accepted, believing it was a result of his bankrupt status, but which he later learned was due to Chase's false and misleading reports of the aforementioned late payments. *Id*. at ¶ 18.

On August 8, 2007, Chase moved to dismiss the Complaint on two grounds: (1) Plaintiff's CCRAA claim is preempted by the FCRA; and (2) Plaintiff has no private right of action under the FCRA. Plaintiff filed his opposition on August 23, 2007. The Court heard oral argument on September 28, 2007.

---

[1] Plaintiff also sought leave to file an amended complaint with a draft attached on August 27, 2007, after Chase had filed a motion to dismiss but more than two weeks before it filed its reply brief. On October 5, 2007, Chase filed an opposition to Plaintiff's motion to amend. However, as Chase points out "Plaintiff's proposed FAC contains virtually the same allegations," and does not contain any new legal theories. Given these similarities, the Court will treat the motion to dismiss as directed to the FAC.

[2] It appears that Plaintiff may have intended to allege a date of December 2006 although ¶¶ 9 & 16 of the FAC reference the date December 2004. Plaintiff should make any appropriate corrections in his next amendment.

2

Case No. C 07-03951
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH LEAVE TO AMEND
(JFLC1)

## II. LEGAL STANDARD

For purposes of a motion to dismiss, the plaintiff's allegations are taken as true, and the Court must construe the complaint in the light most favorable to the plaintiff. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). On a motion to dismiss, the Court's review is limited to the face of the complaint and matters judicially noticeable. *North Star International v. Arizona Corporation Commission*, 720 F.2d 578, 581 (9th Cir. 1983); *MGIC Indemnity Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986); *Beliveau v. Caras*, 873 F.Supp. 1393, 1395 (C.D. Cal. 1995). Leave to amend must be granted unless it is clear that the complaint's deficiencies cannot be cured by amendment. *Lucas v. Department of Corrections*, 66 F.3d 245, 248 (9th Cir. 1995). When amendment would be futile, however, dismissal may be ordered with prejudice. *Dumas v. Kipp*, 90 F.3d 386, 393 (9th Cir. 1996). Factual allegations must be enough to raise the right to relief above the speculative level on the assumption that all of the complaint's allegations are true. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007).

## III. DISCUSSION

**1. Plaintiff's Private Right of Action Under the FCRA**

The FCRA, at 15 U.S.C. § 1681s-2, imposes duties to maintain and provide accurate information to credit reporting agencies:

> (a)(1)(A): A person shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate.
> . . .
> (a)(1)(B): A person shall not furnish information relating to a consumer to any customer reporting agency if:
> (i) the person has been notified by the consumer, at the address specified by the person for such notices, that specific information is inaccurate; and
> (ii) the information is, in fact, inaccurate.

It is not clear from the pleadings whether Plaintiff's claim is brought pursuant to § 1681s-2(a)(1)(A) or (a)(2)(B), as Plaintiff states simply that he is bringing a claim pursuant to the FCRA. Chase argues that Plaintiff does not have a claim under either provision, contending that: (1) there is no private right of action under § 1681s-2(a); and (2) Plaintiff has not satisfied the requirements necessary to bring a claim under § 1681s-2(b). These contentions are addressed in turn below.

Section 1681s-2 contains a complex framework for enforcement. While subsections (a)(1)(A) and (a)(1)(B) are themselves silent regarding a private right of action, subsections 1681n and 1681*o* allow the consumer to bring suit against "[a]ny person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer." Additionally, subsection (c) expressly provides that 1681n and 1681*o* "do not apply to any failure to comply with subsection (a) of this section, except as provided in section 1681(c)(1)(B) of this title," and subsection (d) states that subsection (a) shall be "enforced exclusively under 1681s of this title by Federal Agencies and officials and the State officials identified in this section." Courts have read these provisions together as creating a private right of action for the willful or negligent violations of (a)(1)(B), but not (a)(1)(A). *See Nelson v. Chase Manhattan Mortgage Corp.*, 282 F.3d 1057, (9th Cir. 2002); *Pirouzian v. SLM Corp.*, 396 F. Supp.2d 1124, 1127 (S.D. Cal. 2005).

The Ninth Circuit has explained this limited private right of action under the FCRA:

> It can be inferred from the structure of the statute that Congress did not want furnishers of credit information exposed to suit by any and every consumer dissatisfied with the credit information furnished. Hence, Congress limited the enforcement of the duties imposed by § 1681s-2(a) to governmental bodes. But Congress did provide a filtering mechanism in § 1681s-2(b) by making the disputatious consumer notify a CRA and setting up the CRA to receive notice of the investigation by the furnisher.

*Nelson*, 282 F.3d at 1060. Thus, the rule in this jurisdiction is that the individual consumer cannot state a FCRA claim against a furnisher of his credit information unless he passes through the "filtering mechanism:"

> "[A] private right of action against a furnisher of credit information exists only if the disputatious consumer notifies the CRAs in the first instance. The CRA then have an obligation to investigate whether the claim is frivolous or irrelevant. Once a claim is deemed viable, the CRAs must contact the furnisher of the credit information which afforded an opportunity to investigate and rectify erroneous reports. The furnisher's duty to investigate, however, does not arise unless it receives notice of the dispute from the CRAs directly. Bypassing the filter and contacting the furnisher of credit information directly does not actuate the firunisher's obligation to investigate nor does it give rise to a private right of action.

*See also, e.g.*, *Peasley v. Verison Wireless LLC*, 364 F. Supp.2d 1198 (S.D. Cal. 2005) (holding that notifying the furnisher did not entitle the plaintiff to a private right of action, rather direct

4

Case No. C 07-03951
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH LEAVE TO AMEND
(JFLC1)

notification of the CRA was required); *Pirouzian*, 396 F. Supp.2d at 1127.

Here, Plaintiff has not met the pleading requirements for a § 1681s-2(a)(1)(B) claim against a furnisher. "In order for Plaintiffs to state a claim under the FCRA against a furnisher of credit information . . . Plaintiffs must allege that they contacted the CRAs who, in turm determined that the claim was viable and contacted [the furnisher]." *Roybal v. Equifax*, 405 F. Supp.2d 1177, 1180 (E. D. Cal. 2005); *see also Gonzalez v. Ocwen Fin. Servs., Inc.*, No. C03-04529 HRL, 2003 WL 23939563 (N.D. Cal. Dec. 2, 2003). Plaintiff has not alleged that each of these steps has been taken. Specifically, Plaintiff does not allege that: (1) he notified the CRA of any inaccuracies; (2) the CRA determined they were viable; and (3) Chase was contacted by the CRA. Accordingly, the Court will dismiss Plaintiff's FCRA claim, with leave to amend.

**2. FCRA Preemption**

a. California Consumer Credit Reporting Agencies Act Claims

Plaintiff's First Amended Complaint alleges claims pursuant to sections 1785.25, .43, and .44[3] of the CCRAA. Seeking dismissal of these claims, Chase argues that they are preempted by the FCRA. The threshold question for a court addressing preemption is whether Congress intended the enactment of an exclusive body of law:

> If Congress decides to exert exclusive authority over a particular area of interstate commerce, it might choose to invalidate all state laws on the subject matter, regardless of whether the state law is inconsistent or identical to federal law. Where federal preemption is not absolutely reserved for the regulation or prohibition of Congress, federal and state law may coexist simultaneously to the extent state law does not stand in conflict with federal law.

*Lin v. Universal Card Servs.*, 283 F. Supp. 2d 1147, 1050-51 (N.D. Cal 2002). The FCRA was not intended to be an exclusive authority, therefore, under these basic rules of statutory construction, individual state law claims consistent with § 1681s-2(a)(1)(B)'s narrow private right of action survived FCRA enactment, while those that are inconsistent did not. *Id.* at 1151 ("Congress did not enact the FCRA with the goal of vitiating all state laws, but only those that are inconsistent with federal law."). Having reviewed CCRAA §§ 1785.25, .43, and .44 the

---

[3] Plaintiff also alleges a claim under § 1785.45, however, the CCRAA does not contain such a provision.

5

Court finds that none of these provisions offers Plaintiff a private right of action against Defendant consistent with that provided by the FCRA. Accordingly, Plaintiff's CCRAA claims will be dismissed.

Plaintiff makes only one argument in defense of his CCRAA claims, directing the Court's attention to 15 U.S.C. § 1681t(a)(b)(1)(F), the provision of the FCRA that expressly exempts CCRA § 1785.25(a) from preemption.[4] While Plaintiff is correct that § 1785.25(a) is exempt, he overlooks the fact that this provision does not provide him with a private right of action.

CCRAA § 1785.25(a) provides: "[a] person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate." On its face, this provision does not provide a private right of action. Moreover, to allow a consumer to proceed against furnishers without requiring notification would be inconsistent with the FCRA. Thus, other courts in this jurisdiction have held that there is no private right of action under § 1785.25(a). *Gorman v. Wolpoff & Abramson, LLP*, 370 F. Supp.2d 1005, 1011 (N.D. Cal. 2005) ("Although § 1785.25(a) of the California Civil Code is not preempted and, therefore, MBNA can be held liable if it violated that statute, the proper parties to pursue such liability are Federal and State officials."); *Lin*, 283 F. Supp.2d at 1152 ("Only § 1785(a) of the CCRAA, *which does not provide a private right of action* is excluded from preemption." (emphasis added)).

It is equally clear that the remaining CCRAA provisions on which Plaintiff relies do not provide him with a private right of action against Chase. Sections 1785.43(b) & (c) place a duty on *the CRA* to respond to the subject of a credit report who identifies inaccuracies.[5] Section

---

[4] 1681t(a)(b)(1)(F) provides:
no requirement or prohibition may be imposed under the laws of any state with respect to any subject matter regulated under section 1681s-2 of this title relating to the responsibilities of persons who furnish information to consumer reporting agencies, except that this paragraph shall not apply with respect to section 1785.25(a) of the California Civil Code.

[5] Plaintiff states general claim under §1785.43 without specifying the subsection. The Court considers only subsection (b) and (c) because these are the only provisions providing rights to the consumer. Section 1785.43 provides:

6

Case No. C 07-03951
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH LEAVE TO AMEND
(JFLC1)

1785.44 prohibits waiver of any CRAA provision.[6] None of these provisions provides Plaintiff with a claim against Chase.

    b.  Common Law Defamation Claims

  The FCRA expressly addresses preemption of common law defamation claims, specifying that "no consumer may bring any action or proceeding in the nature of defamation, invasion of privacy or negligence with respect to the reporting of information to a consumer reporting agency . . . except as to false information furnished *with malice or willful intent to injure such consumer*." 15 U.S.C. § 1681h(e) (emphasis added).[7] "Subsection 1681h(e) preempts *only* defamation actions that do not allege malice or willful intent to injure." *Gorman v. Wolpoff & Abramson, LLP*, 370 F. Supp.2d 1005, 1010 (N.D. Cal. 1005).

  To satisfy the pleading requirement of a common law defamation claim permissible under § 1681h(e), a plaintiff must offer more than conclusory, non-descriptive phrases. *Id*. Instead,

---

  (b) Upon the request of a representative of the subject of a report, the commercial credit reporting agency shall provide one printed copy of the subject's commercial credit report in a format routinely made available to third parties, at a cost no greater than the cost usually charged to third parties.
  (c) In the even that the subject of a commercial credit report believes the report contains an inaccurate statement of fact, a representative of the subject of the report may, within 30 days of receipt of the report pursuant to subdivision (b), file with the commercial credit reporting agency a written summary statement not more than50 words identifying the particular statement of fact that is disputed, and indicating the nature of the disagreement with the statement in the report, or include in the report an indication that the subject's summary statement of disagreement will be provided upon request.

[6] Section 1785.44 provides: "Any waiver of the provisions of this title is contrary to public policy, and is void and unenforceable."

[7] Chase cites *Davis v. Maryland Bank*, No. 00–4191, 2002 WL 32713429 (N.D. Cal. June 19, 2002), which held that general preemption provision §1681t(b)(1)(F) preempts all state claims falling within the coverage of § 1681s-2, including those involving malicious and willful tortious conduct. The Court finds that reasoning of *Gorman v. Wolpoff & Abramson, LLP*, 370 F. Supp.2d 1005 (N.D. Cal. 1005), to be more persuasive. The *Gorman* Court explained: "The Court is not persuaded by the logic of *Davis* because it violates a canon of statutory construction by allowing a general statute to trump a specific statute." 370 F. Supp. 2d at 1010. This Court agrees that § 1681h(e) should govern preemption of common law defamation and negligence claims, and therefore rejects Chase's blanket preemption argument based on the *Davis* holding.

1  the plaintiff must allege facts sufficient to support a claim that the defendant was acting with
2  "reckless disregard for the truth." *McGary v. Univ. of San Diego*, 64 Cal. Reptr.3d 467 (Cal. Ct.
3  App. 4th Dist. 2007). Plaintiff alleges that Chase "willfully," and "without justification"
4  furnished "false and misleading" statements. FAC at ¶¶ 10, 13. These general statements do not
5  support a claim that Cahse acted with reckless disregard for the truth. Accordingly, Plaintiff's
6  common law defamation claims will be dismissed, with leave to amend.

## IV.  ORDER

Good cause therefor appearing, IT IS HEREBY ORDERED that the motion to dismiss is GRANTED WITH LEAVE TO AMEND.

DATED: October 12, 2007.

_____
JEREMY FOGEL
United States District Judge

---

8

Case No. C 07-03951
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH LEAVE TO AMEND
(JFLC1)

1  This Order has been served upon the following persons:

2

3  George G. Weickhardt        gweickhardt@ropers.com

4  Mohamed Abouelhassan
   805 Borden Rae Ct.
   San Jose, CA
5  95117

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. C 07-03951
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH LEAVE TO AMEND
(JFLC1)