GEORGE G. WEICKHARDT (SBN 58586)
PAMELA J. ZANGER (SBN 168356)
**ROPERS, MAJESKI, KOHN & BENTLEY PC**
201 Spear Street, Suite 1000
San Francisco, CA 94105
Telephone:     (415) 543-4800
Facsimile:     (415) 972-6301
Email:         gweickhardt@ropers.com

Attorneys for Defendant CHASE BANK USA, N.A.,
formerly known as CHASE MANHATTAN BANK USA,
N.A. and erroneously sued herein as CHASE BANK

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MOHAMED ABOUELHASSAN,<br><br>    Plaintiff,<br><br>v.<br><br>CHASE BANK, EXPERIAN, EQUIFAX CREDIT INFORMATION SERVICES, INC., TRANSUNION, DOE 1, aka "B-Line," inclusive,<br><br>    Defendants. | CASE NO. C07-03951 JF<br><br>**JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER**<br><br>Date:      November 9, 2007<br>Time:      10:30 a.m.<br>Courtroom: 3<br>Judge:    The Hon. Jeremy Fogel |

The parties to the above-entitled action jointly submit this Case Management Statement and Proposed Order and request the Court to adopt it as its Case Management Order in this case.

**DESCRIPTION OF CASE**

I.   **JURISDICTION AND SERVICE:**

This action was filed in the Superior Court, State of California, City and County of San Jose. It was removed to this Court on the basis of federal question jurisdiction, in that it alleges violations of 11 U.S.C. §727.

USDC NDCA CASE NO. C07-03951 JF
RC1/5020533.1/RL3

- 1 -

JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER

## II. A BRIEF DESCRIPTION OF THE FACTS UNDERLYING THE ACTION:

### A. Plaintiff's description of events:

This action arises from reporting of inaccurate information regarding plaintiff's credit card that was issued by Chase Bank USA, N.A and was discharged in a chapter 7 bankruptcy proceeding. The 24 late payments reported by Chase Bank USA, N.A to the three major credit reporting agencies regarding this credit card has affected his credit score and prevented him from obtaining fair credit, employment and fair interest rates. This action raises several questions under FCRA, CA CCRA, Libel Defamation and in light of recent developments under TILA.

### B. Chase Bank USA, N.A.'s description of events:

Plaintiff has brought a lawsuit against Chase and the other defendants which alleges a single cause of action – "Libel Defamation" – or alleged erroneous reporting of a Chase credit card account following discharge of such account in a bankruptcy proceeding. This cause of action which encompasses the entire action against Chase, contains no merit as it is preempted by the federal Fair Credit Reporting Act and such Act contains no direct private right of action by a consumer against a furnisher of credit information (Chase) for alleged inaccurate credit reporting.

Moreover, Chase never received a request from any credit reporting agency to investigate a dispute brought by Plaintiff. As such, Plaintiff cannot allege any claim against Chase.

### C. Equifax Information Services, LLC's description of events:

Plaintiff alleges that Equifax Information Services, LLC ("Equifax") improperly reported twenty-four (24) consecutive late payments beginning in December 2004 through January 2006 of a Chase account. Equifax denies that it reported said account during that time.

### D. Trans Union LLC's description of events:

Trans Union denies that it violated the Fair Credit Reporting Act or any other law with respect to Plaintiff.

### E. Experian Information Solutions, Inc.'s description of events:

Experian has not been served in this action, and has not been provided a draft amended complaint, and is therefore is unaware of Plaintiff's specific allegations and Experian's defenses. However, Experian understands from Plaintiff's statement above that Plaintiff claims Experian

improperly reported post-Chapter 7 bankruptcy deliquencies on a Chase account. Experian denies that it violated the Fair Credit Reporting Act or any other law with respect to Plaintiff. Experian further asserts that it reports the Chase account as discharged in Plaintiff's Chapter 7 bankruptcy.

### III. THE PRINCIPAL LEGAL ISSUES WHICH THE PARTIES DISPUTE:

#### A. Plaintiff's contentions

Plaintiff argued in his opposition the intentional reporting of inaccurate information to the three credit agencies, and that the three credit agencies violated the FCRA by referring plaintiff to the information furnisher (Chase) instead of initiating investigation with Chase.

#### B. Chase's contentions

Chase argued in its motion to dismiss that the sole claim for "Libel Defamation" was preempted by the federal Fair Credit Reporting Act and such Act contains no direct private right of action by a consumer against a furnisher of credit information (Chase) for alleged inaccurate credit reporting. The Court agreed with Chase's argument and granted the motion to dismiss with leave to amend. No amended complaint has been filed thus far.

Moreover, Chase never received a request from any credit reporting agency to investigate a dispute brought by Plaintiff. As such, Plaintiff cannot allege any claim against Chase.

#### C. Equifax's contentions

Defendant Equifax denies all allegations that it violated the Fair Credit Reporting Act or any other law in connection with Plaintiff's credit report. Equifax asserts that it complied with the FCRA, and conducted a thorough investigation into Plaintiff's dispute of the Chase account.

Defendant Equifax filed its Answer and Defenses on August 3, 2007. In its Answer, Equifax denied Plaintiff's claims and asserted the following defenses: (1) Failure to State a Claim; (2) Immunity; (3) Truth/Accuracy of Information; (4) Failure to Mitigate Damages; (5) Contributory/Comparative Fault; (6) Estoppel; (7) Lawful Conduct. Equifax adopts and realleges all of its defenses from its Answer as if fully set forth herein. Further, Equifax reserves the right to assert additional defenses at such time and to such extent as warranted by discovery and the factual developments of this case.

### D.  Trans Union's contentions

Trans Union denies all allegations that it violated the Fair Credit Reporting Act or any other law, and denies that Plaintiff has been damaged as a result of any act or omission by Trans Union.

### E.  Experian's contentions

Experian has not been served in this action, and has not been provided a draft amended complaint, and is therefore unaware of Plaintiff's specific allegations against Experian and Experian's defenses. However, Experian denies that it violated the Fair Credit Reporting Act or any other law with respect to Plaintiff, and denies that Plaintiff has been damaged as a result of any act or omission by Experian.

## IV.  MOTIONS

### A.  Plaintiff's motions

None at this time.

### B.  Chase's motions

Depending on the substance of the First Amended Complaint, which has not yet been filed with this Court, Chase may bring a motion to dismiss/motion for judgment on the pleadings/motion for summary judgment.

### C.  Equifax's motions

Equifax may bring a motion to dismiss/motion for judgment on the pleadings/motion for summary judgment.

### D.  Trans Union's motions

Trans Union may move for a protective order and/or for summary judgment.

### E.  Experian's motions

Experian has not been served in this action, and has not been provided a draft amended complaint, and is therefore is unaware of Plaintiff's specific allegations and Experian's defenses. Accordingly, it is premature to anticipate Experian's response and contemplated motions. However, depending on the allegations in the amended complaint, Experian may file a motion to dismiss, a motion for a protective order and/or a motion for summary judgment. As it appears that

Plaintiff has no factual basis for his allegations against Experian, a Rule 11 motion for sanctions may also be appropriate.

## V.  AMENDMENT OF PLEADINGS

The parties propose that all amendments be submitted by December 20, 2007.

## VI.  EVIDENCE PRESERVATION

Chase has downloaded and printed all electronically stored material.

Equifax and Experian have taken all necessary steps to preserve evidence.

## VII.  THE PARTIES CERTIFY THAT THEY HAVE MADE THE FOLLOWING DISCLOSURES

### A.  Abouelhassan's initial disclosures have not yet been served.

1. Plaintiffs shall produce to Defendants all correspondence, documents, data, email, statements, declarations, affidavits, oral examination transcripts, depositions or any other materials, whether in hard-copy or electronic form, exchanged between Plaintiffs and any non-party in the course of Plaintiffs' Investigation of the Proposed Acquisition (collectively, Plaintiffs' "Investigation Materials"), Plaintiffs shall produce these Investigation Materials regardless of whether those materials were received informally or through compulsory process.

2. Any witnesses designated by any other party.

3. Description Of Discoverable Documents and Information

   Correspondence, communication between plaintiff and defense attorneys Chase Bank and other mortgage lenders, letters of denying employment, loan documents.

4. Computation Of Damages

   Billing statements, receipts of expenses and other estimations.

5. Insurance

   None.

### B.  Chase served its Rule 26(a) initial disclosures on October 29, 2007.

1. Name And Address Of Each Individual Likely To Have Discoverable Information:

1        a.    Chase Bank USA, N.A.'s custodian of records relating to the disputed credit card account issued in the name of Mohamed Abouelhassan. Address: c/o Chase's counsel.

        b.    Mohamed Abouelhassan. Address: 805 Borden Rae Court, San Jose, CA 95117.

        c.    Any witnesses designated by any other party.

2.    Description By Category And Location Of All Documents In The Possession, Custody Or Control Of The Disclosing Party:

Billing statements, computerized notes, correspondence, account agreements, records of account application, and account memos relating to credit card accounts issued in the name of Mohamed Abouelhassan.

3.    A Computation Of Any Category Of Damages:

Not applicable.

4.    Any Insurance Agreement Under Which Any Person Carrying On An Insurance Business May Be Liable To Satisfy Part Or All Of A Judgment:

None.

**C.    <u>Equifax served its Rule 26(a) initial disclosures on November 1, 2007.</u>**

1.    Name and Address Of Each Individual Likely To Have Discoverable Information:

(i)    Mohamad Abouelhassan, Plaintiff. Plaintiff has knowledge of the claims and the events and circumstances giving rise to this lawsuit.

(ii)    A representative of Equifax. 1550 Peachtree Street, Atlanta, Georgia 30309. This representative will have information regarding the policies and procedures used by Equifax and, after reviewing relevant documents, the facts at issue in this case regarding plaintiff's disputes of information on his credit report. This person may be contacted through Equifax's counsel of record.

(iii)    Unknown representatives of Chase Bank USA, N.A.. Such individuals are expected to have information regarding the disputed accounts and information

reported to Equifax and/or any other consumer reporting agency regarding plaintiff.

          (iv)    Any individual identified by any other party.

Equifax reserves the right to supplement its responses to this disclosure.

    2.    Documents

Equifax has or will produce relevant documents, compilations, and/or things pursuant to its obligations under the Federal Rule of Civil Procedure 26(a) and in response to Plaintiff's discovery requests. Those documents are hereby incorporated by reference.

    3.    Damages.

Equifax is not seeking damages at this time but reserves the right to do so.

    4.    Insurance

Equifax is self-insured for the amounts relevant to this matter.

**D.**   **Trans Union will serve its Rule 26(a) initial disclosures within one week of the case management conference.**

**E.**   **Experian has not served its Rule 26(a) initial disclosures as it has not been served in this action.**

Experian has not been served in this action, and has not been provided a draft amended complaint, and is therefore is unaware of Plaintiff's specific allegations and Experian's defenses. Experian will serve its Rule 26(a) initial disclosures in a reasonable time after being served with an operative complaint.

## VIII. DISCOVERY

No discovery has taken place to date.

  **A.**  **Abouelhassan's Proposed Discovery**

Plaintiff plans to depose representatives of the three credit reporting agencies, Chase Bank, and B-Line.

  **B.**  **Chase's Proposed Discovery**

    1.    Chase plans to depose Plaintiff, Mohamed Abouelhassan.

    2.    Chase may propound written discovery.

  **C.**  **Equifax's Proposed Discovery**

    1.    Equifax plans to depose Plaintiff, Mohamed Abouelhassan.

1      2.    Equifax may propound written discovery

2    D.  **Trans Union's Proposed Discovery**

3      1.    Trans Union intends to propound written discovery and depose plaintiff, as well as any involved third parties.

5    E.  **Experian's Proposed Discovery**

Experian has not been served in this action, and has not been provided a draft amended complaint, and is therefore is unaware of Plaintiff's specific allegations and Experian's defenses. However, depending on the allegations in the amended complaint, Experian will likely propound written discovery to Plaintiff, depose Plaintiff and seek any necessary documents or testimony from third parties.

IX. **CLASS ACTIONS.**

Not applicable.

X. **RELATED CASES.**

Not applicable.

XI. **RELIEF**

Not applicable.

XII. **SETTLEMENT AND ADR**

  A.  **Chase**

Chase has requested a settlement demand from Plaintiff but has not yet received one. Chase believes the case would be appropriate for Early Neutral Evaluation.

  B.  **Equifax**

Equifax has requested a settlement demand from Plaintiff but has not yet received one. Equifax believes the case would be appropriate for Early Neutral Evaluation.

  C.  **Experian**

Experian has not been served in this action, and has not been provided a draft amended complaint, and is therefore is unaware of Plaintiff's specific allegations and Experian's defenses. Likewise, Plaintiff has made no demand to Experian. However, based on Plaintiff's introductory statement above, Experian believes the case would be appropriate for Early Neutral Evaluation.

## XIII. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

### A. Chase

Chase does not consent to proceeding before a magistrate judge for all purposes.

### B. Equifax

Equifax does not consent to proceeding before a magistrate judge for all purposes.

### C. Experian

Experian does not consent to proceeding before a magistrate judge for all purposes.

## XIV. OTHER REFERENCES

Not applicable.

## XV. NARROWING OF ISSUES

### A. Chase

As stated above, Chase may bring a motion to dismiss/motion for judgment on the pleadings/motion for summary judgment depending on the contents of the First Amended Complaint, which has not yet been filed.

### B. Equifax

As stated above, Equifax may bring a motion to dismiss/motion for judgment on the pleadings/motion for summary judgment.

### C. Experian

As stated above, Experian has not been served in this action, and has not been provided a draft amended complaint, and is therefore is unaware of Plaintiff's specific allegations and Experian's defenses. Accordingly, it is premature to anticipate Experian's response and contemplated motions. However, depending on the allegations in the amended complaint, Experian may file a motion to dismiss, a motion for a protective order and/or a motion for summary judgment.

## XVI. EXPEDITED SCHEDULE

Not applicable.

## XVII. SCHEDULING

Not applicable at this point.

## XVIII. TRIAL

### A. Abouelhassan

Depending on the outcome of any motions to be filed and the procedures of the case, plaintiff believes the case will be ready for trial by April 2008.

### B. Chase

Depending on the outcome of any motions to be filed (see section XV above), Chase believes the case will be ready for trial by June 2008.

### C. Equifax

Depending on the outcome of any motions to be filed (see section XV above), Equifax believes the case will be ready for trial by June 2008.

### D. Experian

As stated above, Experian has not been served in this action, and has not been provided a draft amended complaint, and is therefore is unaware of Plaintiff's specific allegations and Experian's defenses. Accordingly, it is premature to estimate a trial readiness date.

## XIX. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

### A. Chase

Chase Bank USA, N.A. – Formerly known as Chase Manhattan Bank, USA, N.A., and as successor-in-interest to Bank One, Delaware, N.A.

- CMC Holding Delaware, Inc. -- Wholly owns Chase Bank USA, N.A.
- J.P. Morgan Equity Holding, Inc. -- Wholly owns CMC Holding Delaware, Inc.
- JPMorgan Chase & Co. -- Wholly owns J.P. Morgan Equity Holding, Inc.
- No publicly held corporation owns ten percent (10%) or more of JPMorgan Chase & Co.'s stock as of October 7, 2005.

### B. Equifax

Equifax Information Services LLC, successor in interest to Equifax Credit Information Services, Inc., is a wholly-owned subsidiary of Equifax, Inc., a publicly traded company. Equifax, Inc., a Georgia corporation, is a publicly traded company.

### C. Trans Union

Trans Union LLC certifies that other than Trans Union LLC and its parent corporation, TransUnion Corp., there is no other individual or entity known to counsel that has a direct pecuniary interest in the outcome of this case.

### D. Experian

GUS, PLC is Experian's parent company, owning 100 percent of Experian Information Solutions, Inc.

## XX. SUCH OTHER MATTERS AS MAY FACILITATE THE JUST, SPEEDY AND INEXPENSIVE DISPOSITION OF THIS MATTER.

None other than what has been discussed above.

| | | |
|---|---|---|
| 1 | Dated: November 2, 2007 | ROPERS, MAJESKI, KOHN & BENTLEY |
| 2 | | |
| 3 | | By:/s/ Pamela J. Zanger |
| 4 | | GEORGE G. WEICKHARDT<br>PAMELA J. ZANGER<br>Attorneys for Defendant |
| 5 | | CHASE BANK USA, N.A |
| 6 | | |
| 7 | Dated: November 2, 2007 | By:/s/ Mohamed Abouelhassan |
| 8 | | MOHAMED ABOUELHASSAN<br>*Plaintiff Pro Se* |
| 9 | | |
| 10 | Dated: November 2, 2007 | JONES DAY |
| 11 | | |
| 12 | | By:   /s/ Brian James Recor |
| | | BRIAN JAMES RECOR<br>Attorneys for Defendant |
| 13 | | EXPERIAN INFORMATION<br>SOLUTIONS, INC. |
| 14 | | |
| 15 | Dated: November 2, 2007 | MUSICK, PEELER, & GARRETT LLP |
| 16 | | |
| 17 | | By:/s/ Donald E. Bradley<br>Donald E. Bradley<br>Attorneys for Defendant |
| 18 | | TRANS UNION LLC |
| 19 | | |
| 20 | Dated: November 2, 2007 | KING & SPALDING LLP |
| 21 | | |
| 22 | | By:/s/ Stephanie Cope<br>Stephanie Cope<br>Attorneys for Defendant |
| 23 | | EQUIFAX CREDIT INFORMATION<br>SERVICES, INC. |
| 24 | | |
| 25 | | |
| 26 | Dated: _____, 2007 | B-LINE, LLC |
| | | [Not participating, pending dismissal] |
| 27 | | By:_____ |
| 28 | | Linh Kiet Tran |

USDC NDCA CASE NO. C07-03951 JF
RC1/5020533.1/RL3

- 12 -

JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER

*Ropers Majeski Kohn & Bentley*
A Professional Corporation
San Francisco

PROPOSED ORDER

Dated: _____

_____
HON. JEREMY FOGEL
U.S. DISTRICT JUDGE
NORTHERN DISTRICT OF CALIFORNIA