Plaintiff MOHAMED ABOUELHASSAN,
PRO SE

Address: 805 BORDEN RAE CT,
SAN JOSE, CA 95117

Phone: 510-501-1800
FAX: 408-615-1818

Email: egyptusa76@msn.com

FILED

2007 NOV 2□ P 3: 51

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| MOHAMED ABOUELHASSAN<br>In PRO SE<br>*Plaintiff,*<br><br>*v.*<br><br>CHASE BANK USA, N.A., EXPERIAN INFORMATION SOLUTIONS, INC., EQUIFAX INFORMATION SERVICES, LLC, TRANS UNION.<br><br>*Defendants.* | Case No.  5:07-CV-03951 JF<br><br>**FIRST AMENDED COMPLAINT FOR LIBEL DEFAMATION OF CHARACTER AND PROFESSIONAL NEGLIGENCE UNDER CALIFORNIA CIVIL CODE SECTIONS 1785.25, 43, 44, AND 45, UNDER THE FAIR CREDIT REPORTING ACT, UNDER THE FAIR DEBT COLLECTION PARACTICE ACT AND UNDER BANKRUPTCY CODE** |

Plaintiff MOHAMED ABOUELHASSAN alleges as follow:

1.      Plaintiff MOHAMED ABOUELHASSAN is a United States citizen, resident of San Jose, CA, in Santa Clara County, CA.

2.      Plaintiff is informed and believes, and thereon alleges, that one or more of the Defendants are, and were at all times relevant herein, either residents of the State of California, doing business in the State of California, or otherwise engaging in activity creating sufficient contact with the State of California to give rise to personal jurisdiction.

FIRST AMENDED COMPLAINT FOR LIBEL DEFAMATION OF CHARACTER AND PROFESSIONAL NEGLIGENCE UNDER

CALIFORNIA CIVIL CODE SECTIONS 1785.25, 43, 44, AND 45,  UNDER THE FAIR CREDIT REPORTING ACT

3.     Plaintiff is informed and believes, and thereon alleges, that at all times mentioned herein, each of the Defendants was the agent of each of the remaining Defendants, and in doing the things hereinafter alleged, was acting within the course and scope of such agency and with the permission and consent of the other Defendants.

4.     Plaintiff is informed and believes, and thereon alleges, that venue is proper in this County because at least one or more Defendants resides in and/or engaged in the conduct alleged within the State of California, and the Plaintiff's primary residence is located within the County of Santa Clara, CA.

## GENERAL ALLEGATIONS

5.     Plaintiff Mohamed Hossni Abouelhassan is a citizen of The United States of America, with Egyptian origin, he speaks fluently Arabic, his mother tongue, and English, which he studied since 1987 in both Egypt and the United States. He is knowledgeable and competent in both cultures and languages, he possess skills that are required in post September 11th 2001 America. His educational and professional background well qualify him for high positions in serving the Government and People of the United States in its war against terrorism, such positions require granting security clearance, and determination of person's financial responsibility. Impairment of such reputation and financial responsibility directly diminishes and impairs Plaintiff's ability to conduct his business and his professional character as a candidate for such sensitive positions as a translator and interpreter.

6.     Plaintiff is informed and believes, and thereon alleges, that Defendants made statements about the Plaintiff and his financial responsibility and worthiness by posting or causing to be posted false statements available on the World Wide Web and/or in consumer credit report. The statements posted by Defendants about Plaintiff contain false, misleading and damaging information about Plaintiff. Plaintiff is further informed and believes that Defendants posted the statements for the purpose of assuring that the information would reach large audience, including interested parties, financial institutions, insurance institutions, employers and potential employers interested in Plaintiff.

7.    Plaintiff is informed and believes, and thereon alleges, that Defendants' false and misleading statements about Plaintiff in fact did reach a large audience, including interested parties, financial institutions, insurance institutions, employers and potential employers, and others, and affected the decisions such entities made concerning Plaintiff.

## FIRST CAUSE OF ACTION

### (Libel Defamation and Professional Negligence- Against all Defendants)

8.    Plaintiff realleges and incorporates Paragraphs 1 through 8 as though fully set forth herein.

9.    On or about July 2004 Plaintiff filed for Chapter 7 Bankruptcy in the United States Bankruptcy Court, Northern Alabama District, Eastern Division. Plaintiff included the Chase credit card account and received a discharge dating 11/05/2004.

10.    On or about December 2004 Defendants published, and/or made available on the World Wide Web, in consumer credit reports, to the public and to large audience, including interested parties, financial institutions, insurance institutions, employers and potential employers interested in Plaintiff, statements stating and implying that Plaintiff has late payments for the discharged credit card account for 24 months. Defendants willfully and without justification nor privilege, communicated to others false and misleading statements to the effect that Plaintiff has late payments for 24 months, an action which impacted Plaintiff's ability to obtain fair credit, fair interest rates, and fair employment opportunities.

11.    This publication was made of and concerning Plaintiff and was so understood by those who read the publication and the consumer credit reports about Plaintiff.

12.    Defendants made this publication without determining its validity, an act of professional negligence that severely lowered Plaintiff's credit score and worthiness, and affected decision making concerning Plaintiff's credit worthiness, which in result limited and/or eliminated his access to fair

credit, access to higher employment including but not limited to, an Arabic Language Interpreter position with the salary of $176,000.00 a year, serving the United States Armed Forces in Iraq.

13.    This false publication is libelous on its face. On its face, it harms Plaintiff's reputation, and impugns Plaintiff's integrity. Plaintiff also contends that the publication affects present and may affect potential credit providers and potential employers, other official or non official interest in Plaintiff's qualifications and general integrity.

14.    Plaintiff is informed and believes and therefore alleges that Defendants owe Plaintiff the highest fiduciary duty, including the duties of honesty, good faith and professionalism.

15.    As set forth in detail above, Plaintiff is informed and believes and therefore alleges that Defendants breached their fiduciary duty owed to him by publishing false and misleading statements disparaging Plaintiff's credit score and worthiness, and affected decision making concerning Plaintiff's credit worthiness and general integrity.

16.    On or about December 2004, Defendant CHASE BANK USA, N.A. reported 24 late payments; from December 2004 to November 2006, for credit card account that was discharged in Bankruptcy, such an action represents a libel action against Plaintiff.

17.    Defendant Chase Bank USA, N.A. has known or has reasonable cause to believe that the information regarding the 24 late payments reported to EXPERIAN INFORMATION SOLUTIONS, INC., EQUIFAX INFORMATION SERVICES, LLC, TRANS UNION, LLC (the 3 major consumer reporting agencies) is indeed inaccurate. On or about March 2007 Plaintiff was denied a mortgage loan due to credit worthiness, Plaintiff obtained a copy of his credit report from the mortgage lender to review it and discovered the 24 late payments. Plaintiff immediately contacted by phone Defendants EXPERIAN INFORMATION SOLUTIONS, INC., EQUIFAX INFORMATION SERVICES, LLC, TRANS UNION, LLC to dispute the 24 late payments, the 3 Defendants in violation of the FCRA, referred the Plaintiff to contact the creditor and ask it to send them a letter that the 24 reported late payments are inaccurate. On or about March 2007, Defendant Chase Bank USA, N.A. was notified by

Plaintiff that the 24 late payments are inaccurate. In response to Plaintiff's notification of the inaccuracy of the 24 late payments, Defendant Chase Bank USA, N.A. send a letter dated 03/23/2007, (Exhibit 2) stating that the Plaintiff's account has been sold to B-Line, LLC, and that Defendant Chase Bank USA, N.A. will update the consumer credit report accordingly. On or about July 2006 Defendant Chase Bank USA, N.A. received an auto loan application from or on behalf of the Plaintiff, which was approved after obtaining the Plaintiff's credit report and reviewing and verifying it by Defendant Chase Bank USA, N.A. who charged an interest rate of 25.74%. Defendant Chase Bank USA, N.A. after reviewing the Plaintiff's credit report in regard to the July 2006 auto loan application had a reasonable cause to believe that the information regarding the 24 late payments reported to **EXPERIAN INFORMATION SOLUTIONS, INC., EQUIFAX INFORMATION SERVICES, LLC, TRANS UNION, LLC** (the 3 major consumer reporting agencies) is indeed inaccurate.

18.    Plaintiff discovered the 24 late payments on or about March 2007, and upon discovery he contacted the Defendants to solve the issue, (Exhibit 3) and the response was an irrelevant letter stating that the Plaintiff's credit card account was sold to Defendant B-Line. This same letter of 03/23/2007 from Defendant Chase Bank USA, N.A. also states that Defendant Chase Bank USA, N.A. has received information about the credit card account that may be inaccurate; the letter states "*We periodically send an update to a credit bureau when we receive information about your credit card that may have been inaccurate or that meets certain other criteria.*"

19.    When Plaintiff contacted CHASE BANK USA, N.A. about the incident, he was informed that his account was sold to "B-Line, LLC", representatives of CHASE BANK USA, N.A. in bad faith and in reckless disregard for the truth and against Plaintiff's rights refused to provide any information nor contact information of "B-Line, LLC".

20.    On or about November 06, 2007 Mr. Weickhardt, attorney of records of Chase Bank, confirmed by email that Plaintiff's account was not sold to B-Line, LLC, which shows that Defendant Chase Bank was acting in reckless disregard for the truth when it send a letter to plaintiff stating that

1  his account was sold to B-Line, LLC, even though what the plaintiff asked for is just to delete these

2  inaccurate information from his credit report.

3      21.    Defendants EXPERIAN INFORMATION SOLUTIONS, INC., EQUIFAX

4  INFORMATION SERVICES LLC, and TRANS UNION, LLC published the statements reported by

5  CHASE BANK USA, N.A. without validating it and despite its mismatching the Bankruptcy discharge

6  note showing in Plaintiff's credit report,  and the status of debt "Bankruptcy" during the publication

7  and the reporting of the negative statements.

8      22.    On or about July 2006, Plaintiff Mohamed Abouelhassan purchased a used 2003 Ford

9  car that it is financed to him by CHASE BANK USA, N.A.; account number 00528390194413, with

10  interest rate of 25.74%, Plaintiff then accepted this high interest rate under the impression that it is due

11  to his Bankruptcy, while in fact it was due to CHASE BANK USA, N.A. false and misleading reports of

12  late payments of the above mentioned credit card account to the 3 credit agencies, such degrading and

13

14  defamatory information that reduced Plaintiff's credit score, and put him in mental and psychological

15  anguish which forced him to accept such a high interest rate due to his need for a car. At that time

16  Plaintiff was renting a car for almost $1000.00 a month for 6 months. Plaintiff never missed a payment

17  on this loan nor on the credit card account before it was discharged in Bankruptcy. Plaintiff does

18  respect his financial obligations, and make his payments on time.

19      23.    Defendants' above statements were in fact false and misleading.

20

21      24.    This false publication was seen and read by persons nationwide.

22      25.    As a proximate result of the above described publication, Plaintiff has suffered damages

23  in an amount in excess of the jurisdictional minimum of this Court, and to be proved at trial.

24                        **SECIND CAUSE OF ACTION**

25                        **(Fair Debt Collection Practices Act)**

26      26.    Plaintiff realleges and incorporates Paragraphs 1 through 25 as though fully set forth

27  herein.

28

27.    Plaintiff is informed and believes and therefore alleges that on or about 12/12/2005 Defendant Chase Bank, USA, N.A. offered Plaintiff's credit card account to B-Line, LLC for purchase. Therefore, Defendant Chase Bank, USA, N.A. by offering Plaintiff's credit card account to B-Line, LLC for purchase is in violation of [15 USC 1692d(4)].

28.    By reporting the above mentioned discharged credit card account as 24 late payments Defendant Chase Bank, USA, N.A. is attempting to collect a discharged debt. Defendant Chase Bank, USA, N.A. is reporting the same credit card account in Plaintiff's credit report twice under 2 different creditor names; Chase Bank account number 5435051501604307, and Chemical Bank account number 5260365070104170, [Exhibit 4, a credit report issued by Defendant Transunion on 03/01/2007] Therefore, Defendant Chase Bank, USA, N.A. is in violation of [15 USC 1692e; 2(a), 6(b), 7, 8, 10, 11, 12, 14].

## THIRD CAUSE OF ACTION

### (TITLE 11 BANKRUPTCY CODE)

29.    Plaintiff realleges and incorporates Paragraphs 1 through 28 as though fully set forth herein.

30.    By reporting the discharged credit card account to the credit agencies as 24 late payments Defendant Chase Bank, USA, N.A. is attempting to collect a title 11 discharged debt, therefore, defendant Chase Bank, USA, N.A. is in violation of the stay and injunction of the title 11; bankruptcy code.

31.    The discharge prohibits any attempt to collect from the debtor a debt that has been discharged. A creditor is not permitted to take any action to collect a discharged debt from the debtor. A creditor who violates this order can be required to pay damages and attorney's fees to the debtor. Defendant Chase Bank, USA, N.A. is trying to collect a debt that Plaintiff has no liability for.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for judgment as follows:

1.    An award of consequential, general, special and compensatory damages, according to proof at trial;

2.    An award of punitive damages, according to proof at trial;

3.    Costs and expenses including attorneys fees reasonably incurred in connection with commencement and prosecution of this action pursuant to Code of Civil Procedure section 1021.5;

4.    For Defendant CHASE BANK USA, N.A. to rescind the 2003 Ford car and its auto loan. And Defendant CHASE BANK USA, N.A. to refund Plaintiff his down payment and his monthly payments since August 18th, 2006 till the present.

5.    For Defendants to remove false statements (24 late payments) from Plaintiff's credit report, report it to all credit bureaus and associated agencies, and to reassess Plaintiff's credit score.

6.    Costs of suit; and

7.    Grant any and all further relief this Court deems just and proper.

Dated: NOVEMBER 26, 2007                                Respectfully submitted,

MOHAMED HOSSNI ABOUELHASSAN
In PRO SE
805 BORDEN RAE CT,
SAN JOSE, CA 95117
Telephone (510) 501-1800
Fax: 408-615-1818
Email: egyptusa76@msn.com

FIRST AMENDED COMPLAINT FOR LIBEL DEFAMATION OF CHARACTER AND PROFESSIONAL NEGLIGENCE UNDER

CALIFORNIA CIVIL CODE SECTIONS 1785.25, 43, 44, AND 45, UNDER THE FAIR CREDIT REPORTING ACT

**Cardmember Services**
**Fulfillment Department, DE1-0811**
**PO Box 517**
**Frederick, MD 21705-0517**



March 30, 2007

MOHAMED H ABOUELHASSAN
805 BORDEN RAE CT
SAN JOSE CA 95117

Dear Mohamed H Abouelhassan:

We are writing you to notify you that we have submitted an update to your file maintained at the credit reporting agencies. We periodically send an update to a credit bureau when we receive information about your credit card account that may have been inaccurate or that meets certain other criteria. Below are the names of the agencies that will receive the update information along with the reason for the change:

CBI/Equifax
652 E. N. Belt, Suite 107
Houston TX 77060

TRW/Experian                          Trans Union
Attn: Profile Maintenance             200 Spring Lake Cove, #201
701 Experian Parkway                  Jackson, MS 39208
Allen, TX 75013

The referenced account number is: 5435 0515 0160 4307
The update reason is: ACCOUNT SOLD (B LINE) AND INCLUDED IN BANKRUPTCY

If we can help in any other way, please call us at 1-800-238-3267. Serving you is important to us. Thank you.

Sincerely,


Carol Moran
Fulfillment Department

cust8650.doc      Chase Recovery Letter.doc

**CCI**
Credit Communications Inc.

10 Crow Canyon Court, Suite 200
San Ramon, CA 94583
Tel: 925.831.3520  Toll Free: 800.954.2266
Fax: 800.303.9203

**CREDIT REPORT**

Report No  566821

| Provided For: | UNITED PARTNERS GROUP 2000 CROW CANYON PLACE, SUITE 130 SAN RAMON, CA 94583 Acct #: 1515 | Date Received 3/19/2007 | Date Issued 3/19/2007 | Requested By JAMES CONGOS |
|---|---|---|---|---|
| | | Loan Type | FNMA # PT00566821 | Charges |
| Property Address: | | Sources XP/TU/EF | Reference # | |

## GENERAL INFORMATION

| Borrower Name  ABOUELHASSAN, MOHAMED | Social Security No  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 | DOB |
|---|---|---|
| Co-Borrower Name | Social Security No | DOB |
| Current Address  805 BORDENRAE COURT, SAN JOSE, CA 95117* | | Length |
| Previous Address | | Length |
| Marital Status | | |
| Dependents | | |

## CREDIT HISTORY

| F/H/C/O/B/W/B/P | CREDITOR NAME ACCOUNT NUMBER | DATE REPORTED DATE LAST ACTIVITY | DATE OPENED | HIGH CREDIT | BALANCE TERMS | PAST DUE AMOUNT | HISTORICAL STATUS MOS REV  TIMES PAST DUE 30 60 90+ | PRESENT STATUS |
|---|---|---|---|---|---|---|---|---|
| B B | NCO FIN/67 1832981 ORIGINAL CREDITOR: VERIZON HAWAII | 05/04 | 04/04 | $60 COLL UNK | $62 $- | $62 | 6  0  0  0 | COLLECTION XP/TU |
| U B | ALA GAS CO 6001753532001 COLLECTION ACCOUNT; UTILITY | 09/04 05/04 | 09/01 | $51 OPEN | $51 $10* | $51 | | COLLECTION EF |
| B B | CHASE 543505150160 Late Dates: 11/06-150+, 10/06-150+, 9/06-150+, 8/06-150+, 7/06-150+, 6/06-150+, 5/06 150+, 4/06-150+, 3/06-150+, 2/06-150+, 1/06 150+, 12/05-150+, 11/05-150+, 10/05-150+, 9/05 150+, 8/05-150+, 7/05-150+, 6/05-150+, 5/05-150+, 4/05-150+, 3/05-150+, 2/05-150+, 1/05-150+, 12/04-150+. TRANSFERRED TO ANOTHER LENDER; PURCHASED BY ANOTHER LENDER; BANKRUPTCY CHAPTER 7 | 12/06 | 02/03 | $600 REV | $0 $0 | $0 | 25  0  0  24 | BANKRUPTCY XP/TU/EF |
| B B | EXCHANG BK 476590 PAID CHARGE OFF; BUSINESS ACCOUNT - PERSONAL GUARANTEE | 03/07 08/04 | 03/04 | INST | $0 $0 | $0 | 19  0  0  0 | PAID CHGOFF TU/EF |
| B B | GEMB/WALMART 6032204457100 Late Dates: 7/04-40 BANKRUPTCY CHAPTER 7 | 08/04 | 10/02 | $250 REV | $0 $0 | $0 | 32  1  0  0 | BANKRUPTCY XP/TU/EF |
| J B | LEXUS FINANCIAL SE 70403660105680001 Late Dates: 6/04-30 SUBSCRIBER REPORTS DISPUTE RESOLVED-CONSUMER DISAGREES; BANKRUPTCY CHAPTER 7 | 07/04 | 06/02 | $24929 AUTO 060 | $0 $0 | $0 | 25  1  0  0 | BANKRUPTCY XP/TU/EF |
| B B | SALLIE MAE SERVICI 988281330810005 Late Dates: 3/06-90 | 05/06 05/06 | 10/04 | $8000 EDU 120 | $0 $0 | $0 | 30  0  0  1 | PD WAS 90 XP/TU/EF |
| B B | SALLIE MAE SERVICI 988281330810003 Late Dates: 3/06 90 | 05/06 05/06 | 09/04 | $8500 EDU 120 | $0 $0 | $0 | 21  0  0  1 | PD WAS 90 XP/TU/EF |
| B B | SALLIE MAE SERVICI 988281330810002 Late Dates: 3/06-90 | 05/06 05/06 | 08/02 | $4077 EDU 120 | $0 $0 | $0 | 46  0  0  1 | PD WAS 90 XP/TU/EF |
| B B | SALLIE MAE SERVICI 988281330810001 Late Dates: 3/06-90 | 05/06 05/06 | 08/02 | $8500 EDU 120 | $0 $0 | $0 | 46  0  0  1 | PD WAS 90 XP/TU/EF |
| D B | CHASE MHT BK 526036507070 CHAPTER 7 BANKRUPTCY | 08/04 05/04 | 02/03 | $600 REV | $- $- | $- | - - - - | BANKRUPTCY TU |
| B B | MITSUBISHI 10005064471229001 BANKRUPTCY CHAPTER 7; ACCOUNT TRANSFERRED OR SOLD | 06/05 07/04 | 06/04 | OTHE | $- | $- | - - - - | BANKRUPTCY XP/TU/EF |

*300-356 5555*

=============================================================
**O T H E R   C R E D I T   H I S T O R Y**
=============================================================
**\*\*\* NO RECORD FOUND \*\*\***
=============================================================

FCRA KEY: B=BORROWER, C=CO BORROWER, S=SHARED, J=JOINT, U=UNDESIGNATED, A=AUTHORIZED USER

Consumer Credit Report for MOHAMED HOSSNI ABOUELHASSAN

File Number: 168880704
Page: 3 of 9
Date Issued: 03/01/2007

TransUnion.

**CHEMICAL BANK** #5260365070104170
800 BROOKS EDGE BV
WESTERVILLE, OH 43081
(800) 945-2006
800-867-9757
Loan Type: CREDIT CARD
Remarks: ›CHAPTER 7 BANKRUPTCY‹
Estimated date that this item will be removed: 04/2011

| | |
|---|---|
| Balance: | |
| Date Updated: | 08/2004 |
| High Balance: | $594 |
| Credit Limit: | $600 |

| | |
|---|---|
| Pay Status: | UNRATED |
| Account Type: | REVOLVING ACCOUNT |
| Responsibility: | INDIVIDUAL ACCOUNT |
| Date Open: | 02/2003 |
| Date Closed: | 08/2004 |
| Date Paid: | 05/2004 |

**FIRST UNION RECOVERY** #1010104513686
PO BOX 3117
WINSTON SALEM, NC 27102
Phone number not available

Loan Type: DEPOSIT RELATED
Remarks: ›PROFIT AND LOSS WRITEOFF‹
Estimated date that this item will be removed: 04/2013

| | |
|---|---|
| Balance: | $2,100 |
| Date Updated: | 01/2007 |
| Past Due: | ›$2,100‹ |

| | |
|---|---|
| Pay Status: | ›CHARGED OFF AS BAD DEBT‹ |
| Account Type: | OPEN ACCOUNT |
| Responsibility: | JOINT ACCOUNT |
| Date Open: | 05/2006 |
| Date Closed: | 11/2006 |

**GEMB/WALMART** #6032203511007238
PO BOX 981400
EL PASO, TX 79998
(877) 294-7880

Loan Type: CHARGE ACCOUNT
Remarks: ›CHAPTER 7 BANKRUPTCY‹
Estimated date that this item will be removed: 04/2011

| | |
|---|---|
| Balance: | |
| Date Updated: | 04/2006 |
| High Balance: | $122 |
| Credit Limit: | $300 |

| | |
|---|---|
| Pay Status: | UNRATED |
| Account Type: | REVOLVING ACCOUNT |
| Responsibility: | INDIVIDUAL ACCOUNT |
| Date Open: | 10/2002 |
| Date Closed: | 08/2004 |

**MITSUBISHI MOTOR CREDIT** #10005064471229001
10805 HOLDER ST STE 300
CYPRESS, CA 90630-5147
(800) 770-5983

Loan Type: AUTOMOBILE
Remarks: ›CHAPTER 7 BANKRUPTCY‹
Estimated date that this item will be removed: 07/2011

| | |
|---|---|
| Balance: | |
| Date Updated: | 08/2004 |
| High Balance: | $21,446 |
| Terms: | 72 MONTHLY $325 |

| | |
|---|---|
| Pay Status: | UNRATED |
| Account Type: | INSTALLMENT ACCOUNT |
| Responsibility: | INDIVIDUAL ACCOUNT |
| Date Open: | 06/2003 |
| Date Closed: | 08/2004 |

**NCO FINANCIAL** #1832981
1001 BISHOP TOWER
STE 480
HONOLULU, HI 96813
(800) 709-8613

Remarks: ›PLACED FOR COLLECTION‹
Date placed for collection: 04/2004
Estimated date that this item will be removed: 11/2010

| | |
|---|---|
| Balance: | $62 |
| Date Updated: | 05/2004 |
| Original Amount: | $60 |
| Original Creditor: | VERIZON HAWAII |
| Past Due: | ›$62‹ |

| | |
|---|---|
| Pay Status: | ›COLLECTION ACCOUNT‹ |
| Account Type: | OPEN ACCOUNT |
| Responsibility: | INDIVIDUAL ACCOUNT |

**SALLIE MAE** #988281330810001
PO BOX 9500
WILKES BARRE, PA 18773-9500
(88B) 272-5543

Loan Type: STUDENT LOAN
Remarks: CLOSED
›Maximum delinquency of 90+ days occurred in 03/2006‹

| | |
|---|---|
| Balance: | $0 |
| Date Updated: | 05/2006 |
| High Balance: | $8,500 |
| Collateral: | DEFERRED TO 12202006 |
| Terms: | 120 MONTHLY $92 |

| | |
|---|---|
| Pay Status: | PAID OR PAYING AS AGREED |
| Account Type: | INSTALLMENT ACCOUNT |
| Responsibility: | INDIVIDUAL ACCOUNT |
| Date Open: | 08/2002 |
| Date Closed: | 05/2006 |

| Late Payments (11 months) | 30 | 60 | 90+ | Last 11 months | OK | 90 | OK | OK | X | OK | OK | OK | OK | OK | OK |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | 0 | 0 | 1 | | apr | mar | feb | '06 | dec | nov | oct | sep | aug | jul | jun |

Consumer Credit Report for MOHAMED HOSSNI ABOUELHASSAN

| | |
|---|---|
| File Number: | 168880704 |
| Page: | 2 of 9 |
| Date Issued: | 03/01/2007 |

## Adverse Accounts

The following accounts contain information which some creditors may consider to be adverse. Adverse account information may generally be reported for 7 years from the date of the first delinquency, depending on your state of residence. The adverse information in these accounts has been printed in >brackets< or is shaded for your convenience, to help you understand your report. They are not bracketed or shaded this way for creditors. (Note: The account # may be scrambled by the creditor for your protection).

### ACTIVE CREDIT SVCS, INC #857277
PO BOX 80370
PORTLAND, OR 97280-1370
(888) 357-2131

Loan Type: COLLECTION AGENCY/ATTORNEY
Remarks: >PLACED FOR COLLECTION<
Date placed for collection: 10/2004
Estimated date that this item will be removed: 05/2010

| | |
|---|---|
| Balance: | $386 |
| Date Updated: | 01/2005 |
| Original Amount: | $385 |
| Original Creditor: | AT T WIRELESS 3G ACCOUNTS |

| | |
|---|---|
| Pay Status: | >COLLECTION ACCOUNT< |
| Account Type: | OPEN ACCOUNT |
| Responsibility: | INDIVIDUAL ACCOUNT |

### ALLIANCE COLLECTION SERV #D535339N1
PO BOX 49
TUPELO, MS 38802-0049
(662) 841-9995

Loan Type: MEDICAL DEBT
Remarks: >PLACED FOR COLLECTION<
Date placed for collection: 05/2004
Estimated date that this item will be removed: 04/2011

| | |
|---|---|
| Balance: | $70 |
| Date Updated: | 02/2006 |
| Original Amount: | $70 |
| Original Creditor: | MED1 02  STACY HAYNES M D |
| Past Due: | >$70< |

| | |
|---|---|
| Pay Status: | >COLLECTION ACCOUNT< |
| Account Type: | OPEN ACCOUNT |
| Responsibility: | INDIVIDUAL ACCOUNT |
| Date Closed: | 08/2004 |

### AMERICAN COLLECTIONS ENT #10051990004
6094D FRANCONIA RD
ALEXANDRIA, VA 22310
(703) 719-9403

Loan Type: COLLECTION AGENCY/ATTORNEY
Remarks: >PLACED FOR COLLECTION<
Date placed for collection: 07/2005
Estimated date that this item will be removed: 08/2011

| | |
|---|---|
| Balance: | $152 |
| Date Updated: | 06/2006 |
| Original Amount: | $152 |
| Original Creditor: | MED1 02  BIJAN YOUSSEFI MD  FACS |
| Past Due: | >$152< |

| | |
|---|---|
| Pay Status: | >COLLECTION ACCOUNT< |
| Account Type: | OPEN ACCOUNT |
| Responsibility: | INDIVIDUAL ACCOUNT |

### CENTERONE FINANCIAL SVS #8410000000767728
PO BOX 4422
BRIDGETON, MO 63044
(866) 636-8575

Loan Type: AUTOMOBILE
Remarks: NO FORWARDING ADDRESS
>Maximum delinquency of 90+ days occurred in 09/2006<
Estimated date that this item will be removed: 04/2013

| | |
|---|---|
| Balance: | $12,489 |
| Date Updated: | 10/2006 |
| High Balance: | $21,446 |
| Past Due: | >$1,626< |
| Terms: | 72 MONTHLY $325 |

| | |
|---|---|
| Pay Status: | >90 DAYS PAST DUE< |
| Account Type: | INSTALLMENT ACCOUNT |
| Responsibility: | INDIVIDUAL ACCOUNT |
| Date Open: | 06/2003 |
| Date Closed: | 10/2006 |

| Late Payments (17 months) | 30 | 60 | 90 |
|---|---|---|---|
| | 6 | 0 | 2 |

Last 17 months

| 120 | 90 | OK | 30 | OK | 30 | 30 | 30 | 30 | OK | OK | OK | OK | OK | 30 | 30 | OK |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| sep | aug | jul | jun | may | apr | mar | feb | '06 | dec | nov | oct | sep | aug | jul | jun | may |

### CHASE BANK USA NA #5435051501604307
800 BROOKSEDGE BLV
WESTERVILLE, OH 43081
(800) 436-7939

Loan Type: CREDIT CARD
Remarks: >CHAPTER 7 BANKRUPTCY<
Estimated date that this item will be removed: 04/2011

| | |
|---|---|
| Balance: | |
| Date Updated: | 12/2006 |
| High Balance: | $594 |
| Credit Limit: | $600 |

| | |
|---|---|
| Pay Status: | UNRATED |
| Account Type: | REVOLVING ACCOUNT |
| Responsibility: | INDIVIDUAL ACCOUNT |
| Date Open: | 02/2003 |
| Date Closed: | 12/2006 |
| Date Paid: | 05/2004 |

To dispute online go to: http://transunion.com/disputeonline