**MUSICK, PEELER & GARRETT LLP**
ATTORNEYS AT LAW
650 TOWN CENTER DRIVE, SUITE 1200
COSTA MESA, CALIFORNIA 92626-1925
TELEPHONE 714-668-2447
FACSIMILE 714-668-2490

Donald E. Bradley (State Bar No. 145037)
d.bradley@mpglaw.com

Attorneys for Trans Union LLC
(Erroneously sued as TRANSUNION)

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| MOHAMED ABOUELHASSAN,<br><br>    Plaintiff,<br><br>    vs.<br><br>CHASE BANK, EXPERIAN, EQUIFAX CREDIT INFORMATION SERVICES, Inc, TRANSUNION, DOE 1, aka "B-Line", inclusive,<br><br>    Defendants. | Case No. 5:07-cv-03951-JF<br><br>[Assigned to The Honorable Jeremy Fogel]<br><br>Complaint Filed: June 27, 2007<br><br>**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT TRANS UNION LLC TO PLAINTIFF'S FIRST AMENDED COMPLAINT** |

Defendant Trans Union LLC ("Trans Union") hereby answers the averments contained in the First Amended Complaint of Mohamed Abouelhassan ("Plaintiff"). Trans Union's answers to Plaintiff's averments are intended to apply to Trans Union's actions and do not speak to the actions of other entities or persons.

Answering paragraph 1, Trans Union lacks sufficient information or belief to admit or deny the averments of this paragraph, and on that basis denies them.

Answering paragraph 2, Trans Union lacks sufficient information or belief to admit or deny the averments of this paragraph, and on that basis denies them.

562638.1

1    Answering paragraph 3, Trans Union denies the averments of this
2 paragraph.
3    Answering paragraph 4, Trans Union admits that venue is proper. Trans
4 Union, however, denies any implication that it is liable to Plaintiff or that Plaintiff's
5 Complaint states a cause of action against Trans Union.

## GENERAL ALLEGATIONS

7    Answering paragraph 5, Trans Union lacks sufficient information or
8 belief to admit or deny the averments of this paragraph, and on that basis denies
9 them.
10    Answering paragraph 6, Trans Union lacks sufficient information or
11 belief to admit or deny the averments of this paragraph, and on that basis denies
12 them.
13    Answering paragraph 7, Trans Union lacks sufficient information or
14 belief to admit or deny the averments of this paragraph, and on that basis denies
15 them.

## FIRST CAUSE OF ACTION

17    Answering paragraph 8, Trans Union incorporates by reference its
18 answers to paragraphs 1 through 8 above as though fully set forth herein.
19    Answering paragraph 9, Trans Union lacks sufficient information or
20 belief to admit or deny the averments of this paragraph, and on that basis denies
21 them.
22    Answering paragraph 10, Trans Union lacks sufficient information or
23 belief to admit or deny the averments of this paragraph, and on that basis denies
24 them.
25    Answering paragraph 11, Trans Union lacks sufficient information or
26 belief to admit or deny the averments of this paragraph, and on that basis denies
27 them.
28

Answering paragraph 12, Trans Union lacks sufficient information or belief to admit or deny the averments of this paragraph, and on that basis denies them.

Answering paragraph 13, Trans Union lacks sufficient information or belief to admit or deny the averments of this paragraph, and on that basis denies them.

Answering paragraph 14, Trans Union lacks sufficient information or belief to admit or deny the averments of this paragraph, and on that basis denies them.

Answering paragraph 15, Trans Union lacks sufficient information or belief to admit or deny the averments of this paragraph, and on that basis denies them.

Answering paragraph 16, Trans Union lacks sufficient information or belief to admit or deny the averments of this paragraph, and on that basis denies them.

Answering paragraph 17, Trans Union lacks sufficient information or belief to admit or deny the averments of this paragraph, and on that basis denies them.

Answering paragraph 18, Trans Union lacks sufficient information or belief to admit or deny the averments of this paragraph, and on that basis denies them.

Answering paragraph 19, Trans Union lacks sufficient information or belief to admit or deny the averments of this paragraph, and on that basis denies them.

Answering paragraph 20, Trans Union lacks sufficient information or belief to admit or deny the averments of this paragraph, and on that basis denies them.

Answering paragraph 21, Trans Union lacks sufficient information or belief to admit or deny the averments of this paragraph, and on that basis denies them.

Answering paragraph 22, Trans Union lacks sufficient information or belief to admit or deny the averments of this paragraph, and on that basis denies them.

Answering paragraph 23, Trans Union denies the averments of this paragraph.

Answering paragraph 24, Trans Union lacks sufficient information or belief to admit or deny the averments of this paragraph, and on that basis denies them.

Answering paragraph 25, Trans Union lacks sufficient information or belief to admit or deny the averments of this paragraph, and on that basis denies them.

## SECOND CAUSE OF ACTION

Answering paragraph 26, Trans Union incorporates by reference its answers to paragraphs 1 through 25 above as though fully set forth herein.

Answering paragraph 27, Trans Union lacks sufficient information or belief to admit or deny the averments of this paragraph, and on that basis denies them.

Answering paragraph 28, Trans Union lacks sufficient information or belief to admit or deny the averments of this paragraph, and on that basis denies them.

## THIRD CAUSE OF ACTION

Answering paragraph 29, Trans Union incorporates by reference its answers to paragraphs 1 through 28 above as though fully set forth herein.

Answering paragraph 30, Trans Union lacks sufficient information or belief to admit or deny the averments of this paragraph, and on that basis denies

them.

Answering paragraph 31, 11 U.S.C. Title 11 speaks for itself.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff has failed to state a claim against Trans Union upon which relief may be granted.

### SECOND DEFENSE

On information and belief, Trans Union alleges that any purported damages to Plaintiff, which Trans Union continues to deny, are the result of the acts or omissions of third parties over whom Trans Union has neither control nor responsibility.

### THIRD DEFENSE

Some or all of Plaintiff's claims against Trans Union are barred by applicable statutes of limitations, including, but not limited to, 15 U.S.C. § 1681p.

### FOURTH DEFENSE

Trans Union has complied with the provisions of the FCRA, 15 U.S.C. §§ 1681a-x, in its handling of Plaintiff's credit files, and is entitled to each and every defense afforded to it by that Act.

### FIFTH DEFENSE

Plaintiff, though under a duty to do so, has failed and neglected to reasonably mitigate his alleged damages and, therefore, cannot recover against Trans Union, whether as alleged, or otherwise.

### SIXTH DEFENSE

Without admitting that it has the burden of proof on the issue, Trans Union alleges that at all times relevant to the Complaint, it followed reasonable procedures to assure the maximum possible accuracy of the information contained in Plaintiff's Trans Union credit reports.

### SEVENTH DEFENSE

At all times relevant to the Complaint, Trans Union conducted proper reinvestigation procedures concerning Plaintiff in preparing consumer reports related to Plaintiff.

### EIGHTH DEFENSE

Any credit report or other information released by Trans Union to a third party concerning Plaintiff was done with Plaintiff's explicit or implicit consent.

### NINTH DEFENSE

Trans Union is informed and believes, and thereon alleges, that any purported damages sustained by Plaintiff, were, in whole or in part, caused by his own actions and resulted from Plaintiff's own negligence, equal to or exceeding any alleged wrongdoing by Trans Union.

### TENTH DEFENSE

Trans Union is informed and believes, and thereon alleges, that Plaintiff's Complaint is barred by the doctrine of Unclean Hands.

### ELEVENTH DEFENSE

Trans Union is informed and believes, and thereon alleges, that some or all of Plaintiff's claims are barred by res judicata.

### TWELFTH DEFENSE

Trans Union is informed and believes, and thereon alleges, that some or all of Plaintiff's claims are barred by collateral estoppel.

### THIRTEENTH DEFENSE

Trans Union reserves the right to assert additional defenses that it may learn of through the course of discovery.

### PRAYER

WHEREFORE, Defendant Trans Union LLC prays as follows:

1. That Plaintiff take nothing by reason of his Complaint;

2. That the Complaint be dismissed in its entirety as to Trans Union;

3. That Trans Union be awarded its costs of suit and reasonable attorneys' fees incurred herein; and

4. For such other and further relief as this Court may deem just and proper.

DATED: December 6, 2007           MUSICK, PEELER & GARRETT LLP

By: /s/ Donald E. Bradley
Donald E. Bradley
Attorneys for Trans Union LLC
(Erroneously sued as TRANSUNION)

# CERTIFICATE OF SERVICE

STATE OF CALIFORNIA
COUNTY OF ORANGE

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within entitled action; my business address is 650 Town Center Drive, Suite 1200, Costa Mesa, California 92626-1925.

On December 6, 2007, I served the foregoing document(s) described as **ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT TRANS UNION LLC TO PLAINTIFF'S FIRST AMENDED COMPLAINT** on the interested parties in this action as follows:

**See Attached List**

☐ **BY PERSONAL DELIVERY.** I delivered such envelope by hand to the offices of the addressee.

☒ **BY MAIL.** I caused such envelope with postage thereon fully prepaid to be placed in the U.S. Mail at Costa Mesa, California. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Costa Mesa, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit. ***TO PRO SE PLAINTIFF ONLY.***

☐ **BY FACSIMILE TRANSMISSION.** I caused such document to be transmitted to the addressee(s) facsimile number(s) noted herein. I caused the machine to print a transmission record of the transmission. No errors were reported.

☐ **BY FEDERAL EXPRESS.** I caused such envelope to the deposited at the Federal Express office at Costa Mesa, California for guaranteed one/two day delivery with delivery charges prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for delivery by Federal Express delivery service. Under that practice, it would be deposited with the delivery service on that same day with delivery charges thereon fully prepaid at Costa Mesa, California in the ordinary course of business for delivery to the addressee.

☒ **BY ECF.** I caused such documents to be e-filed with the Court which were then served via the ECF filing system.

Executed on December 6, 2007, at Costa Mesa, California.

☒ (**Federal**) I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

 /s/ Karen S. Reisner
Karen S. Reisner

## SERVICE LIST

| | |
|---|---|
| Mohamed Abouelhassan<br>805 Borden Rae Court<br>San Jose, CA 95117<br>Phone: 510-501-1800<br>Fax: 408-615-1818<br>egyptusa76@msn.com | George Geoffrey Weickhardt<br>Pamela Jeanne Zanger<br>Ropers, Majeski, Kohn & Bentley PC<br>201 Spear Street, Suite 1000<br>San Francisco, CA 94105<br>Phone: 415-543-4800<br>Fax: 415-972-6301<br>gweickhardt@ropers.com<br>pzanger@ropers.com |
| Thomas P. Quinn, Jr.<br>Nokes & Quinn<br>450 Ocean Avenue<br>Laguna Beach, CA 92651<br>Phone: 949-376-3070<br>Fax: 949-376-3070<br>yhoman@nokesquinn.com | Brian James Recor<br>Jones Day<br>3 Park Plaza, Suite 1100<br>Irvine, CA 92614<br>Phone: 949-851-3939<br>Fax: 949-553-7539<br>brecor@jonesday.com |
| Stephanie Cope<br>King & Spalding LLP<br>1180 Peachtree Street, N.E.<br>Atlanta, GA 30309<br>Phone: 404-215-5908<br>Fax: 404-572-5100<br>scope@kslaw.com | Linh Kiet Trans<br>B-Line, LLC<br>2101 Fourth Ave, Suite 900<br>Seattle, WA 98121<br>Phone: 206-239-1952<br>Fax: 206-239-1958<br>linhtran@blinellc.com |