1  GEORGE G. WEICKHARDT (SBN 58586)
   PAMELA J. ZANGER (SBN 168356)
2  **ROPERS, MAJESKI, KOHN & BENTLEY PC**
   201 Spear Street, Suite 1000
3  San Francisco, CA 94105
   Telephone:   (415) 543-4800
4  Facsimile:   (415) 972-6301
   Email:       gweickhardt@ropers.com
5

6  Attorneys for Defendant CHASE BANK USA, N.A.,
   formerly known as CHASE MANHATTAN BANK USA,
7  N.A. and erroneously sued herein as CHASE BANK

8              UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10                    SAN JOSE DIVISION

11

12 MOHAMED ABOUELHASSAN,              CASE NO. C 07-03951 JF

13            Plaintiff,              **AMENDED MEMORANDUM OF
                                      POINTS AND AUTHORITIES IN
14       v.                           SUPPORT OF MOTION TO DISMISS
                                      FIRST AMENDED COMPLAINT**
15 CHASE BANK, EXPERIAN, EQUIFAX      [F.R.C.P. 12(b)(6)]
   CREDIT INFORMATION SERVICES,
16 INC., TRANSUNION, DOE 1, aka "B-Line,"  Date:    February 15, 2008
   inclusive,                         Time:    9:00 a.m.
17                                    Courtroom: 3, 5th Floor
              Defendants.             Hon. Jeremy Fogel
18

19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

RC1/5036062.1/PJZ

AMENDED MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION TO DISMISS COMPLAINT;
CASE NO. C 07-03951 JF.

## I. INTRODUCTION

Plaintiff's amended complaint contains three causes of action: 1) "Libel Defamation" – for alleged erroneous reporting of a Chase credit card account following discharge of such account in a bankruptcy proceeding; 2) Violation of the Federal Fair Debt Collection Practices Act ("FDCPA"); and 3) "Violation" of Title 11 Bankruptcy Code. Each of these causes of action must be dismissed with prejudice against Chase. As explained in the Court's Order granting Chase's motion to dismiss the original complaint, the first cause of action against Chase for "Libel Defamation" is preempted by the Federal Fair Credit Reporting Act and such Act contains no direct private right of action by a consumer against a furnisher of credit information (Chase) for alleged inaccurate credit reporting. The second cause of action alleges no facts that give rise to a violation of the FDCPA, which does not apply to creditors versus debt collectors. Even if it did, however, such cause of action is barred by the one year statute of limitation for FDCPA actions. The third cause of action alleges no specific section of Title 11 under which a cause of action arises. Moreover, the truthful and accurate reporting of a formerly delinquent debt discharged in bankruptcy does not amount to violation of the Bankruptcy Act. Even if it did, such remedy would be limited to a motion in the bankruptcy proceeding.

Accordingly, each cause of action against Chase in the first amended complaint must be dismissed with prejudice.

## II. ALLEGATIONS OF THE COMPLAINT

The first amended complaint contains three causes of action.

The first cause of action is for "Libel Defamation and Professional Negligence – Against all Defendants."

Paragraph 9 states:

> On or about July 2004 Plaintiff filed for Chapter 7 Bankruptcy in the United States Bankruptcy Court, Northern Alabama District, Eastern Division. Plaintiff included the Chase credit card account number 5435-0515-0160-4307, and received a discharge dating 11/05/2004.

Paragraph 16 states:

> On or about December 2004, Defendant Chase Bank reported 24

RC1/5036062.1/PJZ — - 1 - — AMENDED MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS COMPLAINT; CASE NO. C 07-03951 JF.

late payments; from December 2004 to November 2006, for credit card account that was discharged in Bankruptcy, such an action represents a libel action against Plaintiff.

Paragraph 17 alleges that the three credit reporting agency defendants violated the Federal Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq., but does not allege that Chase violated the FCRA.

The second cause of action is for violation of the Federal Fair Debt Collection Practices Act, and specifically 15 U.S.C. § 1692.

Paragraph 27 alleges:

> On or about 12/12/2005 Defendant Chase Bank, USA, N.A. offered Plaintiff's credit card account to B-Line for purchase. Therefore, Defendant Chase Bank, USA, N.A., by offering Plaintiff's credit card account to B-Line, LLC for purchase is in violation of [15 U.S.C. § 1692d(4)].

Paragraph 28 alleges in part:

> By reporting the above mentioned discharged credit card account as 24 late payments Defendant Chase Bank, USA, N.A. is attempting to collect a discharged debt ... Therefore, Defendant Chase Bank, USA, N.A. is in violation of [15 U.S.C. §§ 1692e; 2(a), 6(b), 7, 8, 10, 11, 12, 14].

The third cause of action is denominated "Title 11 Bankruptcy Code."

Paragraph 30 alleges:

> By reporting the discharged credit card account to the credit agencies as 24 late payments Defendant Chase Bank, USA, N.A. is attempting to collect a title 11 discharged debt, therefore, defendant Chase Bank, USA, N.A. is in violation of the stay and injunction of the title 11; bankruptcy code.

Paragraph 31 alleges:

> The discharge prohibits any attempt to collect from the debtor a debt that has been discharged. A creditor is not permitted to take any action to collect a discharged debt from the debtor. A creditor who violates this order can be required to pay damages and attorney's fees to the debtor. Defendant Chase Bank, USA, N.A. is trying to collect a debt that Plaintiff has no liability for.

### III.    PROCEDURAL HISTORY

Plaintiff's original complaint, filed on June 27, 2007, alleged a single claim for "Libel Defamation" similar to the first cause of action in the first amended complaint. Chase moved to

dismiss this claim on the ground that it was preempted and barred by the FCRA. On October 12, 2007, the Court granted this motion with leave to amend. The Court's Order held that the private right of action against a furnisher of credit information is limited to that stated in 15 U.S.C. § 1681s-2(b), and that the original complaint did not allege the elements of a claim under that section, which requires that the consumer first dispute the reporting of the account with the credit reporting agency and that the credit reporting agency must then send a notice of the dispute to the creditor. The private right of action against the furnisher is limited to a claim for failing to timely and appropriately respond to such a notice of dispute received from a credit reporting agency. The court also held that the FCRA preempted common law defamation claims, "except as to false information furnished with malice or willful intent to injure such consumer." October 12, 2007, Order at 7, citing *Gorman v. Wolpoff & Abramson, LLP*, 370 F. Supp.2d 1005, 1010 (N.D. Cal. 2005).

## IV.    ARGUMENT

### A.    Plaintiff's Defamation Claim Involving The Reporting Of Allegedly Inaccurate Credit Information Is Preempted By The Fair Credit Reporting Act ("FCRA")

Plaintiff attempts to allege a claim for libel/defamation arising from the reporting of his Chase credit card account that was allegedly discharged in a bankruptcy proceeding in Alabama. No malice or willful intent to injure plaintiff is alleged. Because Plaintiff is seeking damages for erroneous credit reporting, such claim is preempted and barred by the FCRA.

The Court has already ruled that common law claims for libel or defamation are preempted by the FCRA except as to information furnished to credit reporting agencies with malice or willful intent to injure the consumer. Because no such malice or willful intent is alleged in the first amended complaint, the claim for libel or defamation against Chase is preempted and barred under the Court's previous ruling. While paragraphs 19 and 20 of the first amended complaint allege "bad faith and reckless disregard" on the part of Chase, those allegations are made in reference to a letter that Chase sent to plaintiff about the sale of the account to a third party. Such a letter from Chase to plaintiff does not constitute publication and cannot constitute libel. Paragraph 10 alleges that Chase "willfully and without justification or

privilege" reported information to others, but that allegation falls far short of "malice" or "willful intent to injure." An act can, of course, be willful without being malicious or performed with the intent to injure.

Neither does the first amended complaint allege that Chase received a notice of dispute from any credit reporting agency. Plaintiff alleges in paragraph 17 that he contacted the three credit reporting agency defendants, but that they told plaintiff to contact Chase directly. Thus, plaintiff has also failed to allege the required elements of a claim under 15 U.S.C. § 1681s-2(b), as described in the Court's October 12, 2007 Order.

The Court's October 12, 2007 Order fully described for plaintiff the requirements for pleading both a libel claim and a claim under section 1681s-2(b). Having been so informed, plaintiff did not plead the elements of such claims, and the first cause of action should accordingly be dismissed with prejudice.

**B.    The FDCPA Does Not Apply To Creditors Such As Chase, And No Collection Activity Is Alleged In The Second Cause Of Action**

The FDCPA in 15 U.S.C. § 1692a(6) defines "debt collector" in as one who is engaged in the business of collecting debts "owed or due another." Creditors who collect in their own name and whose principal business is not debt collection are not "debt collectors" subject to the Act. *Aubert v. American General Finance*, 137 F.3d 976, 978 (7th Cir. 1998). All of the operative provisions and prohibitions in the FDCPA refer to activities of debt collectors. The second cause of action concerns Chase's alleged efforts to collect or sell an account owing to Chase itself. Chase is not a debt collector and is not alleged to be one, so the FDCPA does not apply to Chase.

Even if the FDCPA did apply to Chase, no conduct violative of the statute is alleged. Paragraph 27 alleges that around December 12, 2005, Chase offered plaintiff's credit card account to defendant B-Line for purchase and, as such, Chase is in violation of 15 U.S.C. § 1692d(4).

15 U.S.C. § 1692d(4) states in part:

> A debt collector may not engage in any conduct . . . to harass . . . .
> The following conduct is in violation of this section:  (4) The
> advertisement for sale of any debt to coerce payment of the debt.

The conduct alleged – offering plaintiff's credit card account to B-Line for purchase – does not amount to advertisement for sale of the account to coerce payment and thus, is not a violation of such section.

Paragraph 28 alleges that Chase's reporting the discharged credit card as delinquent amounts to an attempt to collect a discharged debt and that such is in violation of various sections of 15 U.S.C. § 1692e.

15 U.S.C. § 1692e states in part:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt . . . .

The allegation relates to credit reporting, not to the type of collection activity described in section 1692e. Any claim relating to credit reporting is preempted and barred by the FCRA.

Even if this cause of action did in fact allege violations of the FDCPA, such claim would be barred by the one year statute of limitations on FDCPA claims per 15 U.S.C. § 1692k(d). The original complaint was not filed until June 27, 2007, more than a year after the alleged date when the account was purportedly offered for sale of December 12, 2005.

**Moreover, a remedy for alleged collection of a debt in violation of a bankruptcy discharge injunction does not lie under the FDCPA.** *Walls v. Wells Fargo Bank, N.A.* 276 F.3d 502 (9th Cir. 2002).[1]

For the above reasons, the second cause of action must be dismissed with prejudice as to Chase.

C. **There Is No Cause Of Action Under Title 11 Of The Bankruptcy Code**

The third cause of action alleges a violation of Title 11 of the Bankruptcy Code:

Paragraph 30 alleges:

> By reporting the discharged credit card account to the credit agencies as 24 late payments Defendant Chase Bank, USA, N.A. is

---

[1] In *Walls*, the Ninth Circuit stated that: "[N]othing in either Act persuades us that Congress intended to allow debtors to bypass the [Bankruptcy] Code's remedial scheme when it enacted the FDCPA. While the FDCPA's purpose is to avoid bankruptcy, if bankruptcy nevertheless occurs, the debtor's protection and remedy remain under the Bankruptcy Code." *Walls*, 276 F.3d at 510.

attempting to collect a title 11 discharged debt, therefore, defendant
Chase Bank, USA, N.A. is in violation of the stay and injunction of
the title 11; bankruptcy code.

Paragraph 31 alleges:

> The discharge prohibits any attempt to collect from the debtor a
> debt that has been discharged. A creditor is not permitted to take
> any action to collect a discharged debt from the debtor. A creditor
> who violates this order can be required to pay damages and
> attorney's fees to the debtor. Defendant Chase Bank, USA, N.A. is
> trying to collect a debt that Plaintiff has no liability for.

This cause of action does not refer to a specific section of Title 11 that Chase is alleged to have violated. Nor does it allege a specific section that provides for a private right of action by plaintiff against Chase in a civil action. For these reasons alone this cause of action must be dismissed.

Paragraph 30 does allege a violation of the automatic stay. The third cause of action, however, contains no allegations of collection activity that would give rise to a violation of the automatic stay. 11 U.S.C. § 362(a)(6) does state that "[a]ny act to collect, assess or recover a claim against the debtor that arose prepetition" is prohibited by the stay. Section 362, however, contains no language prohibiting creditors or any other party from making legitimate reports to credit agencies regarding parties that have filed for bankruptcy. *Hickson v. Home Federal of Atlanta*, 805 F. Supp. 1567, 1573 (N.D. Ga. 1992); *aff'd*, 14 F.3d 59 (11th Cir. 1994).[2]

**There is also no private right of action under 11 U.S.C. §524(a), the Bankruptcy Code's discharge injunction provision, which states that a discharge operates as an injunction against, among other things, collection of a discharged debt.** *Walls v. Wells Fargo Bank, N.A.*, 276 F.3d 502 (9th Cir. 2002). In holding so, the Ninth Circuit stated:

> **[I]mplying a private remedy here could put enforcement of the
> discharge injunction in the hands of a court that did not issue it
> (perhaps even in the hands of a jury), which is inconsistent with
> the present scheme that leaves enforcement to the bankruptcy
> judge whose discharge order gave rise to the injunction. This
> makes a good deal of sense, given that the equities at issue are**

---

[2] The only remedy available for violation of a stay pursuant to 11 U.S.C. § 362(k) would be via a motion in the bankruptcy proceeding, and not a separate civil proceeding. *In re Zumbrun*, 88 B.R. 250, 252-53 (9th Cir. Fed. App. 1988) (Section 362(k) damages are properly sought by *motion* rather than through an adversary proceeding.)

> bankruptcy equities, and it would undermine Congress's deliberate decision to place supervision of discharge in the bankruptcy court …

*Walls*, 276 F.3d 502, 509.

Likewise, the mere act of reporting post-bankruptcy a formerly delinquent debt that has been discharged does not constitute an attempt to collect a discharged debt under 11 U.S.C. §524(a). *Mahoney v. Washington Mutual, Inc.* (In re *Mahoney*), 368 B.R. 579, 581 (Bankr. D. Tex. 2007). *See also, Bruno v. First USA Bank, N.A.*, (In re *Bruno*), 356 B.R. 89 (Bankr. W.D.N.Y. 2006) (creditor's failure to notify a credit reporting agency that its true and accurate prepetition report of an account delinquency that had been discharged in bankruptcy did not violate 11 U.S.C.§ 524); *Vogt v. Dynamic Recovery Services* (In re *Vogt*), 257 B.R. 65, 70 (Bankr. D. Colo. 2000) (report that debt still due and owing notwithstanding order of discharge does not violate Bankruptcy Code).

For these reasons, the third cause of action must be dismissed with prejudice.

## V.    CONCLUSION

For the above reasons, the entire first amended complaint against Chase must be dismissed with prejudice.

Dated: December 27, 2007          ROPERS, MAJESKI, KOHN & BENTLEY

By:/s/ George G. Weickhardt
GEORGE G. WEICKHARDT
PAMELA J. ZANGER
Attorneys for Defendant
CHASE BANK USA, N.A