Plaintiff MOHAMED ABOUELHASSAN,
PRO SE

Address: 805 BORDEN RAE CT,
SAN JOSE, CA 95117

Phone: 510-501-1800
FAX: 408-615-1818

Email: egyptusa76@msn.com

FILED

*08 MAR -3  P 4: 14*

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MOHAMED ABOUELHASSAN<br>In PRO SE<br>*Plaintiff,*<br>v.<br>CHASE BANK USA, N.A., EXPERIAN INFORMATION SOLUTIONS, INC., EQUIFAX INFORMATION SERVICES, LLC, TRANS UNION, LLC.<br>*Defendants.* | Case No. 5:07-CV-03951 JF<br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br>Honorable Jeremy Fogel<br>Date: March 21, 2008<br>Time: 9:00 a.m.<br>Courtroom: 3, 5th Floor |

## I    INTRODUCTION

Defendant Chase Bank USA, N.A. (Chase) in its Memorandum of Points and Authorities in Support of Motion to Dismiss First Amended Complaint is arguing that Plaintiff's claim involving the reporting of allegedly inaccurate credit information is preempted by the Fair Credit Reporting Act (FCRA). Also that the FDCPA is barred by one year statute of limitation for FDCPA. Chase is also arguing that the alleged violation of the Bankruptcy code is just reporting truthful and accurate information of a formally discharged debt.

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COMPLAINT -**
1

## II  ARGUMENT

In its Order Granting Defendant Chase's motion to dismiss plaintiff complaint with leave to amend this Court found that *"Chase cites Davis v. Maryland Bank, No. 00–4191, 2002 WL 32713429 (N.D. Cal. June 19, 2002), which held that general preemption provision §1681t(b)(1)(F) preempts all state claims falling within the coverage of § 1681s-2, including those involving malicious and willful tortious conduct. The Court finds that reasoning of Gorman v. Wolpoff & Abramson, LLP, 370 F. Supp.2d 1005 (N.D. Cal. 1005), to be more persuasive. The Gorman Court explained: "The Court is not persuaded by the logic of Davis because it violates a canon of statutory construction by allowing a general statute to trump a specific statute." 370 F. Supp. 2d at 1010. This Court agrees that § 1681h(e) should govern preemption of common law defamation and negligence claims, and therefore rejects Chase's blanket preemption argument based on the Davis holding."* Plaintiff alleges in the FAC that Chase acted in malicious and willful tortious conduct for the following reasons:

a) Reporting of the 24 late payments after being discharged in Bankruptcy.

b) Charging of interest rate of 25.74% for the Auto loan.

c) The letter Chase sent to plaintiff in response to his request to correct the 24 inaccurate late payments information. In this letter Chase is stating that this account is sold to B-line LLC. Instead of just reporting this account as included in Bankruptcy.

d) Chase offering plaintiff's discharged account for purchase by a debt collection company on 12/12/2005, after more than one year of the discharge, which is clear evidence that was and is still trying to collect this discharged debt.

e) B-Line LLC has denied the purchase of plaintiff's account from Chase despite the "Sold to B-Line" letter from Chase.

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COMPLAINT** -

2

f) Chase reporting the same exact account under 2 different creditors' names (Chase Bank and Chemical Bank) and different account numbers in an attempt to even farther lower plaintiff's credit score by reporting several negative information about one and only account.

Regarding the second cause of action, In addition to the FDCPA, state laws regulating collection practices provide even greater protection for consumers than the federal law. The FDCPA provides that state laws and regulations that are more protective to the consumer are deemed not to be "inconsistent with," and therefore excluded from federal preemption by the Act. Therefore, state laws represent additional sources of liability.

For the most part, the Act applies to "debt collectors" as defined in the Act, and not to "creditors" (defined as persons who offer or extend credit, creating a debt or to whom a debt is owed). However, the definition of "debt collector" includes creditors attempting to collect their own debts under other names. Assignees of debts of another, which are in default solely for the purpose of collecting them, also are excluded from the FDCPA's definition of "creditor" and instead treated as debt collectors. Application of subsection (c) to hold a creditor liable under the Act is illustrated in Nielsen v. Dickerson, 307 F.3d 623 (7th Cir. 2002). In Nielxen, the Seventh Circuit affirmed summary judgment in a class action against a credit card account creditor and an attorney it hired to send out thousands of collection letters. In this instant case Chase Bank reported the same account under the name of Chemical Bank and offered the same account to a debt collection company (B-Line, LLC) after its discharge in Bankruptcy Action.

**Collection Practices Regulated by the FDCPA**

Substantively, the FDCPA regulates practices of debt collectors in the areas of:

- acquisition of location information from third persons;

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COMPLAINT -**
3

- communications with consumers in collecting debts;
- communications with third parties;
- conduct deemed to be harassing, abusive or unfair;
- communications that are false or misleading;
- furnishing deceptive forms;
- providing notice to the consumer and validation of debts.

Under 15 U.S.C. 1692a(4), "creditor" is defined as "any person who offers or extends credit creating a debt or to whom a debt is owed, but such term does not include any person to the extent that he receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another." The term "debt collector" is defined in the Act to include:

(a) any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts; or

(b) any person who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another;

(c) any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts; and

(d) any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests.

In Randolph v. IMBS Inc., 368 F.3d 726 (7th Cir. 2004), the court addressed whether a demand for payment while the debtor is in bankruptcy (or after the debt has been discharged) creates

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COMPLAINT** -
4

a claim under the Fair Debt Collection Practices Act (FDCPA) as a "false" demand that asserts that money is due, "although, because of the automatic stay or the discharge injunction, it is not." The FDCPA creates a strict liability rule, while the Bankruptcy Code makes liability depend on the actor's knowledge. The FDCPA does provide a defense "if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." The district courts had held that the remedies under the Bankruptcy Code were the only recourse against post-bankruptcy debt-collection efforts-essentially holding that the Bankruptcy Code "trumps" the FDCPA. Rejecting Walls v. Wells Fargo Bank N.A., 276 F.3d 502 (9th Cir. 2002), the court held that the Bankruptcy Code and the FDCPA are "simply different rules, with different requirements of proof and different remedies... To say that only the Code applies is to eliminate all control of negligent falsehoods. Permitting remedies for negligent falsehoods would not contradict any portion of the Bankruptcy Code, which therefore cannot be deemed to have repealed or curtailed [the FDCPA] by implication."

## III  CONCLUSION

As explained above, Plaintiff has stated claims and has a private right of action against the Defendants. Defendants are liable to the Plaintiff for intentional reporting and or publishing and distributing inaccurate and misleading credit information in the Plaintiff's credit information. Therefore, Defendants' motion to dismiss the complaint must be denied.

Dated: March 3, 2008

Respectfully submitted,

_____
MOHAMED HOSSNI ABOUELHASSAN

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COMPLAINT -

5

In PRO SE
Telephone (510) 501-1800
Fax: 408-615-1818
Email: egyptusa76@msn.com