1   GEORGE G. WEICKHARDT (SBN 58586)
    PAMELA J. ZANGER (SBN 168356)
2   **ROPERS, MAJESKI, KOHN & BENTLEY PC**
    201 Spear Street, Suite 1000
3   San Francisco, CA  94105
    Telephone:    (415) 543-4800
4   Facsimile:    (415) 972-6301
    Email:        gweickhardt@rmkb.com

5

6   Attorneys for Defendant CHASE BANK USA, N.A.,
    formerly known as CHASE MANHATTAN BANK USA,
7   N.A. and erroneously sued herein as CHASE BANK

8              UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10                  SAN JOSE DIVISION

11

12  MOHAMED ABOUELHASSAN,              CASE NO.  C 07-03951 JF

13          Plaintiff,
                                       **REPLY MEMORANDUM OF POINTS
14      v.                             AND AUTHORITIES IN SUPPORT OF
                                       MOTION TO DISMISS FIRST
15  CHASE BANK, EXPERIAN, EQUIFAX      AMENDED COMPLAINT
    CREDIT INFORMATION SERVICES,       [F.R.C.P. 12(b)(6)]**
16  INC., TRANSUNION, DOE 1, aka "B-Line,"
    inclusive,                         Date:       March 21, 2008
17                                     Time:       9:00 a.m.
            Defendants.                Courtroom:  3, 5th Floor
18                                                 Hon. Jeremy Fogel

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Francisco

RC1/5080506.1/RL3

## I.     **INTRODUCTION**

Plaintiff Mohamed Abouelhassan's opposition to Chase Bank USA, N.A.'s motion to dismiss his first amended complaint ("FAC") fails to support any of the three causes of action.

In the first cause of action for defamation there is plainly no allegation that Chase acted with "malice or willful intent to injure" as required in 15 U.S.C. § 1681h(e). Indeed, it is alleged at one point (¶ 12 of the FAC) that the publication was made negligently.

Plaintiff incorrectly argues, in a vain attempt to defend his second cause of action, that a creditor collecting in its own name and for its own account can be a "debt collector" under the federal Fair Debt Collection Practices Act. That argument is plainly incorrect under the language of the statute itself.

Finally, plaintiff does not really attempt to defend his third cause of action, which is premised on the notion that credit reporting of a discharged account can violate the discharge injunction under the Bankruptcy Act. Plaintiff cites no cases supporting that proposition and fails to rebut the numerous authorities cited in Chase's moving papers to the effect that there is no private right of action for such a claim.

## II.     **THE FIRST CAUSE OF ACTION FOR LIBEL/DEFAMATION FAILS TO ALLEGE MALICE OR WILLFUL INTENT**

Plaintiff correctly points out that the Court has already ruled that no cause of action for common law defamation lies in the absence of an allegation of malice and willful intent to injure, as required in 15 U.S.C. § 1681h(e). Plaintiff's opposition argues that the first amended complaint alleges six acts, including reporting payments as late, charging a high rate of interest, informing plaintiff that his account was sold, offering an account discharged in bankruptcy for sale and reporting an account under two different creditors' names. Apparently plaintiff argues that the court should infer malice and willful intent to injure from this list of acts. Plainly no such inference may be made. Most of the acts alleged do not even involve defamation, and there is nothing in the complaint to exclude the possibility that they were performed negligently or recklessly. Indeed, Paragraph 12 of the FAC specifically alleges that the publication was made with "professional negligence," an allegation that is inconsistent with the requirements of §

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Francisco

1   1681h(e).

2       Nowhere is it specifically alleged that Chase acted with "malice or willful intent to injure"

3   Abouelhassan, as required in § 1681h(e).  Plaintiff failed to make this allegation although he was

4   specifically advised in the Court's ruling granting Chase's motion to dismiss the original

5   complaint that such an allegation was required to support a claim for defamation and to avoid

6   preemption.  The allegations in paragraph 10 that Chase acted "willfully and without justification

7   or privilege" or in paragraphs 19 and 20 that Chase acted "with bad faith and reckless disregard"

8   plainly do not rise to the level of "malice or willful intent to injure."  The malice or willful intent

9   to injure contemplated by § 1681h(e) is of a higher degree than that which supports a claim of

10  statutory or punitive damages for "willful non-compliance" under § 1681n.  *Reed v. Experian Info*

11  *Solutions, Inc.*, 321 F. Supp.2d 1109, 1117 (D. Minn. 2004).  Acting willfully does not equate to

12  acting with malice and willful intent to injure.

13      The claim for common law defamation alleged is also barred by the one year statute of

14  limitations in C.C.P. § 340(c).  The FAC specifically alleges in ¶¶ 10 & 16 that the publication

15  was in December, 2004.  That is the only publication alleged.  The present complaint was not

16  filed until June 27, 2007, some 1½ years after the statute had run.

17  **III.    THE FEDERAL FDCPA PLAINLY DOES NOT APPLY TO CREDITORS**
        **COLLECTING FOR THEIR OWN ACCOUNT**
18

19      Plaintiff is simply incorrect that a creditor attempting to collect for its own account can be

20  liable under the federal Fair Debt Collection Practices Act.  The federal FDCPA applies only to

21  "debt collectors."  The term is defined in 15 U.S.C. § 1692a(6) as one who is in the business of

22  collecting debts "owed or due another."  Plaintiff has cited no authority to the effect that creditors

23  who collect in their own name and for their own account and whose principal business is not debt

24  collection on behalf of others are "debt collectors" subject to the Act.  Plaintiff erroneously relies

25  upon *Nielsen v. Dickerson*, 307 F.3d 623 (7th Cir. 2002).  That case concerns a collection letter

26  written by an attorney attempting to collect a debt for an issuer of credit cards.  The case

27  specifically holds that the credit card issuer "had not undertaken to collect anyone's debts but its

28  own, and so would not normally constitute a debt collector under the statute," citing *Aubert v.*

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Francisco

1   *American Gen. Fin., Inc.*, 137 F.3d 976, 978 (7th Cir. 1998).  The credit card issuer was stated by

2   the court to be subject to the federal FDCPA only pursuant to the so-called "false name"

3   exception stated in § 1692a(6), whereby a creditor who uses someone else's name so as to suggest

4   to the debtor that a third party is involved can be treated as a debt collector.  There are no such

5   allegations in the first amended complaint.

6           Next, plaintiff cites *Randolph v. IMBS, Inc.*, 368 F.3d 726 (7th Cir. 2004).  This case deals

7   with the issue of whether a demand for payment while the debtor is in bankruptcy (or after the

8   debt has been discharged) creates a claim under the federal Fair Debt Collection Practices Act.

9   There was no issue or dispute in *Randolph* case <u>as to whether the person making the claim was a</u>

10  <u>debt collector</u>.  The consumer in that case owed the debt to a dentist who had died.  The dentist's

11  office then hired a collection agency to collect old accounts.  The Court of Appeal held that the

12  trial court had incorrectly ruled that the Bankruptcy Code "preempts" the FDCPA.  On this issue,

13  the Seventh Circuit stated that it disagreed with *Walls v. Wells Fargo Bank, N.A.*, 276 F.3d 502

14  (9th Cir. 2002), but the Ninth Circuit case must govern the outcome of the present motion.  *Walls*

15  specifically held that a remedy for collection of a debt in violation of a bankruptcy discharge

16  injunction does not lie under the FDCPA.  But even if the FDCPA did prohibit attempts to collect

17  discharged debts, *Randolph*, *supra*, deals with collection activities by someone <u>other than the</u>

18  <u>original creditor</u>, and is therefore completely inapposite.

19  **IV.    PLAINTIFF'S OPPOSITION DOES NOT ADDRESS THE THIRD CAUSE OF**
        **ACTION, WHICH IS ALSO BARRED BY APPLICABLE NINTH CIRCUIT**
20                                        **AUTHORITY**

21          The third cause of action alleges in paragraph 30 that Chase violated "Title 11" of the

22  Bankruptcy Code "by reporting the discharged credit card account to the credit agencies as 24 late

23  payments."  In other words, no attempt by Chase to collect the discharged debt is alleged other

24  than by way of its credit reporting of the account.  The sole issue is therefore whether credit

25  reporting of a discharged debt violates some part of Title 11 not specified in the FAC.

26          Plaintiff does not even attempt to explain what section of Title II is involved, and indeed,

27  does not attempt to defend the Third Cause of Action in his opposition.  The opposition cites no

28

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Francisco

1    authority that the credit reporting of an account violates either the automatic stay or the discharge

2    injunction.  Whatever rights and remedies plaintiff may have had in his own bankruptcy

3    proceeding,[1] it is absolutely clear that there is no private right of action under 11 U.S.C. § 524(a)

4    for violating the discharge injunction.  In *Walls*, *supra*, the Ninth Circuit specifically rejected

5    such a private right of action because it would put enforcement of the discharge injunction in the

6    hands of a court that did not issue it.

7        Other courts have held that credit reporting post-bankruptcy of a formerly delinquent debt

8    that has been discharged does not constitute an attempt to collect the discharged debt.

9    *Mahoney v. Washington Mut., Inc. (In re Mahoney)*, 368 B.R. 579, 581 (Bankr. D. Tex. 2007).

10   For these reasons, the third cause of action must be dismissed with prejudice.

11                        **V.    CONCLUSION**

12       For the reasons stated above, the Court should dismiss the first amended complaint

13   without leave to amend.

14

15   Dated: March 6, 2008                    ROPERS, MAJESKI, KOHN & BENTLEY

16

17                                 By:/s/ George G. Weickhardt
                                     _____
18                                    GEORGE G. WEICKHARDT
                                      PAMELA J. ZANGER
19                                    Attorneys for Defendant
                                      CHASE BANK USA, N.A

20

21

22

23

24

25   _____
     [1] Under 11 U.S.C. § 362(k), a debtor may recover damages for violation of the automatic stay, but
26   here, no such violation is alleged.  The alleged credit reporting occurred after the discharge,
     according to paragraphs 10 and 16 of the FAC.  Moreover, it has been specifically held that
27   nothing in § 362 prohibits creditors from making legitimate reports to credit agencies regarding
     the parties that have filed for bankruptcy. *Hickson v. Home Fed. of Atlanta*, 805 F. Supp. 1567,
28   1573 (N.D. Ga. 1992).

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Francisco

REPLY MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION TO DISMISS COMPLAINT;
CASE NO. C 07-03951 JF.

1  GEORGE G. WEICKHARDT (SBN 58586)
   PAMELA J. ZANGER (SBN 168356)
2  **ROPERS, MAJESKI, KOHN & BENTLEY PC**
   201 Spear Street, Suite 1000
3  San Francisco, CA  94105
   Telephone:    (415) 543-4800
4  Facsimile:    (415) 972-6301
   Email:        gweickhardt@ropers.com
5
   Attorneys for Defendant CHASE BANK USA, N.A.,
6  formerly known as CHASE MANHATTAN BANK USA,
   N.A. and erroneously sued herein as CHASE BANK
7
8
9                     UNITED STATES DISTRICT COURT

10                    NORTHERN DISTRICT OF CALIFORNIA

11                         SAN JOSE DIVISION

12  MOHAMED ABOUELHASSAN,              CASE NO. C 07 03951 PVT

13              Plaintiff,             **PROOF OF SERVICE**

14       v.

15  CHASE BANK, EXPERIAN, EQUIFAX
    CREDIT INFORMATION SERVICES, INC.,
16  TRANSUNION, DOE 1, aka "B-Line,"
    inclusive,
17
                Defendants.
18

19       I am a citizen of the United States.  My business address is 201 Spear Street, Suite 1000,

20  San Francisco, CA  94105.  I am employed in the County of San Francisco where this service

21  occurs.  I am over the age of 18 years, and not a party to the within cause.  I am readily familiar

22  with my employer's normal business practice for collection and processing of correspondence for

23  mailing with the U.S. Postal Service, and that practice is that correspondence is deposited with

24  the U.S. Postal Service the same day as the day of collection in the ordinary course of business.

25  On the date set forth below, following ordinary business practice, I served a true copy of the

26  foregoing document(s) described as:

27

28

RC1/5015607.1/WK1                        - 1 -

- **REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT [F.R.C.P. 12(b)(6)]**

☐    (BY FAX) by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below, or as stated on the attached service list, on this date before 5:00 p.m.

☒    (BY MAIL) I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States mail at San Francisco, California.

☐    (BY OVERNIGHT DELIVERY) I caused such envelope(s) to be delivered to an overnight delivery carrier with delivery fees provided for, addressed to the person(s) on whom it is to be served.

*Plaintiff In Pro Per*
Mohamed Abouelhassan
805 Borden Rae Ct.
San Jose, CA  95117
Tel:  (510) 501-1800
Fax:  (408) 615-1818
E-mail:  alslanguage@gmail.com

*Attorney for Defendant Experian*
David L. Wallach, Esq.
Jones Day
555 California St., 26th Floor
San Francisco, CA  94104-1500
Tel:  (415) 875-3939
Fax:  (415) 875-5700
E-mail:  dwallach@jonesday.com

*Attorney for TransUnion*
Donald E. Bradley, Esq.
Musick, Peeler, & Garrett LLP
650 Town Center Drive, Suite 1200
Costa Mesa, CA  92626
Tel:  (714) 668-2400; Fax:  (714) 668-2490
E-mail:  d.bradley@mpglaw.com

*Attorneys for Defendant Equifax Credit Information Services, Inc.*
Thomas P. Quinn, Esq.
Nokes & Quinn
450 Ocean Avenue
Laguna Beach, CA  92651
Tel:  (949) 376-3055
Fax:  (949) 376-3070
E-mail:  tquinn@nokesquinn.com

*And*
Stephanie Cope, Esq.
King & Spalding LLP
1180 Peachtree Street, N.E.
Atlanta, GA  30309-3521
Tel:  (404) 215-5908
Fax:  (404) 572-5100
Email:  SCope@KSLAW.com

☒    *(Federal)* I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Francisco

RC1/5015607.1/WK1

- 2 -

1

Executed on March 6, 2008, at San Francisco, California.

2

3    /s/ Wendy Krog
     Wendy Krog

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Francisco

RC1/5015607.1/WK1

- 3 -